

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

```
Case # : 07-03740-JMWDBK
Debtor.: ANIBAL MESALA SILVA
Judge..: JAMES MEYERS
Trustee: JAMES KENNEDY
Chapter: WDBK
----------------------------------
Filed  : May 27, 2008  15:49:01
Deputy : ACROSBY
Receipt: 198465
Amount : $0.00
----------------------------------
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No: 07-03740-JM7 |
| Anibal Mesala Silva | ) |
| Debtor | ) Adversary No: |
| | ) CHAPTER 7 |
| ANIBAL MESALA SILVA, | ) |
| Movant | ) Federal District Court |
| v. | ) CASE No: '08 CV 1 0 48 JLS LSP |
| Steven J. Katzman, U.S. Trustee, and James Kennedy, Chapter 7 Trustee, Respondents | ) |

**FILED**

JUN 1 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

## MOTION TO WITHDRAW REFERENCE

COMES NOW, Anibal Mesala Silva, and files this Motion to Withdraw the Automatic Reference of the above-described Bankruptcy Case as concerns to the entire bankruptcy case along with the adversary proceeding 07-90588, and the adversary proceeding 08-90045. This Motion is brought pursuant to 28 U.S.C. Section 157(d), FRBP Rule 5011, and Local Rules 5011-1 and seeks both permissive and/or mandatory withdrawal of the reference of such case and adversary proceedings. In support of this Motion, Movant set forth as follows:

1.      Debtor is an individual who filed for his petition pursuant to Title 11, Chapter 13, of the United States code on July 16, 2007, and later converted to Chapter 7 on November 6,



2007. Pursuant to 28 U.S.C. Section 157(a) and the Order of Automatic Reference entered by this District Court, the Case was referred to the United States Bankruptcy Court.

2.    On January 24, 2008, Debtor filed his second amended adversary complaint against defendants judge Louise Adler, judge Leif M. Clark, Gerald Davis, Haeji Hong, judge Lee Yeakel, the U.S. Department of Justice, and the U.S. Department of Housing and Urban Development, among others, for civil rights violation and damages; for libel, slander, and negligence damages; conspiracy to interfere with civil rights, neglect and fraud; for declaratory and further relief, and for injunctive and equitable relief.

3.    On April 15, 2008, judge James Meyers issued an order to show cause why the Debtor's case should not be dismissed.

4.    The order to show cause was meritless and without any foundation, and was issued by judge Meyers with the intention of dismissing the Debtor's chapter 7 case to favor the defendants in adversary proceeding 07-90588, judge Louise Adler, U.S. Trustee's attorney, Haeji Hong, and chapter 7 Trustee, Gerald Davis, and with the intention of harming Debtor as well.

5.    On April 25, 2008 Debtor filed a response to the order to show cause, a motion to set aside the same order (to show cause) and a motion to disqualify judge Meyers, and a hearing was set for May 19, 2008.

6.    On May 19, 2008, judge Meyers issued a memorandum decision denying Debtor's motions to disqualify judge James Meyers and to reconsider order to show cause; and an order denying motion to disqualify judge James Meyers, denying motion to set aside order to show cause, and taking off the calendar the hearing on the motions without giving Debtor an opportunity to be heard and present evidence.

7.    On May 27, 2008 Debtor filed an objection to judge Meyers' memorandum

decision denying Debtor's motion to disqualify judge Meyers and to reconsider order to show cause.

8.     The ex parte contacts and close personal and professional relationship of judge Meyers with the defendants in adversary case 07-90588, judge Louise Adler, Haeji Hong, and Gerald Davis, have influenced judge Meyers' ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no possible way an outside observer can know how much information or contact or for how long judge Meyers has had with those defendants.

9.     The actions of judge Meyers create an appearance of partiality and bias and constitute basis for withdrawing the automatic reference.

10.     On May 27, 2008, Debtor filed in Federal District court a petition for a writ of mandamus to compel the recusal of the honorable James Meyers.  See attached Exhibit PTC-1.

11.     Debtor seeks to withdraw the automatic reference with respect to the entire Chapter 7 case along with the pending motions, the adversary cases 07-90588 and 08-90045 along with the pending motions.

12.     Precedent exists to withdraw the automatic reference from the following cases: *Robert J. Malone v. Norwest Financial California, Inc.; 245 B.R. 389; 2000 U.S. Dist.; In re Rimsat, Ltd; 196 B.R. 791; 1995 Bankr.; In re William Y Joyce Walton; 158 B.R. 939; 1993 Bankr.; In re Franklin Savings Corporation; 1994 Bankr. Lexis 46; 25 Bankr. Ct. Dec. 246; In re Eagle Enterprises, Inc.; 259 B.R. 83; 2001 Bankr.;* and *In re Chemetco, Inc.; 308 B.R. 339; 2004 Bankr.*

13.     Movant avers that cause exists under 28 U.S.C. Section 157(d) for the withdrawal of the entire chapter 7 case and the adversary cases.  In so doing, Movant asks the District Court

to exercise its discretion to withdraw the reference for the Chapter 7 case and adversary cases, in that such withdrawal would be for the convenience of all parties, would effect judicial economy, would promote both uniformity and efficiency of the administration of the bankruptcy proceeding, would reduce forum shopping and confusion, would conserve assets of both the Debtor as well as the creditors and defendants, and would bring before this Court issues more familiar to Article III Courts.

14.   Movant further averts, pursuant to 28 U.S.C. Section 157(d), that withdrawal is mandatory in that resolution of issues involving the Chapter 7 case and the adversary cases require consideration of not only Title 11 matters, but other laws of the United States regulating organizations or activities affecting interstate commerce.  Specifically, the issues involved deal with issues requiring a good interpretation of the due process clause of the 5th Amendment to the United States Constitution as to the actions of the bankruptcy procedures, the use of the office of the U.S. and Trustees to obtain information and documents from Movant with the intention of using that information and documents in a separate and pending civil action against Movant and the guarantee to an impartial trial or proceeding, Rule 26(c) of the Federal Rules of Civil Procedure, the provisions of Article I, Section 10 of the U.S. Constitution and Sections 1981, 1982, 1983, 1985, and 1986 of Title 42 as they relate to the contractual obligations of contracts between Movant and private individuals and the assertions of the U.S. Department of Justice that those activities constitute discrimination in the basis of national origin, and the determination of whether the actions of respondents that let to the motion for sanctions for violation of the automatic stay should be sanctioned under 11 U.S.C. 362(a).

WHEREFORE, PREMISES CONSIDERED, Movant moves unto this Court for entry of an Order which withdraws the automatic reference to the Bankruptcy Court so that this Court

may consider all matters and issues relating to the chapter 7 case, adversary cases and related matters. Movant seeks such other, different and further relief as to which he may be entitled.

Respectfully Submitted,

_____

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

# EXHIBIT PTC-1

JS 44 (Rev. 12-07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Anibal Mesala Silva

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anibal Silva, Petitioner pro se
P.O. Box 20132, El Cajon, CA 92021

## DEFENDANTS    08 MAY 27 PM 2:14

James Meyers

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.    08 CV 0932 H JMA

Attorneys (If Known)
United States Attorney
880 Front Street, Room 6293, San Diego, CA 921

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☑ 3  Federal Question (U.S. Government Not a Party)
- ❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** ❏ 310 Airplane | **PERSONAL INJURY** ❏ 362 Personal Injury - Med. Malpractice | ❏ 610 Agriculture ❏ 620 Other Food & Drug | ❏ 422 Appeal 28 USC 158 ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment ❏ 410 Antitrust |
| ❏ 120 Marine | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking ❏ 450 Commerce |
| ❏ 130 Miller Act | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws ❏ 640 R.R. & Truck | **PROPERTY RIGHTS** ❏ 820 Copyrights | ❏ 460 Deportation ❏ 470 Racketeer Influenced and |
| ❏ 140 Negotiable Instrument | ❏ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 340 Marine | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit ❏ 490 Cable/Sat TV |
| ❏ 151 Medicare Act | ❏ 345 Marine Product Liability | ❏ 371 Truth in Lending | ❏ 690 Other | **SOCIAL SECURITY** | ❏ 810 Selective Service ❏ 850 Securities/Commodities/ |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 350 Motor Vehicle | ❏ 380 Other Personal Property Damage | **LABOR** ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) ❏ 862 Black Lung (923) | Exchange ❏ 875 Customer Challenge |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 385 Property Damage Product Liability | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) ❏ 864 SSID Title XVI | 12 USC 3410 ❏ 890 Other Statutory Actions |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | | ❏ 730 Labor/Mgmt. Reporting & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts ❏ 892 Economic Stabilization Act |
| ❏ 190 Other Contract | | | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 196 Franchise | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | ❏ 442 Employment | **Habeas Corpus:** | | | ❏ 900 Appeal of Fee Determination |
| ❏ 210 Land Condemnation | ❏ 443 Housing/ Accommodations | ❏ 530 General | **IMMIGRATION** | | Under Equal Access to Justice |
| ❏ 220 Foreclosure | ❏ 444 Welfare | ❏ 535 Death Penalty | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| ❏ 230 Rent Lease & Ejectment | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 463 Habeas Corpus - Alien Detainee | | State Statutes |
| ❏ 240 Torts to Land | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| ❏ 245 Tort Product Liability | ☑ 440 Other Civil Rights | ❏ 555 Prison Condition | | | |
| ❏ 290 All Other Real Property | | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district (specify)
- ❏ 6  Multidistrict Litigation
- ❏ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2201 and 28 U.S.C. 455
Brief description of cause:
Declaratory Relief and Petition for Writ of Mandamus

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 0

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes  ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE  5/27/08     SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

08 MAY 27 PH 2: 14

CLERK U.S. DIST
SOUTHERN DISTRICT

# UNITED STATES DISTRICT COURT

DEPUTY

## SOUTHERN DISTRICT OF CALIFORNIA

08  CV 0952  H  JMA

|  |  |
|---|---|
| ) | Case No._____ |
| ) |  |
| ANIBAL MESALA SILVA, ) |  |
|        Petitioner ) | PETITION FOR WRIT OF MANDAMUS |
| ) | TO COMPEL RECUSAL OF |
|     v. ) | BANKRUPTCY JUDGE JAMES MEYERS |
| ) | PURSUANT TO 28 U.S.C. 455; AND FOR |
| JUDGE JAMES MEYERS ) | DECLARATORY RELIEF PURSUANT |
|        Respondent. ) | TO 28 U.S.C. 2201 |
| _____) |  |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGES:

COMES NOW, Anibal Mesala Silva, the Petitioner in this case and the Debtor in the

Bankruptcy court number, 07-03740, and files this petition for a writ of mandamus to compel the

recusal of the Bankruptcy Judge Honorable James Meyers pursuant to 28 U.S.C. 455 for the

appearance of partiality in violation of public confidence and bias against Debtor in violation of

Debtor's Constitutional rights to a fair, impartial, and unbiased trial; and for declaratory relief

pursuant to 28 U.S.C. 2201 declaring that Judge Meyers' actions raised to the level of

appearance of partiality and therefore is disqualified from presiding over Debtor's case; and in

support, Petitioner shows the following:

### JURISDICTION

1.     This court has jurisdiction over this matter under 28 U.S.C. Section 1331, 28

U.S.C. Section 1361, 28 U.S.C. Section 2201, and 28 U.S.C. Section 158.

2.     Venue is proper in this district pursuant to 28 U.S.C. Section 1409 because the

underlying bankruptcy case is being administered in this district.

## INTRODUCTION

3.       This is a petition for declaratory relief for determining that the actions of Judge James Meyers in the Petitioner's bankruptcy case violate the public confidence in the integrity of the judicial process, thus disqualifying him from presiding over the Debtor's case; and for a writ of mandamus directing Judge Meyers to recuse himself from presiding over the Petitioner's Bankruptcy case.

## PARTIES

4.       Petitioner is a citizen who filed for chapter 13 Bankruptcy protection on July 16, 2007, in the San Diego Bankruptcy court, and later converted the case to chapter 7 on November 6, 2007.

5.       Judge James Meyers is the presiding judge of the Petitioner's bankruptcy case after it was converted to chapter 7 on November 6, 2007.

## STATEMENT OF FACTS

6.       On July 16, 2007, Debtor filed his chapter 13 Bankruptcy petition with the San Diego Bankruptcy court.

7.       On July 19, 2007, just three days after Debtor filing his Bankruptcy petition, the chapter 13 Trustee, David Skelton, filed a motion to dismiss Petitioner's case with 180 day bar to refiling.

8.       On August 20, 2007, Petitioner filed a response opposing the motion of the chapter 13 Trustee to dismiss the Petitioner's bankruptcy case and a hearing was set for September 25, 2007.

9.       On September 25, 2007, the bankruptcy court heard the motion of the chapter 13

Trustee to dismiss the Debtor's case and the opposition of Debtor and the court granted the motion of the chapter 13 Trustee in the grounds that Debtor had not provided to the chapter 13 Trustee copies of his 2004, 2005, and 2006 income tax returns.

10.    On October 2, 2007, after doing a legal research, Petitioner discovered that the bankruptcy court had erred in granting the chapter 13 Trustee's motion to dismiss the Petitioner's bankruptcy case in the grounds that he had not provided copies of the income tax returns that had not been filed yet, and filed a motion for reconsideration of the dismissal of the Petitioner's bankruptcy case without prejudice and a hearing was set for October 30, 2007.

11.    On October 30, 2007, the bankruptcy court heard and granted the motion for reconsideration of the dismissal of Petitioner's bankruptcy case as long as the following conditions were met:  (a) to file a withdrawal of motions to withdraw reference in both Chapter 7 and chapter 13 cases by 10/31/07; (b) to make a current payment of the case by 10/31/07 via overnight mail; c) provide proof of payment to the chapter 13 Trustee by 10/31/07 at 3:00 pm; (c) to provide copies of paystubs to chapter 13 Trustee by 10/31/07 by 3:00 pm; (d) to prepare and file tax returns and provide a copy to the chapter 13 Trustee by 11/6/07; and (e) to withdraw the motion to reconsider the dismissal of Petitioner's previous chapter 7 case by 10/31/07.

12.    On November 6, 2007, Petitioner filed with the bankruptcy court the notice of compliance with the conditions set up in the minute and amended minute orders for setting aside the order dismissing the Petitioner's chapter 13 case.

13.    On the same day, November 6, 2007, Petitioner filed with the bankruptcy court a notice of conversion of his chapter 13 case to chapter 7.

14.    On November 7, 2007 the bankruptcy court setup the Section 341 meeting of creditors for December 10, 2007, and appointed Gregory A. Akers as the chapter 7 Trustee.

15.    On December 7, 2007, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, terminated the services of Mr. Akers as Trustee, cancelled the 341 meeting of creditors set for 12/10/07, appointed Gerald Davis as the successor Trustee to Mr. Akers, and set up a new 341 meeting of creditors for 2/8/2008.

16.    On December 10, 2007, Petitioner, unaware of the U.S. Trustee's attorney's actions, appeared at the scheduled 341 meeting of creditors and found out from the chapter 7 Trustee, Gregory Akers, that the U.S. Trustee's attorney had terminated his services, had cancelled the 341 meeting of creditors, and informed Petitioner that he would be receiving a new notice.

17.    On January 9, 2008, without Petitioner's knowledge, Gerald Davis rejected the appointment as chapter 7 Trustee for conflict of interest.

18.    On January 10, 2008, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, appointed James Kennedy as successor chapter 7 Trustee and set up a new 341 meeting of creditors for 2/11/2008.

19.    On January 15, 2008, the U.S. Trustee filed a motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 and a hearing was set for 2/22/2008.

20.    On January 16, 2008, the U.S. Trustee filed an amended notice of the hearing on motion to extend time.

21.    On January 16, 2008, after learning that Gerald Davis had been appointed as chapter 7 Trustee, Petitioner filed a motion for an order to disqualify the chapter 7 Trustee, the U.S. Trustee, and to void the reset 341 meeting of creditors set 1/16/08, and a hearing was set for 2/28/08.

22.    On January 23, 2008, Petitioner filed a motion to void the 341 meeting of creditors and any other subsequent 341 meeting of creditors and a hearing was set for 2/28/08.

23.    On January 24, Petitioner filed in the bankruptcy court his second amended complaint against defendants judge Louise Adler, judge Leif M. Clark, Gerald Davis, Haeji Hong, judge Lee Yeakel, the U.S. Department of Justice, and the U.S. Department of Housing and Urban Development, among others.

24.    On January 29, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to disqualify the chapter 7 Trustee and U.S. Trustee; and for an order to void the 341 meeting of creditors set for 1/16/08 and any other subsequent 341 meeting of creditors.

25.    On February 4, 2008, Petitioner filed an opposition to the U.S. Trustee's motion for extension of time to file a motion and object to discharge and request for judicial notice.

26.    On February 11, 2008, Petitioner filed with the bankruptcy court a notice of appearance to the invalid Section 341 meeting of creditors pending Debtor's motion to void 341 meeting of creditors.

27.    On February 12, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 3/10/08.

28.    On February 19, 2008, the bankruptcy court issued a notice to parties of taking off matter off calendar, (motion to void the Section 341 meeting of creditors).

29.    On February 19, 2008, the U.S. Trustee filed a reply to Debtor's combined opposition to U.S. Trustee's motion to extend time to object to Debtor's discharge.

30.    On February 22, 2008, the bankruptcy court heard the U.S. Trustee's motion to extend time and issued a Minute Order extending the time to object to Petitioner's discharge to May 9, 2008.

31.     On February 27, 2008, Petitioner filed an amended motion to void the 341 meeting of creditors and to stay 341 meeting of creditors proceedings and a hearing was set for 3/27/08.

32.     On February 28, 2008, Petitioner filed a motion for reconsideration of the interlocutory and minute orders granting the U.S. Trustee's motion to extend time to object to discharge and a hearing was set for 3/27/08.

33.     On March 5, 2008, the bankruptcy court approved and signed the Order granting the U.S. Trustee's motion extending time to object to discharge to May 9, 2008.

34.     On March 10, 2008, Petitioner filed a notice of appearance to the invalid Section 341 meeting of creditors pending the motion to void 341 meeting of creditors.

35.     On March 11, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 4/7/08.

36.     On March 17, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to void the 341 meeting of creditors; and motion to stay meeting of creditors proceedings.

37.     On March 27, 2008, the bankruptcy court heard and denied the Petitioner's motions to set aside the October 30, 2007 Amended minute order denying the Petitioner's motions for sanctions against Joseph Gaeta for violation of the automatic stay and denying the motion for protective order; the motion for reconsideration of the minute order granting the U.S. Trustee's motion for an extension of time to object to Petitioner's discharge; and the motion to void the Section 341 meeting of creditors and to stay the Section 341 meeting of creditors proceedings; and the court stated that it would be issuing a written order regarding the matter heard on that day.

38.    On April 7, 2008, ten days after the bankruptcy court ruled that the Section 341 meeting of creditors was not void, Petitioner appeared at the Section 341 meeting of creditors and submitted for examination.

39.    On the same day, April 7, 2008, the chapter 7 Trustee filed with the court his initial report and notice of the First Meeting of Creditors held and that the meeting of creditors had been concluded.

40.    On April 15, 2008, Judge Meyers issued an order denying Petitioner's motions docketed as numbers 164, 165, 171, and 172, and requiring Petitioner to show cause by April 25, 2008, why his chapter 7 case should not be dismissed.

41.    On April 25, 2008, Petitioner filed with the bankruptcy court his combined response to show cause why his chapter 7 case should not be dismissed; and a motion to set aside that same order (order to show cause) and a hearing was set for May 29, 2008.

42.    On the same day, April 25, 2008, Petitioner filed also a motion to disqualify Judge Meyers for the appearance of partiality pursuant to 28 U.S.C. 455.

43.    On May 19, 2008, Judge Meyers issued a memorandum decision denying Petitioner's motions to disqualify judge James Meyers and to reconsider the order to show cause; and an order (1) denying motion to disqualify Judge James Meyers (2) denying motion to set aside order to show cause, as well.

44.    On May 27, 2008, Petitioner filed with the bankruptcy court his objection to judge Meyers' memorandum decision denying Debtor's motion to disqualify judge Meyers and to reconsider order to show cause.

## GENERAL ALLEGATIONS

45.    When the U.S. Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. The statute requires recusal in any case "in which the judge's impartiality might reasonable be questioned."

46.    A hypothetical reasonable observer is not a judge, because judges, keenly aware of the obligation to decide matters impartially, "may regard asserted conflicts to be more innocuous than an outsider would.

47.    The Supreme Court has held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. See *In Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)*, noting that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process and such confidence " does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonable believe that he or she knew.

48.    An Eighth Circuit case, *United States v. Tucker, 78 F.3d 1313, 1324-25 (8th cir. 1996)* is noteworthy for the court's ruling on the standard for recusal. The office of independent counsel sought recusal of the district judge because of reported connections among judge Woods, the Clintons, and defendant Tucker, connections it chronicled with various newspaper articles. Although none of the articles directly connected the judge to the defendant, the Eighth Circuit ordered remand of the case to a different judge, noting the judge's connection to President and Mrs. Clinton. In the court's view, reassignment was necessary because of the risk of a perception of judicial bias or partiality.

49.    Petitioner asserts that judge Meyers should be disqualified from presiding over Petitioner's case for the appearance of partiality and bias in that he has a close personal and/or professional relationship to judge Louise Adler, who is a judge in the same bankruptcy court where judge Meyers works, U.S. Trustee's attorney, Haeji Hong, who practices law on behalf of the U.S. Trustee in judge Meyers' courtroom, and chapter 7 Trustee Gerald Davis, who also practices law in judge Meyer's courtroom, all of whom are defendants in the adversary proceeding 07-90588, where Petitioner is the Plaintiff, for appearance of partiality and bias in that he has had ex parte contacts with judge Louise Adler, Haeji Hong, and Gerald Davis; and for appearance of partiality and bias in that he has taken personal offense to the Petitioner filing the motion to disqualify him by proceeding to take off the calendar the hearing on the motions to set aside the order to show cause why the Petitioner's case should not be dismissed and the motion to disqualify Judge Meyers without even giving Petitioner an opportunity to be heard and present evidence.

50.    The actions of defendants judge Louise Adler, U.S. Trustee's attorney, Haeji Hong, and chapter 7 Trustee Gerald Davis, among others, that led to the Petitioner's filing of the adversary proceeding 07-90588 for civil rights violation and damages; for libel, slander and negligence damages; conspiracy to interfere with civil rights, neglect and fraud; for declaratory and further relief; and for injunctive and equitable relief, arose in the Petitioner's previous Chapter 7 case (07-00324).

51.    In the order to show cause why the Debtor's case should not be dismissed that judge Meyers issued on April 15, 2008, which gave Petitioner less than ten (10) days notice to respond or have his case dismissed without a hearing, judge Meyers admits that he issued the order after reviewing the Petitioner's prior chapter 7 case, and falsely accused Petitioner that he

had not complied with Section 521 and Fed. R. Bankr. P. 4002 to fulfill his duties as a Debtor.

52.    In the same order to show cause, judge Meyers stated that he had issued the order

for the failure of Petitioner to comply with the Court's Amended Minute Order Dated October

30, 2007 requiring the Debtor to prepare and file tax returns by November 6, 2007, and for

failure to cooperate with the Trustee as required by Section 521, notwithstanding the fact that

those issues had already been decided by the court, that nobody had objected to the order, that

the conditions set by Court's Amended Minute Order Date October 30, 2007 had already been

satisfied by the Petitioner, that Petitioner had notified the Court of his compliance with the

conditions, that no party in interest had objected to the Petitioner's compliance with the Order,

and notwithstanding the fact that the Court could not revisit those issues already decided without

having a dispute or controversy in front of the court, and notwithstanding the fact that the issuing

of the order to show cause without any legal basis would have violated the Petitioner's due

process rights and Rule 2002 of FRBP and 11 U.S.C. 707.

53.    In his motion to disqualify Judge Meyers filed by Petitioner on April 25, 2008,

Petitioner had asserted that based on judge Meyers' own statements, he was disqualified for

presiding over Debtor's case for the appearance of partiality and bias for the simple fact that he

had issued the meritless order to show cause why Debtor's case should not be dismissed right

after reviewing the Debtor's prior chapter 7 case (07-00324), where the acts of defendants

Louise Adler, Haeji Hong, Gerald Davis, and Patrick Hargadon, among others, had led to the

Debtor filing the adversary proceeding 07-90588 against them for violation of Debtor's civil

rights, and to the motion for sanctions against the U.S. Department of Justice's attorney, Joseph

Gaeta, and the Federal District judge, Lee Yeakel, for violation of the automatic stay of 11

U.S.C. 362(a).

54.    Instead of giving Petitioner the opportunity to be heard and present evidence in
the hearing of May 29, 2008, for the motions to set aside the order to show cause why the
Petitioner's case should not be dismissed and to disqualify judge Meyers, Judge Meyers, on May
19, 2008, issued a memorandum decision denying Debtor's motions to disqualify judge Meyers
and to reconsider order to show cause; and issued an order denying the motion to disqualify
judge James Meyers and denying the motion to set aside order to show cause, and took the
hearing on the motions off the calendar.

55.    In his memorandum decision, judge Meyers falsely and incorrectly stated as
follows: "... Rather than fulfill his responsibilities as set forth in Section 521 and Fed. R. Bankr.
P. 4002, the Debtor filed a series of Notices of appearance to invalid Section 341 Meeting of
Creditors, which stated he would appear, but not submit to examination. By refusing to submit
to examination, the Debtor was preventing the entry of the discharge he requested, and creating
the basis to extend the time for interested parties to file objections to discharge. In reviewing the
Debtor's request to reconsider judge Hargrove's ruling as reflected in the Amended Minute
Order, the court became aware of the precondition for not dismissing this case. The condition
imposed by Judge Hargove was a requirement that the Debtor file his tax returns by November 6,
2007."

56.    He went on to state: "The court issued an order after the March 27, 2008 hearing,
which included a requirement that the Debtor file a written explanation concerning the status of
his tax returns. In addition, the order indicated the case could be dismissed for failure to
cooperate with the Trustee as required under Section 521, which includes the duty to surrender
books and records and provide copies of tax returns."

57.    And he continued: "... Given the conditions imposed in judge Hargrove's

Amended Minute Order, and the Debtor's written statement of his intent to refuse to be

examined by the Trustee until his claims in Adversary No. 07-90588 were decided, it was both

necessary and appropriate to enter the Order to Show Cause. Furthermore, the Debtor

misconstrues the Order to Show Cause. It does not indicate this case will be automatically

dismissed without further hearing. The Order to Show Cause is merely the first step this Court

takes in considering whether it would be appropriate to issue a notice of intent to dismiss the

case."

58.    And he finished by stating: "The only basis for disqualification provided by the

Debtor is the issuance of the Order to Show Cause and the Debtor's musings about the possible

reasons this Court would issue such an order. The Debtor has not asserted any facts to support

his allegations of bias or prejudice. As discussed above, this Court issued the Order to Show

Cause to determine whether the Debtor has complied with the October 30, Amended Minute

Order issued by judge Hargrove before his retirement, and to ensure that the Debtor understood

he must fulfill the statutory duties of a debtor or face the possibility that this case could be

dismissed."

59.    Judge Meyers' finding of facts was false and incorrect.

60.    Judge Meyers' memorandum of decision presented different facts from the order

to show cause. In the memorandum of decision judge Meyers talked about for the first time

about the issue of the Section 341 meeting of creditors as the reason for issuing the order to show

cause and negated the fact that in the order to show cause, he had admitted that after reviewing

the Debtor's prior chapter 7 case, he had concluded that Debtor had not complied with the order

of October 30, 2007, and he negated the fact that there had not been any dispute or controversy

in front of him in the hearing of March 27, 2008 that related to the issues contained in the order

to show cause or with the compliance with the amended order of October 30, 2007.

61.    The issue of the conditions and requirements of judge Hargrove's October 30, 2007 amended minute order was completely separate and one hundred percent (100%) different from the issue and dispute involving the Section 341 meeting of creditors that judge Meyers had stated in the memorandum decision as the reason for issuing the order to show cause, and he issued the order to show cause notwithstanding the fact that those two issues had already been presented to him for adjudication, that he had made rulings on both issues already, and that no a single person in interest had objected to the those rulings.

62.    The issue of the Section 341 meeting of creditors and its accompanying examination had arisen from the MISCONDUCT of the U.S. Trustee's attorney, Haeji Hong, whose misconduct is described as follows: 1) Terminating the services of the original appointed chapter 7 Trustee, Gregory A. Akers, and cancelling the first original 341 meeting of creditors that had been set for December 10, 2007, which Petitioner attended for examination; 2) The appointment of the disqualified and biased Trustee, Gerald Davis, (another defendant in case 07-90588) as successor chapter 7 Trustee for Mr. Akers, and setting a new 341 meeting of creditors for February 8, 2008; 3) The rejection of Gerald Davis appointment as chapter 7 Trustee for conflict of interest and cancellation of the Section 341 meeting of creditors; 4) The appointment of James Kennedy as successor Trustee and setting a new Section 341 meeting of creditors for February 11, 2008.

63.    Had not been for the misconduct of Haeji Hong in trying to manipulate the appointment of the chapter 7 Trustee and the Section 341 meeting of creditors, Petitioner would have been examined by the original chapter 7 Trustee, Gregory Akers; the issue of the examination of Petitioner would never have arisen; and the meeting of creditors would have been

concluded a lot sooner, instead of April 7, 2008.

64.    Petitioner's argument in his two notices of appearance to the Section 341 meeting
of creditor related to the fact that there was an outstanding motion to void the 341 meeting of
creditors in the grounds that they had been set outside the provisions of FRBP 2003, which states
that the meeting of creditors shall not to be set more than 40 days after the order for relief, and
related to the fact that there was an ongoing litigation, (adversary 07-90588) where one of claims
for relief sought included the declaration that the U.S. Trustee's attorney, Haeji Hong, and
Trustee Gerald Davis had utilized the 341 meeting of creditors for improper reasons including
obtaining information from Debtor for use in a frivolous civil action with the intention of
obtaining a profit from Debtor by fraudulent means.

65.    On February 22, 2008, judge Meyers heard and ruled on the U.S. Trustee's
motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to
discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727. Judge Meyers set a
deadline of May 9, 2008 for any interested party to file an objection to Debtor's discharge and to
file a motion to determine the dischargeability of a debt.

66.    In that hearing (February 22, 2008), the U.S. Trustee's attorney, David Ortiz,
raised the issue of the February 11, 2008 Petitioner's notice of appearance to invalid section 341
meeting of creditors and the examination of Petitioner. The court replied that Mr. Ortiz would
have to submit a request to the court to get another extension in the event Petitioner filed another
notice for the hearing of March 10, 2008. Mr. Ortiz failed to file any other motion, objection or
request to the court regarding the notices of Petitioner prior to the conclusion of the 341 meeting
of creditors on April 7, 2008, thus terminating the dispute or controversy regarding the Section
341 meeting of creditors and waiving any right to oppose the discharge of Debtor, therefore,

14

judge Meyers did not have any dispute or controversy in front of him to revisit that issue again and the issues raised in the order to show cause had been rendered moot.

67.    On March 27, 2008, judge Meyers heard the Petitioner's motion for reconsideration of the minute order granting the U.S. Trustee's motion to extend time to file a motion to object to discharge; the motion to void the 341 meeting of creditors and stay meeting of creditors proceedings; and the motion to set aside the October 30, 2007 amended minute order that denied the Debtor's motion for sanctions against Joseph Gaeta and denied the Debtor's motion for protective order.

68.    In that hearing (March 27, 2008) the court denied all of Petitioner's motions including the motion to void the Section 341 meeting of creditors and stay the meeting of creditors proceedings, which had been Petitioner's reason for filing the notices of appearance to invalid 341 meeting of creditors and for not submitting to examination.

69.    On April 7, 2008, eleven days after the ruling of the court on the motion to void the 341 meeting of creditors, Petitioner appeared at the 341 meeting of creditors and submitted to examination. The Chapter 7 Trustee, James Kennedy, concluded the meeting and filed his initial report with the court stating that the meeting of creditors had been held and that it had been concluded.

70.    As the Petitioner's evidence and argument above shows, the first reason given by judge Meyers for issuing the order to show cause why the Petitioner's chapter 7 case should not be dismissed was false and incorrect.

71.    And as the Petitioner's evidence and argument above also shows, the second reason given by judge Meyers in his memorandum decision for issuing the order to show cause whey the Petitioner's chapter 7 case should not be dismissed was false and incorrect, and had

nothing to do whatsoever with the conditions and requirement of judge Hargrove's order of October 30, 2007, since the dispute over the 341 meeting of creditors and examination of Petitioner had arisen from the misconduct of the U.S. Trustee's attorney, Haeji Hong.

72.    It is an undisputed fact that Judge Meyers' ex parte contacts and close personal and/or professional relationship with defendants Louise Adler, Haeji Hong, and Gerald Davis has influenced his ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no way possible an outside observer can know how much information or contact or for how long judge Meyers has had with those defendants.

73.    Judge Meyers' impartiality has been put into question by the fact that he issued a meritless and groundless order to show cause why the Petitioner's chapter 7 case should not be dismissed, and the only likely result for issuing that meritless order was to have the Petitioner's chapter 7 case dismissed to favor defendants Louise Adler, Haeji Hong, and Gerald Davis, among others.

74.    And Judge Meyers' defense of his meritless order to show cause with different facts in both the order to show cause and in the memorandum decision and with the taking off the calendar the hearing on the motion to disqualify and to set aside the order to show cause without giving Petitioner the opportunity to be heard and present evidence, is an indication that he took offense with the filing of the motion to disqualify, which created the appearance of partiality and bias, and disqualifies him from presiding over Petitioner's chapter 7 case.

75.    As the evidence and argument of Petitioner above shows, Judge Meyers has created an appearance of partiality and bias in the Petitioner's chapter 7 case, therefore, he is disqualified from presiding over the case.

## FIRST CLAIM FOR RELIEF
(Declaratory Relief:, 28 U.S.C. 2201)

76.    Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 75 above, as though the same were fully set forth herein at this point.

77.    Petitioner has established facts that demonstrate that the actions of Respondent Judge Meyers have created the appearance of partiality and bias, with the intention of favoring defendants Louise Adler, Haeji Hong, and Gerald Davis.

78.    Petitioner seeks a declaration that the actions of Respondent James Meyers constitute a violation of the public confidence in the judicial process and of the Petitioner's Constitutional rights.

## SECOND CLAIM FOR RELIEF
(Writ of Mandamus to Compel Recusal:  28 U.S.C. 455)

79.    Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 78 above, as though the same were fully set forth herein at this point.

80.    Petitioner has established facts that demonstrate that the actions of Respondent James Meyers rise to the level for mandating recusal.

81.    Petitioner seeks a writ of mandamus compelling Respondent James Meyers to be recused from presiding over Petitioner's chapter 7 case.

## PRAYER TO THE COURT

**WHEREFORE,** Plaintiff prays for relief as follows:

1.0    For a Declaration that the actions of Respondent Honorable Judge Meyers create

the appearance of partiality and bias in Petitioner's chapter 7 case;

2.0    For a writ of mandamus compelling Respondent Honorable James Meyers to

recuse from presiding over Petitioner's chapter 7 case;

3.0    For such other and further relief as this court may deem just and proper.


Dated: 5/27/08

Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA  92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this $\underline{27}$ day of May 2008, the above and foregoing MOTION TO WITHDRAW REFERENCE was delivered by U.S. First Class Mail to the persons listed below:

NOTICE:     In order to reduce the cost of Debtor, the persons listed below were served without the Exhibits.  These persons are asked to obtain copies of the Exhibits from the Bankruptcy Court or from PACER.

James Kennedy, Trustee
P.O. Box 28459
San Diego, CA 92198

Beth A. Cluckey, U.S. Attorney
Attorney for Federal Defendants
880 Front Street, Room 6293
San Diego, CA 92101

Jeffrey D. Cawdrey
Attorney for Gerald Davis
101 West Broadway, Suite 2000
San Diego, CA 92101

Patrick C. Hargadon
P.O. Box 1675
Dripping Springs, TX 78620

Haeji Hong
Office of the U.S. Trustee
401 West Broadway, Suite 600
San Diego, CA 92101

Robert E. Black
1145 W. 5th Street, Suite 201
Austin, TX 78703

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  $\underline{5/27/08}$

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Anibal Mesala Silva**

**DEFENDANTS**

**Steven J. Katzman and James Kennedy**

FILED
08 JUN 12 PM 2:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: EC
DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro Se

**ATTORNEYS (IF KNOWN)**

'08 CV 1048 JLS LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III |

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)      FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 USC 157

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☒ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appelate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE    Docket Number

DATE    SIGNATURE OF ATTORNEY OF RECORD

Elizabeth Lloyd.

CSD 1259 [05/01/94]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
325 West F Street, San Diego, California 92101-6991

(619) 557-5620

FAX: (619) 557-5536

**FILED**

JUN 1 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**TRANSMITTAL OF BANKRUPTCY MATTERS**

[ ✓ ]   CASE NO. _07 - 3740 _JM 7_

[ ]   ADV. NO. _____

[ ]   APPEAL NO. _____

TO:   CLERK, UNITED STATES DISTRICT COURT

The attached is forwarded for your disposition as indicated below:

**'08 CV 1048 JLS LSP**

[ ✓ ]   A.   For Assignment of Judge (no judge previously assigned):
      [ ]   Motion for Stay Pending Appeal
      [ ]   Motion for Leave to Appeal
      [ ✓ ]   Motion for Withdrawal of Reference of Bankruptcy case
      [ ]   Motion/Certificate of Contempt
      [ ]   Motion for Abstention and Remand

[ ]   B.   For Assignment of Judge and Case Number by Clerk's Office:
      [ ]   Transmittal of Withdrawal of Reference of Adversary Proceedings (Complaints)

[ ]   C.   For Transmittal to Judge _____
      Matter previously assigned to a related matter.  Your Case Number _____

[ ]   D.   For Filing:
      [ ]   Matter previously assigned.  Your Case Number _____
      [ ]   Transmittal of Record on Appeal
      [ ]   Transmittal of Unperfected Appeal
      [ ]   Transmittal of Supplemental Record on Appeal
      [ ]   Other:

Please return a copy of this transmittal sheet to the Bankruptcy Court indicating the Judge assigned and Case Number, if any assigned.

JUDGE_____   CIV. NO._____

Thank you.

DATED:  6-11-08

Barry K. Lander, Clerk

By: _JCThayer_____, Deputy Clerk



ORIGINAL

CSD 1259



Anibal Silva
PLAINTIFF/PETITIONER/MOVANT'S NAME
N/A
PRISON NUMBER
N/A
PLACE OF CONFINEMENT
P.O. Box 20732
EL Cajon, CA 92021
ADDRESS

```
Case # : 07-03740-JMWDBK
Debtor.: ANIBAL MESALA SILVA
Judge..: JAMES MEYERS
Trustee: JAMES KENNEDY
Chapter: WDBK
-------------------------------
Filed : May 27, 2008  15:49:01
Deputy : ACROSBY
Receipt: 198465
Amount : $0.00
-------------------------------
```



FILED

JUN 1 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**United States District Court**

**Southern District Of California**

'08 CV 1 0 4 8 JLS LSP

Anibal Mesala Silva

Plaintiff/Petitioner/Movant

Civil No. _____

(TO BE FILLED IN BY U.S. DISTRICT COURT CLERK)

v.

Steven J. Katzman, U.S. Trustee, and
James Kennedy, Chapter 7 Trustee

Defendant/Respondent

**MOTION AND DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS**

I,
declare that I am the Plaintiff/Petitioner/Movant in this case. In support of my request to proceed without prepayment of fees or security under 28 U.S.C. § 1915, I further declare I am unable to pay the fees of this proceeding or give security because of my poverty, and that I believe I am entitled to redress.

**In further support of this application, I answer the following question under penalty of perjury:**

1. Are you currently incarcerated?  ☐ Yes  ☑ No    (If "No" go to question 2)

    If "Yes," state the place of your incarceration

    Are you employed at the institution?                    ☐ Yes ☐ No

    Do you receive any payment from the institution?    ☐ Yes ☐ No

    [Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of the trust account statement from the institution of your incarceration showing at least the last six months transactions.]

230

CR

2. Are you currently employed? ☐ Yes ☑ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

_____

_____

_____

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

My last employment date was 5/22/08. My last employer was The Bridge, located at 874 Seacoast Drive, Imperial Beach, CA 91932. My last check is in the amount of $500.⁰⁰ and I was receiving between 600 to 700 every 30 days.

3. In the past twelve months have you received any money from any of the following sources?:
   a. Business, profession or other self-employment    ☐ Yes ☑ No
   b. Rent payments, royalties interest or dividends    ☑ Yes ☐ No
   c. Pensions, annuities or life insurance    ☐ Yes ☑ No
   d. Disability or workers compensation    ☐ Yes ☑ No
   e. Social Security, disability or other welfare    ☐ Yes ☑ No
   e. Gifts or inheritances    ☐ Yes ☑ No
   f. Spousal or child support    ☐ Yes ☑ No
   g. Any other sources    ☐ Yes ☑ No

If the answer to any of the above is "Yes" describe each source and state the amount received and what you expect you will continue to receive each month.

On May of 2007, I received the last rent check in the amount of $1,000 for renting my Condominium. The lease expired and I don't receive it anymore.

4. Do you have any checking account(s)? ☐ Yes ☑ No
   a. Name(s) and address(es) of bank(s):_____
   b. Present balance in account(s):_____

5. Do you have any savings/IRA/money market/CDS' separate from checking accounts? ☐ Yes ☑ No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

6. Do you own an automobile or other motor vehicle? ☑ Yes ☐ No
   a. Make: Ford     Year: 2005     Model: Focus
   b. Is it financed? ☑ Yes ☐ No
   c. If so, what is the amount owed? 14,000
       I also own a 1991 Volvo 740. There is no lien holder.

7. Do you own any real estate, stocks, bonds, securities, other financial instruments, or other valuable property?
☑ Yes ☐ No    The remaining community properties are
If "Yes" describe the property and state its value. 2501 Patsy Pkwy in Austin, TX and 5266
FM 713 in Lockhart, TX. The stay was lifted for 2501 Patsy Pkwy to allow
the lienholder to foreclose. The lienholder still has not foreclosed on 5266 FM 713.
Please, see the Attachment to Statement of Financial Affairs.

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how
much you contribute to their support.     Hannibal Silva: Son = 100%

   Janet Silva: Wife = 100%    Mesala Silva: Son = 100%

9. List any other debts (current obligations, indicating amounts owed and to whom they are payable):
My unsecured debts are listed in Schedule "F" that I filed with the
Bankruptcy Court and a new credit card with high interest rate that I
got to start reestablishing my credit. The balance is approx. $90. =
Schedule "F" is attached.

10. List any other assets or items of value (specify real estate, gifts, trusts inheritances, government bonds, stocks,
savings certificates, notes, jewelry, artwork, or any other assets [include any items of value held in someone
else's name]):

   Wife's Personal Jewelry held by Lemon Grove Pawn brokers at
7920 Broadway in Lemon Grove, CA.

11. If you answered all of the items in #3 "No," and have not indicated any other assets or sources of income
anywhere on this form, you **must** explain the sources of funds for your day-to-day expenses.
On May 22, 2008, I stopped working for the Bridge. Presently, I am
not working and I am surviving with the remaining funds of my
income tax return.

**I declare under penalty of perjury that the above information is true and correct and understand that a false
statement herein may result in the dismissal of my claims.**

5/27/08
DATE                    SIGNATURE OF APPLICANT

CIV-67 (Rev. 9/97)          -3-          :ODMA\PCDOCS\WORDPERFECT\22835\1

## **Attachment to Statement of Financial Affairs**

4.    Suits and Administrative Proceedings, Executions, Garnishments and Attachments:

| | | | |
|---|---|---|---|
| Roadinger vs. Silva SEA025288 | Suit for Money Damages Vacating Rental Home | California Superior Court East County Division | Under Appeal |
| Silva vs. PrimeDirect Mortgage GIC867925 | Appeal from Labor Commissioner Ruling | Superior Court Downtown Central | Interlocutory Dismissal Ruling |
| U.S. vs. Anibal & Janet Silva 1-05-CV-710 | Suit for Discrimination National Origin Basis | Federal District Court Austin Division | Default Judgment Rendered on 2/5/07 and 7/5/07 |
| Phillips vs. Anibal Silva | Suit for Title Reconveyance | Travis County | Pending |

5.    Repossessions, foreclosures and returns:  The following properties were either foreclosed, sold, or the San Diego Bankruptcy Court lifted the stay prior to the conversion of the Debtor's Chapter 13 case to Chapter 7 to allow the Lien Holders to foreclose the properties:

4607 Candletree Lane, Austin, TX   Lien Holder:  Chase Manhattan Mortgage

522 Marquette Street, San Antonio, TX  Lien Holder:  Homecomings Financial

802 Norwell Lane, Pflugerville, TX   Lien Holder:  Countrywide Home Mortgage

14400 Running Deer Trail, Austin, TX  Lien Holder:  Washington Mutual

243 Ebony Ave., #8, Imperial Beach, CA Lien Holder:    Washington Mutual

8014 Briarton Drive, Austin, TX   Lien Holder:  Ocwen Federal Bank/Mortgage Electronic Registration Systems, Inc.

9829 Teasdale Terrace, Austin, TX   Lien Holder:  Ocwen Federal Bank/Mortgage Electronic Registration Systems, Inc.

8212 Laurel Bend, San Antonio, TX  Lien Holder:  Ocwen Federal Bank/Mortgage Electronic Registration Systems, Inc.

2501 Patsy Parkway, Austin, TX   Lien Holder:  Ocwen Federal Bank/Mortgage Electronic Registration Systems, Inc.

2404 Manzana Way, San Diego, CA  Lien Holder:  GMAC Mortgage and Bank of America

Official Form 6F (10/06)

In re **Anibal Mesala Silva** , Case No. **07-03740-JM7**
      Debtor                                                  (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Unit 229<br>A-1 Self Storage<br>1370 N. Magnolia Ave.<br>El Cajon, CA 92020 | | C | 12/06<br>Storage Charges<br>Consumer Debt<br>Fixed & Liquidated | | | | 400 |
| ACCOUNT NO. 7800 770<br>Academy Collection Service<br>10965 Decatur Road<br>Philladelphia, PA 19154 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 1,000 |
| ACCOUNT NO. Silva<br>Advance America<br>6628-A Mission Gorge Rd.<br>San Diego, CA 92120 | | C | 2006<br>Consumer Loan<br>Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva<br>Advance Check Express<br>9473 Black Mountain Rd.<br>San Diego, CA 92126 | | C | 2006<br>Consumer Loan<br>Fixed & Liquidated | | | | 325 |

**15** continuation sheets attached

Subtotal ► $ 0.00 2,050

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re Anibal Mesala Silva ,     Case No. 07-03740-JM7
       **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Silva <br> Advance Till Pay day <br> 1010 Broadway St, Unit 1 <br> Chula Vista, CA 91911 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva <br> American Answering Service <br> 3802 Rosecrans Street <br> San Diego, CA 92110 | | C | 2006 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 150 |
| ACCOUNT NO. 27765410 <br> Arrow Financial <br> 8589 Aero Drive, Ste. 600 <br> San Diego, CA 92123 | | C | 2002 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 1,000 |
| ACCOUNT NO. 6195431466474 <br> Collection Bureau of America <br> P.O. Box 5013 <br> Hayward, CA 94540 | | C | 2006 <br> Consumer Purchases Collection <br> Fixed & Liquidated | | | | 530 |
| ACCOUNT NO. <br> Bank of America <br> 100 N Broadway, 9th floor <br> St. Louis, MO 63102 | | C | 2006 <br> Consumer Bank Transaction <br> Fixed & Liquidated | | | | 2,700 |

Sheet no. 1 of 1 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

               Subtotal▶ | $~~0.00~~ <br> 4,705

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_____,
          **Debtor**

Case No. _07-03740-JM17_
          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 385359 <br> Birch Telecom CBP <br> P.O. Box 60111 <br> Dallas, TX 75266 | | C | 2003 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva <br> California Budget Finance <br> 1177 Broadway St, Ste. 3 <br> Chula Vista, CA 91911 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva <br> Capital One Services <br> P.O. Box 60000 <br> Seattle, WA 98710 | | C | 2002 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 2,000 |
| ACCOUNT NO. 10156394 <br> Cash Net USA.com <br> P.O. Box 06230 <br> Chicago, IL 60606 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva <br> Cash Plus <br> 656 Palomar St, Ste. 201 <br> Chula Vista, CA 91911 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |

Sheet no. _2_ of _5_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

        Subtotal➤    $~~$0.00~~   3,275

Total➤   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re  Anibal Mesala Silva                    ,         Case No.  07-03740-JM7
_____
               **Debtor**                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 01854333 36 <br> Chase Receivables <br> 1247 Broadway <br> Sonoma, CA 95476 | | C | 2004 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 500 |
| ACCOUNT NO. Silva <br> Checks Cashed 4 Less <br> 3166 Midway Drive, #104 <br> San Diego, CA 92110 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva <br> Check Center <br> 1096 E. Main Street <br> EL Cajon, CA 92021 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva <br> Check Into Cash <br> 1222 Broadway Street <br> EL Cajon, CA 92021 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. 4722173-4 <br> City of Austin <br> P.O. Box 2267 <br> Austin, TX 78783 | | C | 2003 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |

Sheet no. 3 of 5 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $ 0.00
1,750

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_ ,   Case No. _07-03740-JM7_
       **Debtor**                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5A20/5B03 <br><br> Coastal Court Reporting 28570 Marguerite Pakwy Mission Viejo, CA 92692 | | C | 2005 Consumer Purchases Fixed & Liquidated | | | | 400 |
| ACCOUNT NO. 7936509413C <br><br> Credit Systems International P.O. Box 1088 Arlington, TX 76004 | | C | 2004 Consumer Purchases Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. 160059 <br><br> Creditors Exchange P.O. Box 2270 Buffalo, NY 14240 | | C | 2004 Consumer Purchases Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva <br><br> Cross Country Bank c/o Weinstein & Riley 2101 4th Ave., Ste. 700 Seattle, WA 98121 | | C | 2002 Consumer Purchases Fixed & Liquidated | | | | 700 |
| ACCOUNT NO. <br><br> Dollar Smart 1103 Broadway Street El Cajon, CA 92021 | | C | 2006 Consumer Loan Fixed & Liquidated | | | | 325 |

Sheet no. 4 of 5 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ 0.00
2,025

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_ ,
                 **Debtor**

Case No. _07-03740-JM7_
                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Janet Silva<br><br>Eddie & Violet Paredes<br>15021 Plainview Dr., #C<br>Austin, TX 78725 | | C | 2003<br>Money Judgment<br>Fixed & Liquidated | | | | 3,000 |
| ACCOUNT NO. Silva<br><br>Emerge<br>P.O. Box 105655<br>Atlanta, GA 30348 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 1,800 |
| ACCOUNT NO. A65225<br><br>Financial Recovery Services<br>P.O. Box 385908<br>Minneapolis, MN 55438 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 500 |
| ACCOUNT NO. Silva<br><br>First Premier<br>P.O. Box 5147<br>Sioux Falls, SD 57117 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 1,000 |
| ACCOUNT NO. 100 78820<br><br>FMA Alliance Ltd<br>11811 N. Freeway, #900<br>Houston, TX 77060 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 500 |

Sheet no. _5_ of _15_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤ | $ ~~0.00~~ 6,800

Total➤ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re __Anibal Mesala Silva__ ,
                    **Debtor**

Case No. __07-03740-JM7__
                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1784441653528 <br> GC Services Limited <br> 6330 Gulfton <br> Houston, TX 77081 | | C | 2002 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. 548955511503051 <br> HSBC <br> P.O. Box 60102 <br> City of Industry, CA 91716 | | C | 2005 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 500 |
| ACCOUNT NO. 349-903-703-81 <br> JC Penney <br> P.O. Box 960001 <br> Orlando, FL 32896 | | C | 2005 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 800 |
| ACCOUNT NO. <br> Jefferson Capital Systems <br> P.O. Box 23051 <br> Columbus, GA 31902 | | C | 2002 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva <br> KEKO Pump & Equipment <br> P.O. Box 80308 <br> San Diego, CA 92138 | | C | 2006 <br> Consumer Charges <br> Fixed & Liquidated | | | | 150 |

Sheet no. __6__ of __15__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal► $ 0.00
                    2,050

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re Anibal Mesula Silva                          ,     Case No. 07-03740-JM7
_____                 _____
                  **Debtor**                                   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9305913479 98 <br> Mervyn's <br> P.O. Box 960013 <br> Orlando, FL 32896 | | C | 2005 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 280 |
| ACCOUNT NO. <br> Michael Roedinger <br> 8529 Kreiner Way <br> Santee, CA 92071 | | C | 2006 <br> Rent Charges | | | X | 500 |
| ACCOUNT NO. 8505120008 <br> Midland Credit <br> 8875 Aero Drive <br> San Diego, CA 92123 | | C | 2003 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 500 |
| ACCOUNT NO. Silva <br> Money Tree <br> 6979 El Cajon Blvd. <br> San Diego, CA 92115 | | C | 2006 <br> Consumer Loan <br> Fixed & Liquidated | | | | 325 |
| ACCOUNT NO. Silva <br> MPB Credit Bureau, Inc. <br> 11921 N. Mopac Expwy, #210 <br> Austin, TX 78759 | | C | 2003 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |

Sheet no. 7 of 15 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤  $ 0.00
            1,905

Total➤  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_____ ,        Case No. _O7-O3740-JM7___
                      **Debtor**                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 60769<br>Myers Internet<br>2160 Lundy Ave, Ste. 128<br>San Jose, CA 95131 | | C | 2006<br>Consumer Purchases<br>Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva<br>NCO Financial Services<br>P.O. Box 41457<br>Philadelphia, PA 19101 | | C | 2003<br>Consumer Purchases<br>Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva<br>Ollie Mae Phillips<br>5266 FM 713<br>Lockhart, TX 78644 | | C | 2003<br>Consumer Loan<br>Fixed & Liquidated | | | | 10,500 |
| ACCOUNT NO. A32020<br>PACER Service Center<br>P.O. Box 277773<br>Atlanta, GA 30384 | | C | 2006<br>Consumer Purchases<br>Fixed & Liquidated | | | | 90 |
| ACCOUNT NO. Silva<br>OSI Collection Services<br>P.O. Box 550720<br>Jacksonville, FL 32255 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 300 |

Sheet no. _3_ of _15_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 0.00
                    11,490

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re  Anibal Mesala Silva                   ,          Case No.  07-03740-JM7
_____
            **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  Silva<br>Prime Direct Mortgage<br>2079 S. State College Blvd, #301<br>Anaheim, CA 92806 | | C | 2004<br>Money Judgment<br>Fixed & Liquidated | | | X | 1,800 |
| ACCOUNT NO.  Silva<br>Professional Civil Process<br>P.O. Box 342467<br>Austin, TX 78734 | | C | 2006<br>Consumer Charges<br>Fixed & liquidated | | | | 800 |
| ACCOUNT NO.  Silva<br>Ready Money<br>1112 Broadway St., #101<br>El Cajon, CA 92021 | | C | 2006<br>Consumer Loan<br>Fixed & Liquidated | | | | 325 |
| ACCOUNT NO.  Silva<br>Santa Fe Apartments<br>4210 Fredericksburg Road<br>San Antonio, TX 78201 | | C | 2005<br>Consumer Charges<br>Fixed & Liquidated | | | | 300 |
| ACCOUNT NO.  Silva<br>Sun Cash<br>5419 El Cajon Blvd.<br>San Diego, CA 92115 | | C | 2006<br>Consumer Loan<br>Fixed & Liquidated | | | | 325 |

Sheet no. 9 of 15 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶  $0.00
                3,550

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_ ,          Case No. _07-03740-JM7_
              **Debtor**                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 913561910690 Target Credit Services P.O. Box 1581 Minneapolis, MN 55440 | | C | 2004 Consumer Purchases Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva Terri Ellis 2006 Creek Road Marion, TX 78124 | | C | 2002 Consumer Purchases Fixed & Liquidated | | | | 600 |
| ACCOUNT NO. 15345619733l U.S. Bank 490 Fletcher Parkway El Cajon, CA 92020 | | C | 2006 Consumer Bank Transaction Fixed & Liquidated | | | | 1,500 |
| ACCOUNT NO. 5711724009 U.S. Small Business Admin. 10737 Gateway West, Ste. 300 El Paso, TX 79935 | | C | 2002 Consumer Loan Fixed & Liquidated | | | | 8,000 |
| ACCOUNT NO. 22023937 Van Ru Credit Corporation P.O. Box 212 Park Ridge, IL 60068 | | C | 2004 Consumer Purchases Fixed & Liquidated | | | | 300 |

Sheet no. _10_ of _15_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤    $ ~~0.00~~
             10,700

Total➤    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re <u>Anibal Mesala Silva</u>,     Case No. <u>07-03740-JM7</u>
        Debtor                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2661665 <br> Ventus Capital Services <br> P.O. Box 4607 <br> Chesterfield, MO 63006 | | C | 2004 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. 3084424808 <br> Washington Mutual <br> 1100 Palm Avenue <br> Imperial Beach, CA 91932 | | C | 2006 <br> Consumer Bank Transaction <br> Fixed & Liquidated | | | | 2,500 |
| ACCOUNT NO. 502 Roswell <br> Windeemere HOA <br> P.O. Box 1158 <br> Pflugerville, TX 78691 | | C | 2004 <br> Consumer Charges <br> Fixed & Liquidated | | | | 1,000 |
| ACCOUNT NO. 69611 <br> Windermere Utility Co. <br> P.O. Box 2648 <br> Cedar Park, TX 78630 | | C | 2004 <br> Consumer Purchases <br> Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva <br> California Accounts Service <br> P.O. Box 1622 <br> El Cajon, CA 92022 | | C | 2006 <br> Consumer Charges <br> Fixed & Liquidated | | | | 300 |

Sheet no. _11_ of _15_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 0.00 ~~0.00~~ 4,400

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_ ,
    **Debtor**

Case No. _07- 03740 JM7_
    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Silva <br> Richard Elizalda <br> 1571 Circulo Brandisi <br> Chula Vista, CA 91915 | | C | 2006 <br> Consumer Loan <br> Fixed & liquidated | | | | 10,000 |
| ACCOUNT NO. Silva <br> Carmen Alvarado <br> 2404 Manzana Way <br> San Diego, CA 92139 | | C | 2006 <br> Consumer Purchases <br> Fixed & liquidated | | | | 5,000 |
| ACCOUNT NO. Silva <br> Jill Lovatt- Complete Appraisals <br> 86 Monarch Drive <br> Monarch Beach, CA 92629 | | C | 2006 <br> Consumer Purchases <br> Fixed & liquidated | | | | 1,500 |
| ACCOUNT NO. Silva <br> J Strebb Residential Appraisals <br> 2621 Denver St., Ste. D <br> San Diego, CA 92110 | | C | 2006 <br> Consumer Purchases <br> Fixed & liquidated | | | | 350 |
| ACCOUNT NO. Silva <br> Freedom Appraisal, Inc. <br> 1400 N. Harbor Blvd, Ste. 430 <br> Fullerton CA 92835 | | C | 2007 <br> Consumer Purchases <br> Fixed & liquidated | | | | 350 |

Sheet no. 1 of 15 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤   $ 0.00
                17,200

Total➤   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re _Anibal Mesala Silva_ ,
Debtor

Case No. _07-03740-JM7_
(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Silva<br>Accelerated Appraisal<br>639 Faith Ave.<br>Cardiff by the Sea, CA 92007 | | C | 2006<br>Consumer Purchases<br>Fixed & Liquidated | | | | 1,500 |
| ACCOUNT NO. Silva<br>Apache Shores POA, Inc.<br>1611 S. Congress, Ste. 510<br>Austin, TX 78704 | | C | 2004<br>HOA Fees<br>Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. 7791006<br>Accounts Receivable Mgmt.<br>P.O. Box 129<br>Thorofare, NJ 08086 | | C | 2004<br>Consumer Purchases<br>Fixed & Liquidated | | | | 200 |
| ACCOUNT NO. 78521080400 45<br>Bay Area Credit Service<br>50 Airport Parkway, Ste. 100<br>San Jose, CA 95110 | | C | 2004<br>Consumer Purchases<br>Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva<br>Ebony Maint. Corp.<br>c/o Laura<br>239 Ebony Ave, Unit 2<br>Imperial Beach, CA 91932 | | C | 11/2007<br>HOA Fees<br>Fixed & Liquidated | | | X | 3000 |

Sheet no. _13_ of _15_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00
5,300

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re Anibal Mesala Silva , Case No. 07-03740-JM7
_____ _____
Debtor (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Allied Interstate Inc. P.O. Box 361774 Columbus, OH 43236 | | C | 7/2007 Storage Fees Fixed & Liquidated | | | | 390 |
| ACCOUNT NO. 236-12520-19 California Accounts Service P.O. Box 1622 El Cajon, CA 92022 | | C | 2006 Consumer Purchases Fixed & Liquidated | | | | 300 |
| ACCOUNT NO. Silva 7476 Roundup Funding, LLC MS 550 P.O. Box 91121 Seattle, WA 98111 | | C | 2002 Consumer Purchases Fixed & Liquidated | | | | 1,550 |
| ACCOUNT NO. 100929 2949 America Online P.O. Box 30623 Tampa, FL 33630 | | C | 2006 Consumer Purchases Fixed & Liquidated | | | | 77 |
| ACCOUNT NO. 020020143759 Oxford Management Services 135 Maxess Road Melville, NY 11747 | | C | 2004 Consumer Purchases | | | X | 18,161 |

Sheet no. 14 of 15 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶  $0.00
20,478

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re Anibal Mesala Silva ,                     Case No. 07-03140-JM7
_____                         _____
        Debtor                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 224112667<br>T-Mobile<br>P.O. Box 742596<br>Cincinnati, OH 45274 | | C | 2003<br>Consumer Purchases<br>Fixed & Liquidated | | | | 545 |
| ACCOUNT NO. 5438975088827088<br>Janet Silva<br>TRI-CAP Investment Partners<br>5 Industrial Way<br>Salem, NH 03079 | | C | 2002<br>Consumer Purchases<br>Fixed & Liquidated | | | | 500 |
| ACCOUNT NO. 5794031/ 289796<br>Onyx Acceptance Corp.<br>c/o Ascension Capital Group<br>P.O. Box 201347<br>Arlington, TX 76006 | | C | 2006<br>Consumer Loan<br>Fixed & Liquidated | | | | 15,789 |
| ACCOUNT NO. 10219125<br>Public Storage<br>c/o Anita<br>1047 N. Johnson Avenue<br>El Cajon, CA 92020 | | C | 10/2007<br>Storage Fees for Space 8017<br>Fixed & Liquidated | | | | 600 |
| ACCOUNT NO. 32074822767<br>San Diego Gas & Electric<br>P.O. Box 25111<br>Santa Ana, CA 92799 | | C | 10/2007<br>Electricity Charges<br>Fixed & Liquidated | | | | 180 |

Sheet no. 15 of 15 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ $ ~~0.00~~ 17,614

Total ▶ $ 115,292
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re

Anibal Mesala Silva

      Debtor

)
)
)
)
)
)
)
)
)
)
)

Case No: 07-03740-J

**DEBTOR'S MOTION FOR STAY OF PROCEEDINGS IN THIS CASE PENDING THE RULING OF DISTRICT COURT ON THE MOTION TO WITHDRAW AUTOMATIC REFERENCE**

DATE:  5/29/08
TIME:  2:00 pm
DEPT:  1

**'08 CV 1048 JLS LSP**

TO HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW, Anibal Mesala Silva, (hereinafter "Debtor") and files this Motion for Stay of Proceedings in this entire Case Pending the Ruling of the District Court on the Motion to Withdraw Automatic Reference, and in support, Debtor set forth as follows:

### I.

      On May 27, 2008, Debtor filed his motion to withdraw the automatic reference of the above-described Bankruptcy Case as it concerned the entire bankruptcy case along with the adversary proceedings 07-90588 and 08-90045.

### II.

      The basis for granting the motion to withdraw reference is that the presiding judge, James Meyers, has created the appearance of partiality and bias, thus disqualifying him from presiding over the Debtor's chapter 7 case.



Additionally, on May 27, 2008, Debtor filed in the Federal District Court a petition for a writ of mandamus to compel judge James Meyers to be recused from the Debtor's chapter 7 case. See attached copy of the motion to withdraw reference and its attached exhibit PTC-1 (Petition for Writ of Mandamus).

Debtor asserts that cause exists for granting the motion for withdrawal of the automatic reference due to the appearance of partiality and bias of Judge James Meyers in the Debtor's chapter 7 case and cause exists to stay the proceedings in the Debtor's entire chapter 7 case, including the adversary cases.

III.

Debtor requests a stay of proceedings in the entire chapter 7 case, including the adversary proceedings, to allow the District Court time to review and make a ruling on the motion to withdraw the automatic.

WHEREFORE, PREMISES CONSIDERED, Debtor moves unto this Court for entry of an Order staying all proceedings in the entire chapter 7 case, 07-03740, and the adversary proceedings until such time that the District has ruled on the motion to withdraw the automatic.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

# COPY OF MOTION TO WITHDRAW
# AUTOMATIC REFERENCE

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case No:  07-03740-JM7 |
| | ) | |
| Anibal Mesala Silva | ) | |
| | ) | Adversary No: _____ |
| Debtor | ) | |
| | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| ANIBAL MESALA SILVA, | ) | |
| Movant | ) | Federal District Court |
| | ) | |
| v. | ) | |
| | ) | CASE No: _____ |
| Steven J. Katzman, U.S. Trustee, and | ) | |
| James Kennedy, Chapter 7 Trustee, | ) | |
| Respondents | ) | |

## MOTION TO WITHDRAW REFERENCE

COMES NOW, Anibal Mesala Silva, and files this Motion to Withdraw the Automatic
Reference of the above-described Bankruptcy Case as concerns to the entire bankruptcy case
along with the adversary proceeding 07-90588, and the adversary proceeding 08-90045.  This
Motion is brought pursuant to 28 U.S.C. Section 157(d), FRBP Rule 5011, and Local Rules
5011-1 and seeks both permissive and/or mandatory withdrawal of the reference of such case and
adversary proceedings.  In support of this Motion, Movant set forth as follows:

1.      Debtor is an individual who filed for his petition pursuant to Title 11, Chapter 13,
of the United States code on July 16, 2007, and later converted to Chapter 7 on November 6,

2007. Pursuant to 28 U.S.C. Section 157(a) and the Order of Automatic Reference entered by this District Court, the Case was referred to the United States Bankruptcy Court.

2.    On January 24, 2008, Debtor filed his second amended adversary complaint against defendants judge Louise Adler, judge Leif M. Clark, Gerald Davis, Haeji Hong, judge Lee Yeakel, the U.S. Department of Justice, and the U.S. Department of Housing and Urban Development, among others, for civil rights violation and damages; for libel, slander, and negligence damages; conspiracy to interfere with civil rights, neglect and fraud; for declaratory and further relief, and for injunctive and equitable relief.

3.    On April 15, 2008, judge James Meyers issued an order to show cause why the Debtor's case should not be dismissed.

4.    The order to show cause was meritless and without any foundation, and was issued by judge Meyers with the intention of dismissing the Debtor's chapter 7 case to favor the defendants in adversary proceeding 07-90588, judge Louise Adler, U.S. Trustee's attorney, Haeji Hong, and chapter 7 Trustee, Gerald Davis, and with the intention of harming Debtor as well.

5.    On April 25, 2008 Debtor filed a response to the order to show cause, a motion to set aside the same order (to show cause) and a motion to disqualify judge Meyers, and a hearing was set for May 19, 2008.

6.    On May 19, 2008, judge Meyers issued a memorandum decision denying Debtor's motions to disqualify judge James Meyers and to reconsider order to show cause; and an order denying motion to disqualify judge James Meyers, denying motion to set aside order to show cause, and taking off the calendar the hearing on the motions without giving Debtor an opportunity to be heard and present evidence.

7.    On May 27, 2008 Debtor filed an objection to judge Meyers' memorandum

decision denying Debtor's motion to disqualify judge Meyers and to reconsider order to show cause.

8.    The ex parte contacts and close personal and professional relationship of judge Meyers with the defendants in adversary case 07-90588, judge Louise Adler, Haeji Hong, and Gerald Davis, have influenced judge Meyers' ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no possible way an outside observer can know how much information or contact or for how long judge Meyers has had with those defendants.

9.    The actions of judge Meyers create an appearance of partiality and bias and constitute basis for withdrawing the automatic reference.

10.    On May 27, 2008, Debtor filed in Federal District court a petition for a writ of mandamus to compel the recusal of the honorable James Meyers.  See attached Exhibit PTC-1.

11.    Debtor seeks to withdraw the automatic reference with respect to the entire Chapter 7 case along with the pending motions, the adversary cases 07-90588 and 08-90045 along with the pending motions.

12.    Precedent exists to withdraw the automatic reference from the following cases: *Robert J. Malone v. Norwest Financial California, Inc.; 245 B.R. 389; 2000 U.S. Dist.; In re Rimsat, Ltd; 196 B.R. 791; 1995 Bankr.; In re William Y Joyce Walton; 158 B.R. 939; 1993 Bankr.; In re Franklin Savings Corporation; 1994 Bankr. Lexis 46; 25 Bankr. Ct. Dec. 246; In re Eagle Enterprises, Inc.; 259 B.R. 83; 2001 Bankr.; and In re Chemetco, Inc.; 308 B.R. 339; 2004 Bankr.*

13.    Movant avers that cause exists under 28 U.S.C. Section 157(d) for the withdrawal of the entire chapter 7 case and the adversary cases.  In so doing, Movant asks the District Court

to exercise its discretion to withdraw the reference for the Chapter 7 case and adversary cases, in that such withdrawal would be for the convenience of all parties, would effect judicial economy, would promote both uniformity and efficiency of the administration of the bankruptcy proceeding, would reduce forum shopping and confusion, would conserve assets of both the Debtor as well as the creditors and defendants, and would bring before this Court issues more familiar to Article III Courts.

14.    Movant further averts, pursuant to 28 U.S.C. Section 157(d), that withdrawal is mandatory in that resolution of issues involving the Chapter 7 case and the adversary cases require consideration of not only Title 11 matters, but other laws of the United States regulating organizations or activities affecting interstate commerce. Specifically, the issues involved deal with issues requiring a good interpretation of the due process clause of the 5th Amendment to the United States Constitution as to the actions of the bankruptcy procedures, the use of the office of the U.S. and Trustees to obtain information and documents from Movant with the intention of using that information and documents in a separate and pending civil action against Movant and the guarantee to an impartial trial or proceeding, Rule 26(c) of the Federal Rules of Civil Procedure, the provisions of Article I, Section 10 of the U.S. Constitution and Sections 1981, 1982, 1983, 1985, and 1986 of Title 42 as they relate to the contractual obligations of contracts between Movant and private individuals and the assertions of the U.S. Department of Justice that those activities constitute discrimination in the basis of national origin, and the determination of whether the actions of respondents that let to the motion for sanctions for violation of the automatic stay should be sanctioned under 11 U.S.C. 362(a).

WHEREFORE, PREMISES CONSIDERED, Movant moves unto this Court for entry of an Order which withdraws the automatic reference to the Bankruptcy Court so that this Court

may consider all matters and issues relating to the chapter 7 case, adversary cases and related matters. Movant seeks such other, different and further relief as to which he may be entitled.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

# EXHIBIT PTC-1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Anibal Merala Silva

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anibal Silva, Petitioner pro se.
P.O. Box 20132, El Cajon, CA 92021

**DEFENDANTS**    08 MAY 27 PM 2:14

James Meyers

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 CV 0932 H LSP

Attorneys (If Known)
United States Attorney
830 Front Street, Room 6293, San Diego, CA 921

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2201 and 28 U.S.C. 1155

Brief description of cause:
Declaratory Relief and Petition for Writ of Mandamus

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Ø    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE _____    DOCKET NUMBER _____

5/27/08    _____signature_____

FOR OFFICE USE ONLY

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

08 MAY 27 PM 2: 14

BY

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

08 CV 0952 H

|                          |   |                                          |
|--------------------------|---|------------------------------------------|
|                          | ) | Case No._____         |
|                          | ) |                                          |
| ANIBAL MESALA SILVA,     | ) |                                          |
| Petitioner               | ) | PETITION FOR WRIT OF MANDAMUS            |
|                          | ) | TO COMPEL RECUSAL OF                      |
| v.                       | ) | BANKRUPTCY JUDGE JAMES MEYERS            |
|                          | ) | PURSUANT TO 28 U.S.C. 455; AND FOR       |
| JUDGE JAMES MEYERS       | ) | DECLARATORY RELIEF PURSUANT              |
| Respondent.              | ) | TO 28 U.S.C. 2201                        |
|                          | ) |                                          |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGES:

COMES NOW, Anibal Mesala Silva, the Petitioner in this case and the Debtor in the
Bankruptcy court number, 07-03740, and files this petition for a writ of mandamus to compel the
recusal of the Bankruptcy Judge Honorable James Meyers pursuant to 28 U.S.C. 455 for the
appearance of partiality in violation of public confidence and bias against Debtor in violation of
Debtor's Constitutional rights to a fair, impartial, and unbiased trial; and for declaratory relief
pursuant to 28 U.S.C. 2201 declaring that Judge Meyers' actions raised to the level of
appearance of partiality and therefore is disqualified from presiding over Debtor's case; and in
support, Petitioner shows the following:

### JURISDICTION

1.      This court has jurisdiction over this matter under 28 U.S.C. Section 1331, 28
U.S.C. Section 1361, 28 U.S.C. Section 2201, and 28 U.S.C. Section 158.

2.      Venue is proper in this district pursuant to 28 U.S.C. Section 1409 because the

underlying bankruptcy case is being administered in this district.

## INTRODUCTION

3.      This is a petition for declaratory relief for determining that the actions of Judge

James Meyers in the Petitioner's bankruptcy case violate the public confidence in the integrity of

the judicial process, thus disqualifying him from presiding over the Debtor's case; and for a writ

of mandamus directing Judge Meyers to recuse himself from presiding over the Petitioner's

Bankruptcy case.

## PARTIES

4.      Petitioner is a citizen who filed for chapter 13 Bankruptcy protection on July 16,

2007, in the San Diego Bankruptcy court, and later converted the case to chapter 7 on November

6, 2007.

5.      Judge James Meyers is the presiding judge of the Petitioner's bankruptcy case

after it was converted to chapter 7 on November 6, 2007.

## STATEMENT OF FACTS

6.      . On July 16, 2007, Debtor filed his chapter 13 Bankruptcy petition with the San

Diego Bankruptcy court.

7.      On July 19, 2007, just three days after Debtor filing his Bankruptcy petition, the

chapter 13 Trustee, David Skelton, filed a motion to dismiss Petitioner's case with 180 day bar to

refiling.

8.      On August 20, 2007, Petitioner filed a response opposing the motion of the

chapter 13 Trustee to dismiss the Petitioner's bankruptcy case and a hearing was set for

September 25, 2007.

9.      On September 25, 2007, the bankruptcy court heard the motion of the chapter 13

Trustee to dismiss the Debtor's case and the opposition of Debtor and the court granted the motion of the chapter 13 Trustee in the grounds that Debtor had not provided to the chapter 13 Trustee copies of his 2004, 2005, and 2006 income tax returns.

10.    On October 2, 2007, after doing a legal research, Petitioner discovered that the bankruptcy court had erred in granting the chapter 13 Trustee's motion to dismiss the Petitioner's bankruptcy case in the grounds that he had not provided copies of the income tax returns that had not been filed yet, and filed a motion for reconsideration of the dismissal of the Petitioner's bankruptcy case without prejudice and a hearing was set for October 30, 2007.

11.    On October 30, 2007, the bankruptcy court heard and granted the motion for reconsideration of the dismissal of Petitioner's bankruptcy case as long as the following conditions were met:  (a) to file a withdrawal of motions to withdraw reference in both Chapter 7 and chapter 13 cases by 10/31/07; (b) to make a current payment of the case by 10/31/07 via overnight mail; c) provide proof of payment to the chapter 13 Trustee by 10/31/07 at 3:00 pm; (c) to provide copies of paystubs to chapter 13 Trustee by 10/31/07 by 3:00 pm; (d) to prepare and file tax returns and provide a copy to the chapter 13 Trustee by 11/6/07; and (e) to withdraw the motion to reconsider the dismissal of Petitioner's previous chapter 7 case by 10/31/07.

12.    On November 6, 2007, Petitioner filed with the bankruptcy court the notice of compliance with the conditions set up in the minute and amended minute orders for setting aside the order dismissing the Petitioner's chapter 13 case.

13.    On the same day, November 6, 2007, Petitioner filed with the bankruptcy court a notice of conversion of his chapter 13 case to chapter 7.

14.    On November 7, 2007 the bankruptcy court setup the Section 341 meeting of creditors for December 10, 2007, and appointed Gregory A. Akers as the chapter 7 Trustee.

15.    On December 7, 2007, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, terminated the services of Mr. Akers as Trustee, cancelled the 341 meeting of creditors set for 12/10/07, appointed Gerald Davis as the successor Trustee to Mr. Akers, and set up a new 341 meeting of creditors for 2/8/2008.

16.    On December 10, 2007, Petitioner, unaware of the U.S. Trustee's attorney's actions, appeared at the scheduled 341 meeting of creditors and found out from the chapter 7 Trustee, Gregory Akers, that the U.S. Trustee's attorney had terminated his services, had cancelled the 341 meeting of creditors, and informed Petitioner that he would be receiving a new notice.

17.    On January 9, 2008, without Petitioner's knowledge, Gerald Davis rejected the appointment as chapter 7 Trustee for conflict of interest.

18.    On January 10, 2008, without Petitioner's knowledge, the U.S. Trustee's attorney, Haeji Hong, appointed James Kennedy as successor chapter 7 Trustee and set up a new 341 meeting of creditors for 2/11/2008.

19.    On January 15, 2008, the U.S. Trustee filed a motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 and a hearing was set for 2/22/2008.

20.    On January 16, 2008, the U.S. Trustee filed an amended notice of the hearing on motion to extend time.

21.    On January 16, 2008, after learning that Gerald Davis had been appointed as chapter 7 Trustee, Petitioner filed a motion for an order to disqualify the chapter 7 Trustee, the U.S. Trustee, and to void the reset 341 meeting of creditors set 1/16/08, and a hearing was set for 2/28/08.

22.    On January 23, 2008, Petitioner filed a motion to void the 341 meeting of creditors and any other subsequent 341 meeting of creditors and a hearing was set for 2/28/08.

23.    On January 24, Petitioner filed in the bankruptcy court his second amended complaint against defendants judge Louise Adler, judge Leif M. Clark, Gerald Davis, Haeji Hong, judge Lee Yeakel, the U.S. Department of Justice, and the U.S. Department of Housing and Urban Development, among others.

24.    On January 29, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to disqualify the chapter 7 Trustee and U.S. Trustee; and for an order to void the 341 meeting of creditors set for 1/16/08 and any other subsequent 341 meeting of creditors.

25.    On February 4, 2008, Petitioner filed an opposition to the U.S. Trustee's motion for extension of time to file a motion and object to discharge and request for judicial notice.

26.    On February 11, 2008, Petitioner filed with the bankruptcy court a notice of appearance to the invalid Section 341 meeting of creditors pending Debtor's motion to void 341 meeting of creditors.

27.    On February 12, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 3/10/08.

28.    On February 19, 2008, the bankruptcy court issued a notice to parties of taking off matter off calendar, (motion to void the Section 341 meeting of creditors).

29.    On February 19, 2008, the U.S. Trustee filed a reply to Debtor's combined opposition to U.S. Trustee's motion to extend time to object to Debtor's discharge.

30.    On February 22, 2008, the bankruptcy court heard the U.S. Trustee's motion to extend time and issued a Minute Order extending the time to object to Petitioner's discharge to May 9, 2008.

31.    On February 27, 2008, Petitioner filed an amended motion to void the 341 meeting of creditors and to stay 341 meeting of creditors proceedings and a hearing was set for 3/27/08.

32.    On February 28, 2008, Petitioner filed a motion for reconsideration of the interlocutory and minute orders granting the U.S. Trustee's motion to extend time to object to discharge and a hearing was set for 3/27/08.

33.    On March 5, 2008, the bankruptcy court approved and signed the Order granting the U.S. Trustee's motion extending time to object to discharge to May 9, 2008.

34.    On March 10, 2008, Petitioner filed a notice of appearance to the invalid Section 341 meeting of creditors pending the motion to void 341 meeting of creditors.

35.    On March 11, 2008, the chapter 7 Trustee filed a notice of continuance of meeting of creditors to 4/7/08.

36.    On March 17, 2008, the U.S. Trustee filed an opposition to Debtor's motion for an order to void the 341 meeting of creditors; and motion to stay meeting of creditors proceedings.

37.    On March 27, 2008, the bankruptcy court heard and denied the Petitioner's motions to set aside the October 30, 2007 Amended minute order denying the Petitioner's motions for sanctions against Joseph Gaeta for violation of the automatic stay and denying the motion for protective order; the motion for reconsideration of the minute order granting the U.S. Trustee's motion for an extension of time to object to Petitioner's discharge; and the motion to void the Section 341 meeting of creditors and to stay the Section 341 meeting of creditors proceedings; and the court stated that it would be issuing a written order regarding the matter heard on that day.

38.     On April 7, 2008, ten days after the bankruptcy court ruled that the Section 341 meeting of creditors was not void, Petitioner appeared at the Section 341 meeting of creditors and submitted for examination.

39.     On the same day, April 7, 2008, the chapter 7 Trustee filed with the court his initial report and notice of the First Meeting of Creditors held and that the meeting of creditors had been concluded.

40.     On April 15, 2008, Judge Meyers issued an order denying Petitioner's motions docketed as numbers 164, 165, 171, and 172, and requiring Petitioner to show cause by April 25, 2008, why his chapter 7 case should not be dismissed.

41.     On April 25, 2008, Petitioner filed with the bankruptcy court his combined response to show cause why his chapter 7 case should not be dismissed; and a motion to set aside that same order (order to show cause) and a hearing was set for May 29, 2008.

42.     On the same day, April 25, 2008, Petitioner filed also a motion to disqualify Judge Meyers for the appearance of partiality pursuant to 28 U.S.C. 455.

43.     On May 19, 2008, Judge Meyers issued a memorandum decision denying Petitioner's motions to disqualify judge James Meyers and to reconsider the order to show cause; and an order (1) denying motion to disqualify Judge James Meyers (2) denying motion to set aside order to show cause, as well.

44.     On May 27, 2008, Petitioner filed with the bankruptcy court his objection to judge Meyers' memorandum decision denying Debtor's motion to disqualify judge Meyers and to reconsider order to show cause.

## GENERAL ALLEGATIONS

45.     When the U.S. Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. The statute requires recusal in any case "in which the judge's impartiality might reasonable be questioned."

46.     A hypothetical reasonable observer is not a judge, because judges, keenly aware of the obligation to decide matters impartially, "may regard asserted conflicts to be more innocuous than an outsider would.

47.     The Supreme Court has held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. See *In Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)*, noting that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process and such confidence " does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonable believe that he or she knew.

48.     An Eighth Circuit case, *United States v. Tucker, 78 F.3d 1313, 1324-25 (8th cir. 1996)* is noteworthy for the court's ruling on the standard for recusal. The office of independent counsel sought recusal of the district judge because of reported connections among judge Woods, the Clintons, and defendant Tucker, connections it chronicled with various newspaper articles. Although none of the articles directly connected the judge to the defendant, the Eighth Circuit ordered remand of the case to a different judge, noting the judge's connection to President and Mrs. Clinton. In the court's view, reassignment was necessary because of the risk of a perception of judicial bias or partiality.

49.    Petitioner asserts that judge Meyers should be disqualified from presiding over Petitioner's case for the appearance of partiality and bias in that he has a close personal and/or professional relationship to judge Louise Adler, who is a judge in the same bankruptcy court where judge Meyers works, U.S. Trustee's attorney, Haeji Hong, who practices law on behalf of the U.S. Trustee in judge Meyers' courtroom, and chapter 7 Trustee Gerald Davis, who also practices law in judge Meyer's courtroom, all of whom are defendants in the adversary proceeding 07-90588, where Petitioner is the Plaintiff, for appearance of partiality and bias in that he has had ex parte contacts with judge Louise Adler, Haeji Hong, and Gerald Davis; and for appearance of partiality and bias in that he has taken personal offense to the Petitioner filing the motion to disqualify him by proceeding to take off the calendar the hearing on the motions to set aside the order to show cause why the Petitioner's case should not be dismissed and the motion to disqualify Judge Meyers without even giving Petitioner an opportunity to be heard and present evidence.

50.    The actions of defendants judge Louise Adler, U.S. Trustee's attorney, Haeji Hong, and chapter 7 Trustee Gerald Davis, among others, that led to the Petitioner's filing of the adversary proceeding 07-90588 for civil rights violation and damages; for libel, slander and negligence damages; conspiracy to interfere with civil rights, neglect and fraud; for declaratory and further relief; and for injunctive and equitable relief, arose in the Petitioner's previous Chapter 7 case (07-00324).

51.    In the order to show cause why the Debtor's case should not be dismissed that judge Meyers issued on April 15, 2008, which gave Petitioner less than ten (10) days notice to respond or have his case dismissed without a hearing, judge Meyers admits that he issued the order after reviewing the Petitioner's prior chapter 7 case, and falsely accused Petitioner that he

had not complied with Section 521 and Fed. R. Bankr. P. 4002 to fulfill his duties as a Debtor.

52.    In the same order to show cause, judge Meyers stated that he had issued the order

for the failure of Petitioner to comply with the Court's Amended Minute Order Dated October

30, 2007 requiring the Debtor to prepare and file tax returns by November 6, 2007, and for

failure to cooperate with the Trustee as required by Section 521, notwithstanding the fact that

those issues had already been decided by the court, that nobody had objected to the order, that

the conditions set by Court's Amended Minute Order Date October 30, 2007 had already been

satisfied by the Petitioner, that Petitioner had notified the Court of his compliance with the

conditions, that no party in interest had objected to the Petitioner's compliance with the Order,

and notwithstanding the fact that the Court could not revisit those issues already decided without

having a dispute or controversy in front of the court, and notwithstanding the fact that the issuing

of the order to show cause without any legal basis would have violated the Petitioner's due

process rights and Rule 2002 of FRBP and 11 U.S.C. 707.

53.    In his motion to disqualify Judge Meyers filed by Petitioner on April 25, 2008,

Petitioner had asserted that based on judge Meyers' own statements, he was disqualified for

presiding over Debtor's case for the appearance of partiality and bias for the simple fact that he

had issued the meritless order to show cause why Debtor's case should not be dismissed right

after reviewing the Debtor's prior chapter 7 case (07-00324), where the acts of defendants

Louise Adler, Haeji Hong, Gerald Davis, and Patrick Hargadon, among others, had led to the

Debtor filing the adversary proceeding 07-90588 against them for violation of Debtor's civil

rights, and to the motion for sanctions against the U.S. Department of Justice's attorney, Joseph

Gaeta, and the Federal District judge, Lee Yeakel, for violation of the automatic stay of 11

U.S.C. 362(a).

54.    Instead of giving Petitioner the opportunity to be heard and present evidence in the hearing of May 29, 2008, for the motions to set aside the order to show cause why the Petitioner's case should not be dismissed and to disqualify judge Meyers, Judge Meyers, on May 19, 2008, issued a memorandum decision denying Debtor's motions to disqualify judge Meyers and to reconsider order to show cause; and issued an order denying the motion to disqualify judge James Meyers and denying the motion to set aside order to show cause, and took the hearing on the motions off the calendar.

55.    In his memorandum decision, judge Meyers falsely and incorrectly stated as follows: "... Rather than fulfill his responsibilities as set forth in Section 521 and Fed. R. Bankr. P. 4002, the Debtor filed a series of Notices of appearance to invalid Section 341 Meeting of Creditors, which stated he would appear, but not submit to examination. By refusing to submit to examination, the Debtor was preventing the entry of the discharge he requested, and creating the basis to extend the time for interested parties to file objections to discharge. In reviewing the Debtor's request to reconsider judge Hargrove's ruling as reflected in the Amended Minute Order, the court became aware of the precondition for not dismissing this case. The condition imposed by Judge Hargove was a requirement that the Debtor file his tax returns by November 6, 2007."

56.    He went on to state: "The court issued an order after the March 27, 2008 hearing, which included a requirement that the Debtor file a written explanation concerning the status of his tax returns. In addition, the order indicated the case could be dismissed for failure to cooperate with the Trustee as required under Section 521, which includes the duty to surrender books and records and provide copies of tax returns."

57.    And he continued: "... Given the conditions imposed in judge Hargrove's

Amended Minute Order, and the Debtor's written statement of his intent to refuse to be examined by the Trustee until his claims in Adversary No. 07-90588 were decided, it was both necessary and appropriate to enter the Order to Show Cause. Furthermore, the Debtor misconstrues the Order to Show Cause. It does not indicate this case will be automatically dismissed without further hearing. The Order to Show Cause is merely the first step this Court takes in considering whether it would be appropriate to issue a notice of intent to dismiss the case."

58.    And he finished by stating: "The only basis for disqualification provided by the Debtor is the issuance of the Order to Show Cause and the Debtor's musings about the possible reasons this Court would issue such an order. The Debtor has not asserted any facts to support his allegations of bias or prejudice. As discussed above, this Court issued the Order to Show Cause to determine whether the Debtor has complied with the October 30, Amended Minute Order issued by judge Hargrove before his retirement, and to ensure that the Debtor understood he must fulfill the statutory duties of a debtor or face the possibility that this case could be dismissed."

59.    Judge Meyers' finding of facts was false and incorrect.

60.    Judge Meyers' memorandum of decision presented different facts from the order to show cause. In the memorandum of decision judge Meyers talked about for the first time about the issue of the Section 341 meeting of creditors as the reason for issuing the order to show cause and negated the fact that in the order to show cause, he had admitted that after reviewing the Debtor's prior chapter 7 case, he had concluded that Debtor had not complied with the order of October 30, 2007, and he negated the fact that there had not been any dispute or controversy in front of him in the hearing of March 27, 2008 that related to the issues contained in the order

12

to show cause or with the compliance with the amended order of October 30, 2007.

61.     The issue of the conditions and requirements of judge Hargrove's October 30, 2007 amended minute order was completely separate and one hundred percent (100%) different from the issue and dispute involving the Section 341 meeting of creditors that judge Meyers had stated in the memorandum decision as the reason for issuing the order to show cause, and he issued the order to show cause notwithstanding the fact that those two issues had already been presented to him for adjudication, that he had made rulings on both issues already, and that no a single person in interest had objected to the those rulings.

62.     The issue of the Section 341 meeting of creditors and its accompanying examination had arisen from the MISCONDUCT of the U.S. Trustee's attorney, Haeji Hong, whose misconduct is described as follows: 1) Terminating the services of the original appointed chapter 7 Trustee, Gregory A. Akers, and cancelling the first original 341 meeting of creditors that had been set for December 10, 2007, which Petitioner attended for examination; 2) The appointment of the disqualified and biased Trustee, Gerald Davis, (another defendant in case 07-90588) as successor chapter 7 Trustee for Mr. Akers, and setting a new 341 meeting of creditors for February 8, 2008; 3) The rejection of Gerald Davis appointment as chapter 7 Trustee for conflict of interest and cancellation of the Section 341 meeting of creditors; 4) The appointment of James Kennedy as successor Trustee and setting a new Section 341 meeting of creditors for February 11, 2008.

63.     Had not been for the misconduct of Haeji Hong in trying to manipulate the appointment of the chapter 7 Trustee and the Section 341 meeting of creditors, Petitioner would have been examined by the original chapter 7 Trustee, Gregory Akers; the issue of the examination of Petitioner would never have arisen; and the meeting of creditors would have been

concluded a lot sooner, instead of April 7, 2008.

64.    Petitioner's argument in his two notices of appearance to the Section 341 meeting of creditor related to the fact that there was an outstanding motion to void the 341 meeting of creditors in the grounds that they had been set outside the provisions of FRBP 2003, which states that the meeting of creditors shall not to be set more than 40 days after the order for relief, and related to the fact that there was an ongoing litigation, (adversary 07-90588) where one of claims for relief sought included the declaration that the U.S. Trustee's attorney, Haeji Hong, and Trustee Gerald Davis had utilized the 341 meeting of creditors for improper reasons including obtaining information from Debtor for use in a frivolous civil action with the intention of obtaining a profit from Debtor by fraudulent means.

65.    On February 22, 2008, judge Meyers heard and ruled on the U.S. Trustee's motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727. Judge Meyers set a deadline of May 9, 2008 for any interested party to file an objection to Debtor's discharge and to file a motion to determine the dischargeability of a debt.

66.    In that hearing (February 22, 2008), the U.S. Trustee's attorney, David Ortiz, raised the issue of the February 11, 2008 Petitioner's notice of appearance to invalid section 341 meeting of creditors and the examination of Petitioner. The court replied that Mr. Ortiz would have to submit a request to the court to get another extension in the event Petitioner filed another notice for the hearing of March 10, 2008. Mr. Ortiz failed to file any other motion, objection or request to the court regarding the notices of Petitioner prior to the conclusion of the 341 meeting of creditors on April 7, 2008, thus terminating the dispute or controversy regarding the Section 341 meeting of creditors and waiving any right to oppose the discharge of Debtor, therefore,

judge Meyers did not have any dispute or controversy in front of him to revisit that issue again and the issues raised in the order to show cause had been rendered moot.

67.     On March 27, 2008, judge Meyers heard the Petitioner's motion for reconsideration of the minute order granting the U.S. Trustee's motion to extend time to file a motion to object to discharge; the motion to void the 341 meeting of creditors and stay meeting of creditors proceedings; and the motion to set aside the October 30, 2007 amended minute order that denied the Debtor's motion for sanctions against Joseph Gaeta and denied the Debtor's motion for protective order.

68.     In that hearing (March 27, 2008) the court denied all of Petitioner's motions including the motion to void the Section 341 meeting of creditors and stay the meeting of creditors proceedings, which had been Petitioner's reason for filing the notices of appearance to invalid 341 meeting of creditors and for not submitting to examination.

69.     On April 7, 2008, eleven days after the ruling of the court on the motion to void the 341 meeting of creditors, Petitioner appeared at the 341 meeting of creditors and submitted to examination. The Chapter 7 Trustee, James Kennedy, concluded the meeting and filed his initial report with the court stating that the meeting of creditors had been held and that it had been concluded.

70.     As the Petitioner's evidence and argument above shows, the first reason given by judge Meyers for issuing the order to show cause why the Petitioner's chapter 7 case should not be dismissed was false and incorrect.

71.     And as the Petitioner's evidence and argument above also shows, the second reason given by judge Meyers in his memorandum decision for issuing the order to show cause whey the Petitioner's chapter 7 case should not be dismissed was false and incorrect, and had

nothing to do whatsoever with the conditions and requirement of judge Hargrove's order of October 30, 2007, since the dispute over the 341 meeting of creditors and examination of Petitioner had arisen from the misconduct of the U.S. Trustee's attorney, Haeji Hong.

72.    It is an undisputed fact that Judge Meyers' ex parte contacts and close personal and/or professional relationship with defendants Louise Adler, Haeji Hong, and Gerald Davis has influenced his ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no way possible an outside observer can know how much information or contact or for how long judge Meyers has had with those defendants.

73.    Judge Meyers' impartiality has been put into question by the fact that he issued a meritless and groundless order to show cause why the Petitioner's chapter 7 case should not be dismissed, and the only likely result for issuing that meritless order was to have the Petitioner's chapter 7 case dismissed to favor defendants Louise Adler, Haeji Hong, and Gerald Davis, among others.

74.    And Judge Meyers' defense of his meritless order to show cause with different facts in both the order to show cause and in the memorandum decision and with the taking off the calendar the hearing on the motion to disqualify and to set aside the order to show cause without giving Petitioner the opportunity to be heard and present evidence, is an indication that he took offense with the filing of the motion to disqualify, which created the appearance of partiality and bias, and disqualifies him from presiding over Petitioner's chapter 7 case.

75.    As the evidence and argument of Petitioner above shows, Judge Meyers has created an appearance of partiality and bias in the Petitioner's chapter 7 case, therefore, he is disqualified from presiding over the case.

## FIRST CLAIM FOR RELIEF
(Declaratory Relief: 28 U.S.C. 2201)

76.    Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 75 above, as though the same were fully set forth herein at this point.

77.    Petitioner has established facts that demonstrate that the actions of Respondent Judge Meyers have created the appearance of partiality and bias, with the intention of favoring defendants Louise Adler, Haeji Hong, and Gerald Davis.

78.    Petitioner seeks a declaration that the actions of Respondent James Meyers constitute a violation of the public confidence in the judicial process and of the Petitioner's Constitutional rights.

## SECOND CLAIM FOR RELIEF
(Writ of Mandamus to Compel Recusal: 28 U.S.C. 455)

79.    Petitioner incorporates by this reference each and every allegation contained in paragraphs 1 through 78 above, as though the same were fully set forth herein at this point.

80.    Petitioner has established facts that demonstrate that the actions of Respondent James Meyers rise to the level for mandating recusal.

81.    Petitioner seeks a writ of mandamus compelling Respondent James Meyers to be recused from presiding over Petitioner's chapter 7 case.

## PRAYER TO THE COURT

**WHEREFORE,** Plaintiff prays for relief as follows:

1.0    For a Declaration that the actions of Respondent Honorable Judge Meyers create
        the appearance of partiality and bias in Petitioner's chapter 7 case;

2.0    For a writ of mandamus compelling Respondent Honorable James Meyers to

recuse from presiding over Petitioner's chapter 7 case;

3.0    For such other and further relief as this court may deem just and proper.

Dated: 5/27/08

Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA  92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this $\underline{27}$ day of May 2008, the above and foregoing MOTION TO WITHDRAW REFERENCE was delivered by U.S. First Class Mail to the persons listed below:

NOTICE:   In order to reduce the cost of Debtor, the persons listed below were served without the Exhibits.  These persons are asked to obtain copies of the Exhibits from the Bankruptcy Court or from PACER.

James Kennedy, Trustee
P.O. Box 28459
San Diego, CA 92198

Beth A. Cluckey, U.S. Attorney
Attorney for Federal Defendants
880 Front Street, Room 6293
San Diego, CA 92101

Jeffrey D. Cawdrey
Attorney for Gerald Davis
101 West Broadway, Suite 2000
San Diego, CA 92101

Patrick C. Hargadon
P.O. Box 1675
Dripping Springs, TX 78620

Haeji Hong
Office of the U.S. Trustee
401 West Broadway, Suite 600
San Diego, CA 92101

Robert E. Black
1145 W. 5th Street, Suite 201
Austin, TX 78703

I certify under penalty of perjury that the foregoing is true and correct.

Executed on $\underline{5/27/08}$

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this $\underline{27}$ day of May 2008, the above and foregoing MOTION TO WITHDRAW REFERENCE was delivered by U.S. First Class Mail to the persons listed below:

NOTICE:   In order to reduce the cost of Debtor, the persons listed below were served without the Exhibits. These persons are asked to obtain copies of the Exhibits from the Bankruptcy Court or from PACER.

James Kennedy, Trustee
P.O. Box 28459
San Diego, CA  92198

Beth A. Cluckey, U.S. Attorney
Attorney for Federal Defendants
880 Front Street, Room 6293
San Diego, CA  92101

Jeffrey D. Cawdrey
Attorney for Gerald Davis
101 West Broadway, Suite 2000
San Diego, CA  92101

Patrick C. Hargadon
P.O. Box 1675
Dripping Springs, TX  78620

Haeji Hong
Office of the U.S. Trustee
401 West Broadway, Suite 600
San Diego, CA  92101

Robert E. Black
1145 W. 5th Street, Suite 201
Austin, TX  78703

I certify under penalty of perjury that the foregoing is true and correct.

Executed on $\underline{5|27|08}$

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

```
FILED
JUN 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY
```

FILED KD
2008 MAY 27 PH 4:06
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

08 CV 1048 JLS LSP

In re                                    )        Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )        **DEBTOR'S OBJECTION TO**
                                         )        **JUDGE MEYERS' MEMORANDUM**
        Debtor                           )        **DECISION DENYING DEBTOR'S**
                                         )        **MOTION TO DISQUALIFY JUDGE**
                                         )        **MEYERS AND TO RECONSIDER**
                                         )        **ORDER TO SHOW CAUSE**
                                         )

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Debtor, Anibal Mesala Silva, and objects to the findings of fact made by

Judge James Meyers in his memorandum decision denying Debtor's motion to disqualify judge

Meyers and to reconsider the order to show cause.

Debtor asserts that Judge Meyers has falsely and incorrectly stated the facts that led to the

issuing of his order to show why Debtor's chapter 7 case should not be dismissed and that there

is enough evidence to justify the setting aside of his order to show cause and the disqualification

of Judge Meyers.

Furthermore, Debtor asserts that judge Meyers has violated Debtor's Constitutional rights

to notice and hearing by taking off the calendar the hearing on the motion to set aside the order

to show cause and the motion to disqualify judge Meyers, which had been set for May 29, 2008,

without giving Debtor the opportunity to object and present evidence in support of those

motions.

As reason for taking off the calendar the hearing on those motions, judge Meyers stated:



"The court has reviewed those two motions and determined that further hearing would not be helpful."

Based on the evidence already submitted to the court, Debtor objects to judge Meyers' memorandum decision denying Debtor's motion to disqualify judge Meyers and to reconsider the order to show cause, and Debtor has no other choice other than to file a Petition in District Court for a writ of mandamus and proceed with Discovery, so Debtor's rights to a fair and unbiased trial are validated.

WHEREFORE, Anibal Mesala Silva, Debtor, objects to the findings of fact made by Judge James Meyers in his memorandum decision denying Debtor's motion to disqualify judge Meyers and to reconsider the order to show cause.

DATED: 5/27/08

_____
Anibal Silva, Debtor pro se

FILED

JUN 12 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1048 JLS LSP

In re                                    )        Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )        **MEMORANDUM OF POINTS AND**
                                         )        **AUTHORITIES IN SUPPORT OF**
            Debtor                       )        **DEBTOR'S OBJECTION TO**
                                         )        **JUDGE MEYERS' MEMORANDUM**
                                         )        **DECISION DENYING DEBTOR'S**
                                         )        **MOTION TO DISQUALIFY JUDGE**
                                         )        **MEYERS AND TO RECONSIDER**
                                         )        **ORDER TO SHOW CAUSE**

COMES NOW Debtor, Anibal Mesala Silva, and submits this memorandum of points

and authorities in support of his objection to judge Meyers memorandum decision denying

Debtor's motion to disqualify judge Meyers and to reconsider the order to show cause.

#### FALSE AND INCORRECT FINDINGS OF JUDGE MEYERS

On April 15, 2008, after giving Debtor less than ten (10) days notice to respond or have

his case dismissed without a hearing, judge Meyers issued an order denying Debtor's motions

docketed as numbers 164, 165, 171, and 172, and requiring Debtor to show cause why his

chapter 7 case should not be dismissed.

In that order, judge Meyers stated:  "Given the history and circumstances of this Case and

the Debtor's prior Case 07-00324-A7, the meeting of creditors required by Section 341(a) was

scheduled and convened within a reasonable time after the order for relief in this case, and is not

"void"; the Debtor has not yet complied with Section 521 and Fed. R. Bankr. P. 4002 to fulfill

his duties as a Debtor, and the Debtor has provided no valid cause to reconsider the Order

Extending Time to Object to Discharge entered March 5, 2008 (No. 177), or the Amended


CR 227

Minute Order Denying Debtor's Motions for Sanctions and Protective Orders (No. 105);

therefore, IT IS ORDERED that…"

    "IT IS FURTHERED ORDERED that:  5) The Debtor is to SHOW CAUSE WHY THIS

CHAPTER 7 CASE SHOULD NOT BE DISMISSED, for failure to comply with the Court's

Amended Minute Order Dated October 30, 2007 requiring the Debtor to prepare and file tax

returns by November 6, 2007, and for failure to cooperate with the Trustee as required by

Section 521.  To avoid dismissal, the DEBTOR SHALL FILE A WRITTEN EXPLANATION

CONCERNING THE STATUS OF HIS TAX RETURNS ON OR BEFORE APRIL 25, 2008."

See Exhibit OJMO-1.

    Debtor filed with the court on April 25, 2008, a combined response to the show cause

order why his chapter 7 case should not be dismissed; and a motion to set aside that same order

(to show cause) pursuant to the 5th Amendment to the U.S. Constitution, Rule 2002 of FRBP and

11 U.S.C. 707; and filed a motion to disqualify judge James Meyers under 28 U.S.C. 455 as well.

See Exhibit OJMO-2

    In his combined response, Debtor provided evidence that the order to show cause why the

Debtor's case should not be dismissed should be set aside because it was moot due to the fact

that those issues had already been decided by the court, that nobody had objected to the order,

that the conditions set by Court's Amended Minute Order Date October 30, 2007 had already

been satisfied by the Debtor, that Debtor had notified the Court of his compliance with the

conditions, that no party in interest had objected to the Debtor's compliance with the Order, and

that the Court could not revisit those issues already decided without having a dispute or

controversy in front of the court, otherwise, it would violate the Debtor's due process and Rule

2002 of FRBP and 11 U.S.C. 707.

In his combined response, Debtor also raised the issue that judge Meyers had admitted in the order to show cause that, all on his own and without a dispute or controversy being in front of him, he had reviewed the history of Debtor's prior Chapter 7 case, (07-00324), and that based on that review it had concluded that, among other things, that Debtor had failed to comply with the Court's Amended Minute Order Dated October 30, 2007, requiring Debtor to prepare and file tax returns by November 6, 2007, and that Debtor had failed to cooperate with the Trustee as required by Section 521, notwithstanding the fact that there was no dispute or controversy relating to those issues was in front of the court in the hearing of March 27, 2008, and notwithstanding the fact that the evidence already filed with the court showed that Debtor had already complied with the order of October 30, 2007.

In his motion to disqualify Judge Meyers, Debtor asserted that based on judge Meyers' own statements, he was disqualified for presiding over Debtor's case for the appearance of partiality and bias for the simple fact that he had issued the illegal order to show cause why Debtor's case should not be dismissed right after reviewing the Debtor's prior chapter 7 case (07-00324), where the acts of some of the defendants in that case, judge Louise Adler, Haeji Hong, Gerald Davis, and Patrick Hargadon, had led to the Debtor filing the adversary proceeding 07-90588 against them for violation of Debtor's civil rights, and the motion for sanctions against the U.S. Department of Justice's attorney, Joseph Gaeta and the Austin, Texas Federal District judge, Lee Yeakel, for violating the automatic stay of 11 U.S.C. 362(a). Therefore, judge Meyers is disqualified for trying to favor the defendants in case 07-90588 by issuing the illegal order to show cause why the Debtor's chapter 7 case should not be dismissed, without any justification, for trying to dismiss the Debtor's case without justification, for trying to harm the Debtor as well.

On May 19, 2008, Judge Meyers issued a memorandum decision denying Debtor's motions to disqualify judge Meyers and to reconsider order to show cause; and issued an order (1) denying motion to disqualify judge James Meyers (2) denying motion to set aside order to show cause, and taking hearings off the calendar. See Exhibit OJMO-3.

In his memorandum decision, judge Meyers falsely and incorrectly alleges as follows: "... Rather than fulfill his responsibilities as set forth in Section 521 and Fed. R. Bankr. P. 4002, the Debtor filed a series of Notices of appearance to invalid Section 341 Meeting of Creditors, which stated he would appear, but not submit to examination. By refusing to submit to examination, the Debtor was preventing the entry of the discharge he requested, and creating the basis to extend the time for interested parties to file objections to discharge. In reviewing the Debtor's request to reconsider judge Hargrove's ruling as reflected in the Amended Minute Order, the court became aware of the precondition for not dismissing this case. The condition imposed by Judge Hargove was a requirement that the Debtor file his tax returns by November 6, 2007.

The court issued an order after the March 27, 2008 hearing, which included a requirement that the Debtor file a written explanation concerning the status of his tax returns. In addition, the order indicated the case could be dismissed for failure to cooperate with the Trustee as required under Section 521, which includes the duty to surrender books and records and provide copies of tax returns.'

"... Given the conditions imposed in judge Hargrove's Amended Minute Order, and the Debtor's written statement of his intent to refuse to be examined by the Trustee until his claims in Adversary No. 07-90588 were decided, it was both necessary and appropriate to enter the Order to Show Cause. Furthermore, the Debtor misconstrues the Order to Show Cause. It does

not indicate this case will be automatically dismissed without further hearing. The Order to Show Cause is merely the first step this Court takes in considering whether it would be appropriate to issue a notice of intent to dismiss the case."

"The only basis for disqualification provided by the Debtor is the issuance of the Order to Show Cause and the Debtor's musings about the possible reasons this Court would issue such an order. The Debtor has not asserted any facts to support his allegations of bias or prejudice. As discussed above, this Court issued the Order to Show Cause to determine whether the Debtor has complied with the October 30, Amended Minute Order issued by judge Hargrove before his retirement, and to ensure that the Debtor understood he must fulfill the statutory duties of a debtor or face the possibility that this case could be dismissed."

WITH ALL DUE RESPECT TO Judge Meyers, his finding of facts is false and incorrect.

First of all, judge Meyers' memorandum of decision presents different facts that the order to show cause. In the memorandum of decision judge Meyers talks about for the first time about the issue of the Section 341 meeting of creditors as the reason for issuing the order to show cause and negates the fact that in the order to show cause, he admitted after reviewing the Debtor's prior chapter 7 case, he had concluded that Debtor had not complied with the order of October 30, 2007, and he negates the fact that there was not any dispute or controversy in front of him in the hearing of March 27, 2008 that related to the issues contained in the order to show cause or with the compliance with the amended order of October 30, 2007;

Second, the issue of the conditions and requirements of judge Hargrove's October 30, 2007 amended minute order is completely separate and one hundred percent (100%) different from the issue and dispute involving the Section 341 meeting of creditors that judge Meyers now states in the memorandum decision as the reason for issuing the order to show cause,

notwithstanding the fact that those two issues had already been presented to him for adjudication, that he had made rulings on both issues already, and that no a single person in interest had objected to the those rulings; and

Third, the issue of the Section 341 meeting of creditors and its accompanying examination had arisen from the MISCONDUCT of the U.S. Trustee's attorney, Haeji Hong, who just happens to be one of the defendants in the adversary case 07-90588, and which misconduct is described as follows:  1) Terminating the services of the original appointed chapter 7 Trustee, Gregory A. Akers, and cancelling the first original 341 meeting of creditors that had been set for December 10, 2007, meeting to which Debtor attended for examination; 2) The appointment of the disqualified and biased Trustee, Gerald Davis, (another defendant in case 07-90588) as successor chapter 7 Trustee for Mr. Akers, and setting a new 341 meeting of creditors for February 8, 2008;.3) The rejection of Gerald Davis appointment as chapter 7 Trustee for conflict of interest and cancellation of the Section 341 meeting of creditors; 4) The appointment of James Kennedy as successor Trustee and setting a new Section 341 meeting of creditors for February 11, 2008.  See Exhibits OJMO 4 through 10.

Had not been for the misconduct of Haeji Hong in trying to manipulate the appointment of the chapter 7 Trustee and the Section 341 meeting of creditors, Debtor would have been examined by the original chapter 7 Trustee, Gregory Akers, the issue of the examination would never have arisen, and the meeting of creditors would have been concluded a lot sooner, instead of April 7, 2008.

Debtor's argument in his two notices of appearance to the Section 341 meeting of creditor related to the fact that there was an outstanding motion to void the 341 meeting of creditors in the grounds that they had been set outside the provisions of FRBP 2003, which states

that the meeting of creditors shall not to be set more than 40 days after the order for relief, and as well for the fact that there was an ongoing litigation, (adversary 07-90588) where part of the relief being sought included the determination that the U.S. Trustee's attorney, Haeji Hong, and Trustee Gerald Davis had utilized the 341 meeting of creditors for improper reasons including obtaining information from Debtor for use in a frivolous civil action with the intention of obtaining a profit from Debtor by fraudulent means. See Motions in Dockets 141, 148, 152, and 155.

On February 19, 2008, the court took off from the calendar the hearing on the Debtor's motion to void the Section 341 meeting of creditors and Debtor had to re-notice the hearing on February 28, 2008 and a get a new hearing, which was set for March 27, 2008. See pleadings in Dockets 162 and 171.

On February 22, 2008, judge Meyers heard and ruled on the U.S. Trustee's motion to extend time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727. Judge Meyers set a deadline of May 9, 2008 for any interested party to file an objection to Debtor's discharge and to file a motion to determine the dischargeability of a debt. See pleadings in Docket 168.

In that hearing (February 22, 2008), the U.S. Trustee's attorney, David Ortiz, raised the issue of the February 11, 2008 Debtor's notice of appearance to invalid section 341 meeting of creditors and the examination of the Debtor. The court replied that Mr. Ortiz would have to submit a request to the court to get another extension in the event Debtor filed another notice for the hearing of March 10, 2008. Mr. Ortiz did not bring any other motion, objection or request to the court regarding the notices of Debtor prior to the conclusion of the 341 meeting of creditors on April 7, 2008, therefore the dispute or controversy regarding the Section 341 meeting of

creditors was over, the U.S. Trustee waived any right to oppose the discharge of Debtor, judge Meyers did not have any dispute or controversy in front of him to revisit that issue again and the issues raised in the order to show cause were moot as a result of the failure of the parties in interest to act prior to the deadline of May 9, 2008.

On March 27, 2008, judge Meyers heard the Debtor's motion for reconsideration of the minute order granting the U.S. Trustee's motion to extend time to file a motion to object to discharge; the motion to void the 341 meeting of creditors and stay meeting of creditors proceedings; the motion to set aside the October 30, 2007 amended minute order that denied the Debtor's motion for sanctions against Joseph Gaeta and denied the Debtor's motion for protective order. See Docket 191.

In that hearing (March 27, 2008) the court denied the Debtor's motion to set aside the October 30, 2007 amended minute order denying sanctions against Joseph Gaeta and denying the motion for protective order; and denied as well the motion to void the Section 341 meeting of creditors and stay the meeting of creditors proceedings, which was the basis for Debtor filing the notices of appearance to invalid 341 meeting of creditors and for not submitting to examination.

On April 7, 2008, eleven days after the ruling of the court, Debtor appeared at the 341 meeting of creditors and submitted to examination. The Chapter 7 Trustee, James Kennedy, concluded the meeting and filed his initial report with the court stating that the meeting of creditors had been held and that it had been concluded. See Docket 198.

Therefore, WITH ALL DUE RESPECT to judge Meyers, his allegations that Debtor had failed to comply with the conditions and requirements of judge Hargrove's order of October 30, 2007, are false and incorrect, and the issue and dispute of the invalid Section 341 meeting of creditors and Debtor's examination arose directly from the misconduct of the U.S. Trustee's

attorney and HAD NOTHING TO DO WHATSOEVER WITH THE CONDITIONS AND

REQUIREMENT OF JUDGE HARGROVE'S ORDER OF OCTOBER 30, 2007.

Debtor incorporates into this objection the following evidence and requests the court to

take judicial notice of the following:

1.      Notice of meeting of creditors and appointment of Gregory A. Akers as chapter 7

Trustee. **Docket 119.**

2.      Amended meeting of creditors and notice of appointment of Gerald Davis as

chapter 7 Trustee. Meeting of creditors set for 2/8/2008. **Docket 128.**

3.      Gerald Davis rejection of appointment as chapter 7 Trustee. **Docket 135.**

4.      Appointment of James Kennedy as chapter 7 Trustee and meeting of creditors set

for 2/11/2008. **Docket 136.**

5.      U.S. Trustee's motion to extend time to file a motion pursuant to 11 U.S.C.

Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C.

Section 727. Hearing set for 2/22/2008. **Docket 138.**

6.      Amended notice of hearing of U.S. Trustee's motion to extend time. **Docket 140.**

7.      Debtor's motion for an order to disqualify the chapter 7 Trustee, the U.S. Trustee,

and void the reset 341 meeting of creditors set 1/16/08. Hearing set for 2/28/08. **Docket 141.**

8.      Debtor's motion to void the 341 meeting of creditors and any other subsequent

341 meeting of creditors. Hearing set for 2/28/08. **Docket 148.**

9.      Opposition of U.S. Trustee to Debtor's motion for an order to disqualify the

chapter 7 Trustee and U.S. Trustee; and for an order to void the 341 meeting of creditors set for

1/16/08 and any other subsequent 341 meeting of creditors. **Docket 149.**

10.      Debtor's opposition to U.S. Trustee's motion for extension of time to file a

motion and object to discharge and request for judicial notice. **Docket 152.**

11.    Debtor's notice of appearance to invalid Section 341 meeting of creditors pending Debtor's motion to void 341 meeting of creditors. **Docket 155.**

12.    Trustee's notice of continuance of meeting of creditors to 3/10/08. **Docket 160.**

13.    Court's notice to parties taking off matter off calendar. **Docket 162.**

14.    U.S. Trustee's reply to Debtor's combined opposition to U.S. Trustee's motion to extend time to object to Debtor's discharge. **Docket 163.**

15.    Minute order on hearing for U.S. Trustee's motion to extend time. **Docket 168.**

16.    Debtor's amended motion to void 341 meeting of creditors and stay 341 meeting of creditors proceedings. Hearing set for 3/27/08. **Docket 171.**

17.    Debtor's motion for reconsideration of interlocutory and minute orders granting the U.S. Trustee's motion to extend time to object to discharge. Hearing set for 3/27/08. **Docket 172.**

18.    Order granting motion extending time to object to discharge. **Docket 177.**

19.    Debtor's notice of appearance to invalid Section 341 meeting of creditors. **Docket 181.**

20.    Trustee's notice of continuance of meeting of creditors to 4/7/08. **Docket 182.**

21.    U.S. Trustee's opposition to Debtor's motion for an order to void the 341 meeting of creditors; and motion to stay meeting of creditors proceedings. **Docket 186.**

22.    Court's minute order on hearing held on 3/27/08. **Docket 191.**

23.    Trustee's initial report and First Meeting of Creditors held. **Docket 198.**

WHEREFORE, premises considered, Debtor, Anibal Mesala Silva, objects to the findings of fact made by Judge James Meyers in his memorandum decision denying Debtor's

motion to disqualify judge Meyers and to reconsider the order to show cause.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

# EXHIBIT OJMO-1



1

2

3

4

5

6

7

8             UNITED STATES BANKRUPTCY COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   In re                          Bankruptcy No. 07-03740-M7

12
     ANIBAL MESALA SILVA,           ORDER DENYING DEBTOR'S MOTIONS
13                                   DOCKETED AS NUMBERS 164, 165,
                                     171 and 172, AND REQUIRING
14                      Debtor.      DEBTOR TO SHOW CAUSE WHY THIS
                                     CHAPTER 7 SHOULD NOT BE
15                                   DISMISSED

16

17

18         After a hearing on March 27, 2008, review of the history of this

19   case, the Debtor's prior Chapter 7, (07-00324-A7), and the documents

20   filed in support of and in opposition to the Debtor's motions docketed

21   as Numbers, 164, 171 and 172, the Court concluded that:

22         - Given the history and circumstances of this Case and the

23   Debtor's prior Case 07-00324-A7, the meeting of creditors required by

24   § 341(a) was scheduled and convened within a reasonable time after the

25   order for relief in this case, and is not "void";

26         - The Debtor has not yet complied with §521 and Fed.R.Bankr.P.

27   4002 to fulfill his duties as a Debtor, and

28         - The Debtor has provided no valid cause to reconsider the Order

Entered 4-16-08

FILED

APR 15 2008

CLERK, US BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

1  Extending Time to Object to Discharge entered March 5, 2008 (No. 177),

2  or the Amended Minute Order Denying Debtor's Motions for Sanctions and

3  Protective Orders (No. 105); therefore,

4       IT IS ORDERED that:

5       1) Debtor's Motion For a Discharge (No. 164) is DENIED, without

6  prejudice;

7       2) Debtor's Motion to Void and Stay the § 341 Meeting of

8  Creditors (No. 171) is DENIED;

9       3) Debtor's Motion for Reconsideration (No. 172) of the Order

10  Granting an Extension of Time to File a Motion under § 707(b)(3) or

11  a Complaint under §§ 523 or 727 is DENIED;

12       4) Debtor's Motion (No. 165) to Set Aside Amended Minute Order

13  Denying Motion for Sanctions for Violation of the Automatic Stay and

14  Motion for Protective Order is DENIED;

15       IT IS FURTHER ORDERED that:

16       5) **The Debtor is to SHOW CAUSE WHY THIS CHAPTER 7 CASE SHOULD NOT**

17  **BE DISMISSED**, for failure to comply with the Court's Amended Minute

18  Order Dated October 30, 2007, requiring the Debtor to prepare and file

19  tax returns by November 6, 2007, and for failure to cooperate with the

20  Trustee as required by § 521.  To avoid dismissal, the **DEBTOR SHALL**

21  **FILE A WRITTEN EXPLANATION CONCERNING THE STATUS OF HIS TAX RETURNS**

22  **ON OR BEFORE APRIL 25, 2008.**

23  DATED:  APR 15 2008

24

25                          JAMES W. MEYERS, Judge
                            United States Bankruptcy Court

26

27

28

                                    2

# EXHIBIT OJMO-2

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED TS

08 APR 25 PM 2:12

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re                                    )     Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )     **DEBTOR'S NOTICE AND COMBINED**
                                         )     **RESPONSE TO SHOW CAUSE WHY**
            Debtor                       )     **HIS CHAPTER 7 CASE SHOULD NOT**
                                         )     **BE DISMISSED; AND MOTION TO**
                                         )     **SET ASIDE THAT SAME ORDER (TO**
                                         )     **SHOW CAUSE) PURSUANT TO THE**
                                         )     **5TH AMENDMENT TO THE U.S.**
                                         )     **CONSTITUTION, RULE 2002 OF FRBP**
                                         )     **AND 11 U.S.C. 707**
                                         )
                                         )     DATE: 5/29/2008
                                         )     TIME: 2:00 pm
                                         )     DEPT: 1

TO:   Steven J. Katzman, U.S. Trustee          James Kennedy, Chapter 7 Trustee
      Office of the U.S. Trustee                P.O. Box 28459
      402 West Broadway, Suite 600             San Diego, CA 92198
      San Diego, CA 92101-8511

Please take notice that on May 29, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Debtor's Combined response to show cause why his

chapter 7 case should not be dismissed; and the motion to set aside that same order (to show

cause) pursuant to the provisions of the 5th Amendment of the U.S. Constitution, Rule 2002 of

Federal Rules of Bankruptcy Procedure, and 11 U.S.C. 707.

The basis for the Motion is:

1.      That the order issued by the court to show cause why Debtor's chapter 7 case

should not be dismissed was issued in violation of the provisions of the 5th Amendment to the

U.S. Constitution, therefore it should be aside for being unconstitutional; and

2.     That the order issued by the court to show cause why Debtor's chapter 7 case should not be dismissed was issued in violation of the provisions of Rule 2002 of the Federal Rules of Civil Procedure and 11 U.S.C. 707, therefore it should be aside for being illegal.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order to set aside the order to show cause why Debtor's case should not be dismissed.

DATED: 4/25/08

_____
Anibal Silva, Debtor pro se

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

FILED

08 APR 25  PM 2: 12

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No: 07-03740-JM7 |
| Anibal Mesala Silva | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S COMBINED RESPONSE TO SHOW CAUSE WHY HIS CHAPTER 7 CASE SHOULD NOT BE DISMISSED; AND MOTION TO SET ASIDE THAT SAME ORDER (TO SHOW CAUSE) PURSUANT TO THE 5TH AMENDMENT TO THE U.S. CONSTITUTION, RULE 2002 OF FRBP AND 11 U.S.C. 707** |
| Debtor | |
| | DATE: 5/29/2008 |
| | TIME: 2:00 pm |
| | DEPT: 1 |

With this pleading, Debtor provides the court with his response to show cause why his

chapter 7 case should not be dismissed and at the same time, moves the court to set aside the

same order (to show cause) for being issued in violation of Debtor's Constitutional rights

guaranteed by the 5th Amendment to the U.S. Constitution and for being issued in violation of

Rule 2002 of the Federal Rules of Bankruptcy Procedure and Section 707 of the Bankruptcy

Code, U.S. Title 11.

When taking over their job as judges, all Federal judges make an oath that they will

follow the laws of the U.S. Constitution and the laws of the United States.

Federal Courts are court of limited jurisdiction and they are only authorized to issue

rulings, decisions and orders in matters presented in front of them.

Once Federal judges issue rulings, decisions, and orders, and they have become final and appealable, they cannot revisit that same matter on their own without being a controversy in front of them to resolve.

To do otherwise with the simple objective just to please an adverse party, is grounds for immediate disqualification, either on the court's own decision or on the motion of the affected party.

In the issue at hand, the court issued an order to show cause why the Debtor's case should not be dismissed allegedly for failure to comply with the Court's Amended Minute Order Dated October 30, 2007, and for failure to cooperate with the Trustee as required by Section 521.

Those alleged issues as being the reason for issuing the order to show cause why the Debtor's case should not be dismissed, were previously disposed with the following: 1) in the hearing of October 30, 2007 [court docket 103] where the chapter 13 Trustee's attorney actively participated; 2) with the compliance of the order in the part of Debtor and the proof which was filed with court on November 6, 2007 [court docket 116]; 3) with the lodging of the order filed by Tom Stahl, on behalf of the U.S. Department of Justice, on December 17, 2007 [court docket 132]; 4) with the order signed by the judge on December 28, 2007 and which was entered on the docket on December 28, 2007 [court dockets 133 and 134]; and finally, 5) with the chapter 13 Trustee's final report and account, the order approving account and discharging chapter 13 trustee, and the court certificate of mailing of chapter 13 Trustee's final report and account, actions which discharged the Trustee from the case without ever raising any issues regarding the compliance of Debtor with the Court's Amended Minute Order Dated October 30, 2007, nor any issues regarding the Debtor's tax returns or his cooperation with the Trustee.

Furthermore, on April 7, 2008, Debtor attended the Section 341 meeting of creditors with

the Chapter 7 Trustee, James Kennedy, presiding over the meeting and never raising any issues regarding the Debtor's income taxes or his cooperation with him.

Additionally, Mr. Kennedy, Chapter 7 Trustee, filed with the court on April 7, 2008 a notice indicating that the meeting of creditors had concluded and he never raised any issues regarding the Debtor's income tax returns, the cooperation with him, or any issues regarding the Court's Amended Minute Order Dated October 30, 2007.

Now, on April 15, 2008, the court issued and mailed, on its own and without any controversy at hand, the order to Debtor to show cause why the Debtor's case should not be dismissed and to top it off, the order required the Debtor to respond to the order on or before April 25, 2008, which is less than ten (10) days after the order being mailed to Debtor.

The order issued by the court to show cause why the Debtor's case should not be dismissed is a blatant violation of the Debtor's Constitutional rights guaranteed by the 5th Amendment to the U.S. Constitution and of the laws of the United States incorporated in Rule 2002 of the Federal Rules of Bankruptcy Procedure and Section 707 of the United States Title 11, and as such, the order must be set aside.

## BACKGROUND

On March 27, 2008 the court held a hearing regarding several motions of Debtor and opposition of the respondents.

None of the controversies in front of the court during the hearing, related to the Debtor's taxes or to Debtor's cooperation with the chapter 7 Trustee.

At the end of the hearing, the court stated in open court that it would be issuing a written ruling regarding the controversies at hand, which it did not include, not even remotely, anything related to Debtor's income taxes or his cooperation with the Trustee.

On or about April 17, 2008 Debtor received two envelopes from the court, which contained the order issued by the court to show cause why the Debtor's case should not be dismissed.

## VIOLATION OF DEBTOR'S CONSTITUTIONAL RIGHTS GUARANTEED BY THE 5TH AMENDMENT TO THE U.S. CONSTITUTION

The United States Constitution states only one command twice.

The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. These words have as their central promise an assurance that all levels of American government must operate within the law ("legality") and provide fair procedures.

If the courts stretched Fourteenth Amendment "due process" to apply the Bill of Rights to the states, they stretched Fifth Amendment "due process" to require the federal government to afford equal protection of the laws.

The Due Process Clause operates against the federal government just as the Equal Protection Clause does against the states for the actually expressed rights and unnamed substantive due process rights.

That it is not just enough for the government just to act in accordance with whatever law there may happen to be. That citizens are also entitled to have the government observe and offer fair procedures, whether or not those procedures have been provided for in the law on the basis of which it is acting. Actions denying the process that is "due" would be unconstitutional.

Debtor has the right to Due Process, which includes the right to receive notification of the proposed action and the grounds asserted for it, the right for opportunity to present reasons in a hearing why the proposed action should not be taken, the right to present evidence, including the

right to call witnesses, the right to a decision based exclusively on the evidence presented, and most importantly, **Debtor has the right to an unbiased, impartial, and fair tribunal, and any actions taken in violation of any of these fundamental rights are unconstitutional.**

"At the core of the Due Process Clause is the right to notice and a hearing at a meaningful time and in a meaningful manner", stated the 9th Circuit in *Sinaloa Lake Owners Asso. V. Simi Valley, 882 F.2d 1398*; and went on to say "The rationale for permitting government officials to act summarily in emergency situations does not apply where the officials know no emergency exists, or where they act with reckless disregard of the actual circumstances." And finish by stating "The Due Process Clause includes a substantive component that guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate. Substantive due process is violated at the moment the harms occurs…"

"The fundamental requisite of due process is the opportunity to be heard, a right that has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to contest." Stated the U.S. Supreme Court in *Goss et al. v. Lopez et al., 419 U.S. 565*.

"The central meaning of procedural due process is clear, as parties whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right they must first be notified. It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." Stated the Supreme Court in *Fuentes v. Shevin 407 U.S. 67*.

In the present issue (order to show cause), the court states: "After a hearing on March 27, 2008, review of the history of this case, the Debtor's prior Chapter 7, (07-00324-A7), and the

documents filed in support of and in opposition to the Debtor's motions docketed as Numbers, 164, 17, and 172, the Court concluded that…"

In that order to show cause, the court admits that it reviewed on its own the history of Debtor's prior Chapter 7 (07-00324-LA) and that based on that in concluded, among other things, that Debtor had failed to comply with the Court's Amended Minute Order Dated October 30, 2007, requiring the Debtor to prepare and file tax returns by November 6, 2007, and that he had failed to cooperate with the Trustee as required by Section 521, notwithstanding the fact that none of those issues were in front of the court in the hearing of March 27, 2008, and notwithstanding the fact that the evidence filed with the court already showed that Debtor had complied with that order.

The only thing that the court was going to rule on after the hearing of March 27, 2008, based on the own statements of the court, related to the issues raised by Debtor's motions, and the court never stated that it was going to picking and choosing, on its own, issues found in the previous Debtor's chapter 7 case or any other previous issues that had already been decided and become final.

In issuing the order to show cause with a deadline of less than ten days to respond without being a controversy relating to it and for issues that had already been decided, the court denied Debtor's Constitutional rights to a fair, impartial, and unbiased process guaranteed by the 5th Amendment to the U.S. Constitution, therefore the order should be set aside.

## VIOLATION OF RULE 2002 OF FRBP AND SECTION 707 OF U.S. TITLE 11

The federal courts of the United States must follow the laws of our Constitution and the laws passed by the United States Congress. The responsibility to create and pass laws rest upon the legislators, not upon the courts. No evil arising from such a legislation could be more far

reaching than those that might come to our system of government if the judiciary, abandoning the sphere assigned to it by the fundamental law, should enter the domain of legislation, and upon grounds merely of justice or reason or wisdom annul statutes that had received the sanction of the people's representatives. The public interest imperatively demand that legislative enactments should be recognized and enforced by the courts as embodying the will of the people, unless they are plainly and palpably, beyond all question, in violation of the fundamental law of the Constitution.

Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure states: "(a) Twenty-day notices to parties in interest. Except as provided in subdivisions (h), (i), and (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of: (4) in a chapter 7 liquidation, a chapter 11 reorganization case, and a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case or the conversion of the case to another chapter, unless the hearing is under Section 707(a)(3) or Section 707(b) or is on dismissal of the case for failure to pay the filing fee;"

Section 707 of U.S. Title 11 states: "Dismissal. (a) The court may dismiss a case under this chapter ONLY after notice and a hearing and only for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee."

There is no provision or rule either in the Federal Rules of Bankruptcy Procedure or in

the Bankruptcy Code stating that the Debtor's chapter 7 Bankruptcy case could be summarily dismissed without providing Debtor the required notice requirements and without giving him an opportunity for a hearing to present his objection.

The court issued the order to show cause why the Debtor's case should not be dismissed with a deadline to respond of less than ten (10) days and without giving him an opportunity to a hearing to present his objection.

The order to show cause was issued in blatant violation of Rule 2002 of FRBP and of Section 707 of U.S. Title 11, therefore, the order should be set aside for being illegal.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva requests that the court set aside the order to show cause why the Debtor's case should not be dismissed for being unconstitutional, illegal, and without any merits:

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing DEBTOR'S NOTICE AND COMBINED RESPONSE TO SHOW CAUSE WHY HIS CHAPTER 7 CASE SHOULD NOT BE DISMISSED; AND MOTION TO SET ASIDE THAT SAME ORDER (TO SHOW CAUSE) PURSUANT TO THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND 11 U.S.C. 707 was served by First Class Mail on the persons listed below as follows:

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __4/25/08__

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED TS

08 APR 25 PM 2: 15

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re                                    )    Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )    **DEBTOR'S NOTICE AND MOTION**
                                         )    **TO DISQUALIFY JUDGE JAMES**
            Debtor                       )    **MEYERS UNDER 28 U.S.C. 455**
                                         )
                                         )    DATE:  5/29/2008
                                         )    TIME:  2:00 pm
                                         )    DEPT:  1

TO:    Steven J. Katzman, U.S. Trustee
       Office of the U.S. Trustee               James Kennedy, Chapter 7 Trustee
       402 West Broadway, Suite 600             P.O. Box 28459
       San Diego, CA 92101-8511                 San Diego, CA 92198

AND ALL OTHER INTERESTED PARTIES:

Please take notice that on May 29, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Debtor's motion to disqualify judge Meyers under

28 U.S.C. 455.

The basis for the Motion is:

That by issuing an unconstitutional and illegal order, on his own, to show cause why the

Debtor's chapter 7 case should not be dismissed with less than ten (10) days to respond based on

issues that were previously decided and that were final and where there was not any controversy

relating to those previously decided issues, judge Meyers is disqualified in Debtor's case due to

his impartiality being questioned and for showing a personal bias and prejudice against Debtor.

Any opposition or other response to this motion must be served upon the undersigned and

the original and one copy of such papers with proof of service must be filed with the Clerk of the

U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER

THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an

opposition will be deemed a consent to the motion. This motion is supported by this notice and

motion, memorandum of points and authorities, and all pleadings on file in this case together

with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for the disqualification of judge

James Meyers under 28 U.S.C. 455.

DATED: 4 / 25 / 08

Anibal Silva, Debtor pro se

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED TS

08 APR 25 PM 2: 13

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: 07-03740-JM7 |
| | ) | |
| Anibal Mesala Silva | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| Debtor | ) | **DEBTOR'S MOTION TO DISQUALIFY** |
| | ) | **JUDGE JAMES MEYERS UNDER** |
| | ) | **28 U.S.C. 455** |
| | ) | |
| | ) | DATE:  5/29/2008 |
| | ) | TIME:  2:00 pm |
| | ) | DEPT:  1 |

The United States Constitution guarantees the right to an unbiased, impartial, and fair tribunal, and any actions taken in violation of any of these fundamental rights are unconstitutional.

Under Article VI, clause 3, of the U.S. Constitution, every judge or government attorney takes an oath to support the U.S. Constitution. Whenever any judge or government attorney violates the Constitution in the course of performing his/her duties, then that judge or government attorney is acting without lawful authority.

Canon 1 of the Code of Conduct for United States Judges [A judge should uphold the integrity and independence of the judiciary] states that an independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.

Deference to the judgments and rulings of courts depends upon public confidence in the

integrity and independence of judges. The integrity and independence of judges depend in turn upon their acting without fear or favor. Although judges should be independent, they should comply with the law, as well as the provisions of the Code of Conduct. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of the Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.

Canon 2 of the Code of Conduct [A judge should avoid impropriety and the appearance of impropriety in all activities] states:  A) A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.  B) A judge should not allow family, social, or other relationships to influence judicial conduct or judgment.  A judge should not lend the prestige of the judicial office to advance the private interest of others, nor convey or permit others to convey the impression that they are in a special position to influence the judge.

Canon 2A states that Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges.  A judge must avoid all impropriety and appearance of impropriety.  A judge must expect to be the subject of constant public scrutiny...Actual improprieties under this standard include violations of law, court rules or other specific provisions of the Code of Conduct...

Canon 3 section B subsection (3) [A judge should perform the duties of the office impartially and diligently] states that a judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer.

Canon 3 section C [Disqualification] subsection (1)(a) states that a judge shall disqualify

himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. Section 455 [Disqualification of justice, judge, or magistrate] states: (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;...

## BACKGROUND

On March 27, 2008 the court held a hearing regarding several motions of Debtor and opposition of the respondents.

None of the controversies in front of the court during the hearing, related to the Debtor's taxes or to Debtor's cooperation with the chapter 7 Trustee.

At the end of the hearing, the court stated in open court that it would be issuing a written ruling regarding the controversies at hand, which it did not include, not even remotely, anything related to Debtor's income taxes or his cooperation with the Trustee.

On or about April 17, 2008 Debtor received two envelopes from the court, which contained the order issued by the court to show cause why the Debtor's case should not be dismissed and requiring Debtor to respond in less than ten (10) days.

## ISSUING THE UNCONSTITUTIONAL AND ILLEGAL ORDER TO SHOW CAUSE TO HARM DEBTOR AND TO FAVOR OTHER PARTIES

It is an undisputed fact that the issues involving the order to show cause had already being disposed of, that the Court's Amended Minute Order Dated October 30, 2007 had become

final, that nobody had objected to the Amended Minute Order, or to the Debtor's compliance with the Amended Minute Order, that neither the Chapter 13 Trustee, David Skelton, or the Chapter 7 Trustee, James Kennedy, had raised any issues after the Amended Minute Order had become final regarding the Debtor's taxes or his cooperation with either Trustee.

Evidence of the fact that those issues were previously disposed of is shown in the following: 1) in the hearing of October 30, 2007 [court docket 103] where the chapter 13 Trustee's attorney actively participated; 2) with the compliance of the order in the part of Debtor and the proof which was filed with court on November 6, 2007 [court docket 116]; 3) with the lodging of the order filed by Tom Stahl, on behalf of the U.S. Department of Justice, on December 17, 2007 [court docket 132]; 4) with the order signed by the judge on December 28, 2007 and which was entered on the docket on December 28, 2007 [court dockets 133 and 134]; and finally, 5) with the chapter 13 Trustee's final report and account, the order approving account and discharging chapter 13 trustee, and the court certificate of mailing of chapter 13 Trustee's final report and account.

Further evidence is that on April 7, 2008, Debtor attended the Section 341 meeting of creditors with the Chapter 7 Trustee, James Kennedy, presiding over the meeting and never raising any issues regarding the Debtor's income taxes or his cooperation with him.

Additional evidence is the fact that Mr. Kennedy, Chapter 7 Trustee, filed with the court on April 7, 2008 a notice indicating that the meeting of creditors had concluded and he never raised any issues regarding the Debtor's income tax returns, the cooperation with him, or any issues regarding the Court's Amended Minute Order Dated October 30, 2007.

Since the evidence shows that the order issued by judge Meyers to show cause why the Debtor's case should not be dismissed with less than ten (10) to respond is illegal and

unconstitutional, it brings the question of why he would issue such an order.

Debtor has given a careful thought to that question and there are plenty of possible answers to that question. For example:

1.      That judge Meyers wants to find an excuse to dismiss the Debtor's case to avoid having to rule on the hearing of April 30, 2008, that the adversary proceeding titled U.S.A. v. Anibal Silva was frivolous and filed in violation of the automatic stay.

2.      That judge Meyers wants to find an excuse to dismiss the Debtor's case to avoid having to rule that the Federal District Judge, Lee Yeakel, was without jurisdiction to rule that the automatic stay did not apply to his case and that he violated the automatic stay.

3.      That judge Meyers wants to find an excuse to dismiss the Debtor's case to avoid having to rule that the Assistant U.S. Attorney, Joseph Gaeta, filed a frivolous complaint against Debtor and that Gaeta violated the automatic stay.

4.      That the previous chapter 7 Trustee, Gerald Davis, used the Section 341 meeting of creditors to obtain information from Debtor to use in a frivolous case to obtain a profit by fraudulent means.

5.      That the bankruptcy judge, Leif Clark, had ex parte communications with interested adverse parties and that his rulings and orders were null and void and issued with the intention of harming the Debtor.

6.      That the bankruptcy judge, Louise Adler, had ex parte communication with interested adverse parties and that her rulings and orders were null and void and issued with the intention of harming the Debtor.

7.      And the possible answers can go on and on.

The bottom line is that judge Meyers, on his own and without any controversy in front of

him and with the intention of finding an excuse to dismiss the Debtor's case to favor Debtor's

adverse parties, reviewed the previous Debtor's chapter 7 case to pick and choose issues that had

already been disposed of, and then issued an order to show cause why the Debtor's case should

not be dismissed with a deadline of less than ten (10) days to respond and that falsely charged

that the Debtor had failed to comply with the Court's Amended Minute Order Dated October 30,

2007, and for failure to cooperate with the Trustee as required by Section 521.

The actions of judge Meyers are a blatant violation of the U.S. Constitution, the laws of

the United States, and the Code of Conduct for the United States judges.

## JUDGE MEYERS IS DISQUALIFIED FROM PRESIDING OVER DEBTOR'S CASE

Judge Meyers is disqualified because his appearance of partiality is a due process

violation. "The United States is forbidden by the fundamental law to take either life, liberty, or

property without due process of law, and its courts are included in this prohibition." *Bass V.*

*Hoagland, 172 F.2d 205, 209 (1949); Del Vecchio v. Illinois Dept. of Corrections, 8 F.3d 509,*

*514 (7th Cir. 1993).*

When Debtor participates in the court proceedings, he presumes that judge Meyers does

not intend to violate the Constitution of the United States, and that he intends to make unbiased

and fair decisions, to allow Debtor the opportunity to a hearing to present evidence to oppose

intended actions raised by the false accusations made in the illegal and unconstitutional order to

show cause, and to rely exclusively on the evidence to make his decisions.

"It is important that the litigant not only actually receive justice, but that he believes that

he has received justice. A judge, like Caesar's wife, should be above suspicion." *Pfizer Inc. v.*

*Lord, 456 F.2d 532 (8th Cir. 1972).*

It has been held that a judge's self-appraisal that he or she is able to preside impartially

over the case is irrelevant. *Clay v. Doherty, 608 F.Supp 295 (N.D. Ill. 1985).* The Sciuto court,

among others, has stated that the right to a tribunal free from bias, prejudice, or appearance of

partiality is based on the Due Process Clause, and not on any statute. *United States v. Sciuto,*

*521 F.2d 842 (7th Cir. 1996).* Recusal is not intended to protect litigants from actual bias in their

judge but rather to promote public confidence in the impartiality of the judicial process, *Liljeberg*

*v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988); United States v.*

*Balistrieri, 779 F.2d 1191 (7th Cir. 1985);* it is directed against the appearance of partiality.

*United States v. Murphy, 768 F.2d 1518 (7th Cir. 1985).*

Any trial wherein the appearance of justice is lacking is barred by the Fifth Amendment

as lacking in Due Process. See *In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942*

*(1955).*

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva moves the court for an

order disqualifying judge James Meyers from presiding over the Debtor's case.

Respectfully Submitted,

_____

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing DEBTOR'S NOTICE AND MOTION TO DISQUALIFY JUDGE JAMES MEYERS UNDER 28 U.S.C. 455 was served by First Class Mail on the persons listed below as follows:

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198


I certify under penalty of perjury that the foregoing is true and correct.


Executed on __4/25/08__                    _____

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-3

# NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bankruptcy No. 07-03740-M7 |
| ANIBAL MESALA SILVA, | MEMORANDUM DECISION DENYING DEBTOR'S MOTIONS TO DISQUALIFY JUDGE JAMES MEYERS AND TO RECONSIDER ORDER TO SHOW CAUSE |
| Debtor. | |

On March 27, 2008, this Court held a hearing on several motions in this case and a related adversary proceeding. Among the matters presented by Anibal Mesala Silva ("Debtor"), was a motion to enter discharge, a motion to void the § 341(a) meeting of creditors, and a motion to reconsider an amended minute order entered by Judge Hargrove and dated October 30, 2007. Rather than fulfill his responsibilities as set forth in § 521 and Fed.R.Bankr.P. 4002, the Debtor filed a series of Notices of appearance to invalid Section 341 Meeting of Creditors, which stated he would appear, but not submit to examination. By refusing to submit to examination, the Debtor was

1

1  preventing the entry of the discharge he requested, and creating the
2  basis to extend the time for interested parties to file objections to
3  discharge.   In reviewing the Debtor's request to reconsider Judge
4  Hargrove's ruling as reflected in the  Amended Minute Order, the Court
5  became aware of the precondition for not dismissing this case.   The
6  condition imposed by Judge Hargrove was a requirement that the Debtor
7  file his tax returns by November 6, 2007.

8       This Court issued an order after the March 27, 2008 hearing,
9  which included a requirement that the Debtor file a written
10  explanation concerning the status of his tax returns.   In addition,
11  the order indicated the case could be dismissed for failure to
12  cooperate with the Trustee as required under § 521, which includes
13  the duty to surrender books and records and provide copies of tax
14  returns.

15       Rather than file a statement concerning the tax returns that were
16  to have been filed by November 6, 2007, the Debtor filed a motion to
17  disqualify the undersigned Judge under 28 U.S.C. § 455, and a motion
18  to reconsider the Order to Show Cause.   The Court has reviewed those
19  two motions and determined that further hearing would not be helpful.

20       Pursuant to § 105(a), the Court may issue any order that is
21  necessary or appropriate to carry out the provisions of the Bankruptcy
22  Code.   Given the conditions imposed in Judge Hargrove's Amended Minute
23  Order, and the Debtor's written statement of his intent to refuse to
24  be examined by the Trustee until  his claims in Adversary No. 07-90588
25  were decided, it was both necessary and appropriate to enter the Order
26  to Show Cause.   Furthermore, the Debtor misconstrues the Order to Show
27  Cause.   It does not indicate this case will be automatically dismissed
28  without further hearing.   The Order to Show Cause is merely the first

1  step this Court takes in considering whether it would be appropriate

2  to issue a notice of intent to dismiss the case.  Before dismissal,

3  a further notice and opportunity for hearing would be provided to

4  interested parties.   Therefore, the Court will deny the Debtor's

5  motion to reconsider the Order to Show Cause.

6      The Court now turns to the Motion for Disqualification under 28

7  U.S.C. §455.  That section provides that:

8          (a) any justice, judge, or magistrate judge of the United
           States shall disqualify himself in any proceeding in which his
9          impartiality might reasonably be questioned.
           (b) He shall also disqualify himself in the following
10         circumstances:
               (1)  Where he has a personal bias or prejudice
11         concerning a party, or personal knowledge of disputed
           evidentiary facts concerning the proceeding...
12

13  Such a motion must initially be decided by the judge whose

14  impartiality is being questioned.  In re Bernard, 31 F.3d 842, 843

15  (9th Cir. 1994).

16      The standard for disqualification is whether the charge of

17  partiality is sufficiently grounded in facts to create in the mind of

18  the fully informed objective disinterested observer a reasonable or

19  significant doubt concerning the judge's impartiality.  United States

20  v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  Judicial rulings alone

21  almost never constitute a valid basis for a bias or partiality motion.

22  Liteky v. United States, 510 U.S. 540, 555 (1994).  Bias or prejudice

23  connotes a favorable or unfavorable disposition or opinion that is

24  somehow wrongful or inappropriate, either because it is undeserved,

25  or because it rests on knowledge that the subject ought not to

26  possess, or because it is excessive in degree.  Id. at 550.  If the

27  circumstances do not establish a personal bias or prejudice under §

28  455(b), they are not sufficient to raise a "reasonable question" as

3

1   to the judge's impartiality for disqualification under § 455(a).

2   <u>United States v. Sibla</u>, 624 F.2d 864, 865 (9th Cir. 1980).

3      Innuendo and unsupported allegations are not sufficient for

4   disqualification. A judge is presumed qualified to hear a proceeding

5   and the Debtor has the burden of proving otherwise. <u>First Interstate</u>

6   <u>Bank v. Murphy, Weir & Butler</u>, 210 F.3d 983, 987 (9th Cir. 2000). The

7   motion or affidavit must allege with particularity the facts that

8   would convince a reasonable person that a bias exists of a personal,

9   not judicial nature. Disqualification based on adverse rulings in a

10   case is limited to only rare and extreme circumstances.

11      The only basis for disqualification provided by the Debtor is the

12   issuance of the Order to Show Cause and the Debtor's musings about the

13   possible reasons this Court would issue such an order. The Debtor has

14   not asserted any facts to support his allegations of bias or

15   prejudice. As discussed above, this Court issued the Order to Show

16   Cause to determine whether the Debtor has complied with the October

17   30 Amended Minute Order issued by Judge Hargrove before his

18   retirement, and to ensure that the Debtor understood he must fulfill

19   the statutory duties of a debtor or face the possibility that this

20   case could be dismissed.

21      The Debtor's Motion to reconsider the Order to Show Cause and the

22   Motion to Disqualify the undersigned are denied. This Memorandum

23   Decision constitutes the Court's findings of fact and conclusions of

24   law. The Court will enter a separate order this same date.

25   DATED **MAY 19 2008**

26

27                                JAMES W. MEYERS, Judge
                                        United States Bankruptcy Court

28

1
2
3
4
5
6
7
8                   UNITED STATES BANKRUPTCY COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11    In re                          | Bankruptcy No. 07-03740-M7

12                                   |
      ANIBAL MESALA SILVA,           | ORDER (1) DENYING MOTION TO
13                                   | DISQUALIFY JUDGE JAMES MEYERS
                                     | (2) DENYING MOTION TO SET ASIDE
14                        Debtor.    | ORDER TO SHOW CAUSE

15

16

17         After review of the Debtor's Motion to Disqualify Judge James

18    Meyers under 28 U.S.C. 455 and the Debtor's Motion to Set Aside Order

19    to Show Cause, and for the reasons set forth in a Memorandum Decision

20    entered this same date;

21         IT IS ORDERED that:

22         1) Debtor's Motion to Disqualify the undersigned Judge is denied;

23         2) Debtor's Motion to Set Aside Order to Show Cause is denied;

24         3) The hearings on these two motions scheduled for May 29, 2008,

25    are hereby taken off calendar.

26    Dated:  MAY 19 2008

27                                   _____
                                     JAMES W. MEYERS, Judge
28                                   United States Bankruptcy Court

CSD 1195 [05/01/94]

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re  Bankruptcy Case No(s).    07-03740-M7
Adversary No(s).

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

**Order (1) Denying Motion to Disqualify Judge James Meyers (2) Denying Motion to Set Aside Order to Show Cause; Memorandum Decision Denying Debtor's Motions to Disqualify Judge James Meyers and to Reconsider Order to Show Cause**

was enclosed in a sealed envelope bearing the lawful frank of the bankruptcy judges and mailed to each of the parties at their respective addresses listed below:

Anibal Mesala Silva
P.O. Bos 20732
El Cajon, CA 92021-0955

James Kennedy
P.O. Box 28459
San Diego, CA 92198-0459

U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Said envelope(s) containing such document was deposited by me in a regular United States Mail Box in the City of San Diego, in said District on May 19, 2008.

_____
Molly Dishman
Judicial Assistant to the Honorable James W. Meyers

CSD 1195

# EXHIBIT OJMO-4

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED KD
2008 JAN 15 PM 3: 43

U.S. BANKRUPTCY CT
SO. DIST OF CALIF
CLERK

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: 07-03740-JM7 |
| | ) | |
| Anibal Mesala Silva | ) | **DEBTOR'S NOTICE AND COMBINED** |
| | ) | **MOTIONS FOR AN ORDER TO** |
| Debtor | ) | **DISQUALIFY THE CHAPTER 7 AND** |
| | ) | **U.S. TRUSTEES; AND FOR AN ORDER** |
| | ) | **TO VOID THE 341 MEETING OF** |
| | ) | **CREDITORS SET FOR 1/16/08** |
| | ) | |
| | ) | DATE: 2/28/08 |
| | ) | TIME: 2:00 pm |
| | ) | DEPT: 1 |

TO:    Steven J. Katzman, U.S. Trustee
       Office of the U.S. Trustee
       402 West Broadway, Suite 600
       San Diego, CA 92101-8511

       Gerald Davis, Chapter 7 Trustee
       P.O. Box 2850
       Palm Springs, CA 92263

Please take notice that on February 28, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Motions of Anibal Mesala Silva ("Debtor") for an

order to disqualify the Chapter 7 and the U.S. Trustees; and to void the 341 meeting of creditors

set for 1/16/08.

The basis for the Motion is:

1.      That the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis are disqualified

from supervising the administration of the Debtor's case under the due process and equal

protection of laws clause of the Fifth and Fourteenth Amendment of the Constitution of the

United States, which guarantee Debtor with a fair and impartial administrative proceeding and

equal application of laws, rules, and proceedings;

    2.    That the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis are disqualified from supervising the administration of the Debtor's case due to being bias against Debtor and having a personal and financial interest in the Debtor's case in violation of the Constitutional rights of Debtor; and

    3.    That the U.S. Trustee willfully and maliciously cancelled the original meeting of creditors, which had been set for 12/10/07, and set another meeting of creditors for 1/16/08, which is more than 40 days after the order for relief, thus violating Rule 2003 of the Federal Rules of Bankruptcy Procedure and rendering the meeting null and void.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, attached Exhibits, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order to disqualify the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis, as the Debtor's case administrators.

DATED: 1/15/08

 

_____
Anibal Silva, Debtor pro se

## INTRODUCTION

Debtor moves this court for an order to disqualify the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis, from administrating Debtor's bankruptcy case due to the fact that both individuals have acted improperly during Debtor's prior Chapter 7 case, have used the offices of the Trustees to illegally aid Joseph Gaeta, an attorney of the Department of Justice, in obtaining a profit from Debtor by fraudulent means in violation of the mandate of the United States Congress and the laws of the United States, and have shown a personal bias and antagonism against Debtor under the color of law in violation of the Constitutional rights of Debtor; and for an order to void the 341 meeting of creditors set for 1/16/08 due to having been set over 40 days from the order for relief in violation of Rule 2003 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On January 26, 2007, Debtor filed his original Chapter 7 Bankruptcy petition with the San Diego Bankruptcy Court, Case 07-00324.

On July 5, 2007, Debtor filed with the bankruptcy court his combined notice and motion to set aside ex parte order for examination and subpoenas; to disqualify chapter 7 and U.S. Trustee; and for a protective order. See Exhibit MDT-1.

On July 20, 2007, the presiding judge over Debtor's prior Chapter 7 case (07-00324), judge Adler, improperly dismissed the Debtor's case without prejudice.

On September 7, 2007, Debtor filed with the court his notice and combined motion to set aside order dismissing Debtor's case under the 5th and 14th amendments to the U.S. Constitution, rule 60 of FRCP, FRBP Rule 2002, and 11 U.S.C. 707; motion for sanctions against Haeji Hong (U.S. Trustee's attorney), Gerald Davis, and Patrick Hargadon under FRBP 9003 and 9011; motion to disqualify judge Louise Adler under 28 U.S.C. 455; motion to reinstate hearing on

motion for sanctions for violation of the automatic stay [docket #69] originally set for 9/6/07;

and application for approval of order on non-contested motion for sanctions against Israel

Martinez and the U.S. Army for violation of the automatic stay.  See Exhibit MDT-2.

On September 10, 2007, Debtor served the Chapter 7 Trustee, Gerald Davis, and Haeji

Hong, the attorney for the U.S. Trustee, his first set of interrogatories.  Neither Mr. Davis nor

Ms. Hong ever provided Debtor with an answer to the interrogatories in violation of the Federal

Rules of Bankruptcy and Civil Procedure.  See Exhibit MDT-3.

On November 2, 2007, in order to comply with the order of judge Hargrove made in this

present case (07-03740), Debtor filed with the court the withdrawal without prejudice of the

combined motion to set aside order dismissing Debtor's case under the 5th and 14th amendments

to the U.S. Constitution, rule 60 of FRCP, FRBP Rule 2002, and 11 U.S.C. 707.

On November 6, 2007, Debtor filed a notice of conversion of his case under Chapter 13

to a case under Chapter 7.  Gregory A. Akers was appointed Chapter 7 Trustee and the 341

meeting of creditors was set for December 10, 2007 at 10:00 am. See Exhibit MDT-4.

On December 10, 2007, Debtor attended the 341 meeting of creditors and Mr. Akers

informed Debtor that he had mailed him a memorandum indicating that the U.S. Trustee had

removed Mr. Akers as the Trustee, re-appointed Gerald Davis as the Trustee, and a new 341

meeting of creditors would be set.  A few days later, Debtor received an amended notice of the

341 meeting of creditors, which had been set for January 16, 2008, at 10:00 am.  See Exhibit

MDT-5.

## ARGUMENT

As the actions of both the Chapter 7 Trustee Gerald Davis and the U.S. Trustee clearly

showed during the Debtor's previous Chapter 7 case (07-00324) and which are properly

described in Exhibits MDT-1 through 5, both Gerald Davis and the U.S. Trustee, have acted

improperly, have violated the mandate of the United States Congress and the laws of the United

States, have utilized the offices of the Trustees to aid Joseph Gaeta in obtaining a profit from

Debtor by fraudulent means, and have shown a personal bias and antagonism against Debtor in

violation of Debtor's civil rights guarantee by the United States Constitution and the laws of the

United States, therefore, both Gerald Davis and the U.S. Trustee are disqualified from

administrating the Debtor's case.

Due to the personal bias and antagonism of the U.S. Trustee against Debtor, the U.S.

Trustee removed Gregory Akers as the Trustee of the Debtor's case (Exhibit MDT-5);

maliciously re-appointed Gerald Davis as the Trustee (Exhibit MDT-5); cancelled the original

meeting of creditors, which had been set for 12/10/07 (Exhibit MDT-5); and set a new meeting

of creditors for 1/16/08 (Exhibit MDT-5), which is more that 40 days from the order for relief

(order for relief was issued by the Bankruptcy court on 11/6/07.  Exhibit MDT-4)), thus violating

Rule 2003 of the Federal Rules of Bankruptcy Procedure and rendering the meeting null and

void.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva prays for this court:

1.    To issue an order disqualifying the U.S. Trustee and Gerald Davis from

administrating the Debtor's case; and

2.    To issue an order voiding the 341 meeting of creditors set for 1/16/08

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing DEBTOR'S NOTICE AND COMBINED MOTIONS FOR AN ORDER TO DISQUALIFY THE CHAPTER 7 AND U.S. TRUSTEES; AND FOR AN ORDER TO VOID THE 341 MEETING OF CREDITORS SET FOR 1/16/08 was served without exhibits MDT-1 through 3 (Exhibits MDT-1 through 3 have been served to respondents Davis and the U.S. Trustee previously) on the persons listed below as follows:

Personal Hand Delivered
on 1/15/08

Haeji Hong
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Priority Mail and Facsimile
619-996-2006 on 1/15/08, and
Personal Hand Delivered
on 1/16/08

Gerald Davis
Personal Delivery at the 341 meeting
402 W. Broadway, Suite 630
San Diego, CA 92101-8511

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___1/15/08___                    _____

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-5

Anibal Silva
P.O. Box 20732
El Cajon, CA  92021

FILED TS

08 JAN 23  PM 5:08

CLERK
U.S. BANKRUPTCY CT.
S.O. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No: 07-03740-JM7 |
| | ) |
| Anibal Mesala Silva | ) **DEBTOR'S NOTICE AND MOTION** |
| | ) **FOR AN ORDER TO VOID THE 341** |
| Debtor | ) **MEETING OF CREDITORS SET FOR** |
| | ) **2/11/08 AND ANY OTHER** |
| | ) **SUBSEQUENT 341 MEETING OF** |
| | ) **CREDITORS** |
| | ) |
| | ) **DATE:  2/28/08** |
| | ) **TIME:  2:00 pm** |
| | ) **DEPT:  1** |

TO:    Steven J. Katzman, U.S. Trustee          James Kennedy, Chapter 7 Trustee
       Office of the U.S. Trustee                P.O. Box 28459
       402 West Broadway, Suite 600              San Diego, CA  92198
       San Diego, CA  92101-8511

Please take notice that on February 28, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Motion of Anibal Mesala Silva ("Debtor") for an

order to void the 341 meeting of creditors set for 2/11/08 and any other subsequent 341 meeting

of creditors.

The basis for the Motion is:

1.       That the U.S. Trustee is disqualified from supervising the administration of the

Debtor's case under the due process and equal protection of laws clause of the Fifth and

Fourteenth Amendment of the Constitution of the United States, which guarantee Debtor with a

fair and impartial administrative proceeding and equal application of laws, rules, and

proceedings; and

2.     That the U.S. Trustee willfully and maliciously cancelled the original meeting of creditors, which had been set for 12/10/07, set another meeting of creditors for 1/16/08, which was eventually cancelled and now has set another 341 meeting of creditors for 2/11/08, which violates Rule 2003 of the Federal Rules of Bankruptcy Procedure that requires that the 341 meeting of creditors be set not less than 20 days and no more than 40 days from the order for relief (11/6/07), thus rendering the meeting of creditors null and void.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, attached Exhibits, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order to void any Section 341 meeting of creditors set after 12/16/07 (40 days passed the order for relief of 11/6/07).

DATED: 1/22/08

_____
Anibal Silva, Debtor pro se

## INTRODUCTION

Debtor moves this court for an order to void the 341 meeting of creditors set for 2/11/08 and any other 341 meeting of creditors set after 40 days from the order for relief (11/6/07) to comply with the provisions of Rule 2003 of the Federal Rules of Bankruptcy Procedure.

Debtor incorporates into this motion as if it was part of this motion, the combined motions to disqualify the U.S. Trustee, and the Chapter 7 Trustee Gerald Davis; and for an order to void the 1/16/08 341 meeting of creditors.

## BACKGROUND

On November 6, 2007, Debtor filed a notice of conversion of his case under Chapter 13 to a case under Chapter 7. Gregory A. Akers was appointed Chapter 7 Trustee and the 341 meeting of creditors was set for December 10, 2007 at 10:00 am. See Exhibit MTV-1.

On December 10, 2007, Debtor attended the 341 meeting of creditors and Gregory Akers informed Debtor that he had mailed him a memorandum indicating that the U.S. Trustee had removed Mr. Akers as the Trustee, re-appointed Gerald Davis as the Trustee, and a new 341 meeting of creditors would be set. A few days later, Debtor received an amended notice of the 341 meeting of creditors, which had been set for January 16, 2008, at 10:00 am. See Exhibit MTV-2.

On January 15, 2008 Debtor filed his combined motion to disqualify the U.S. Trustee and the Chapter 7 Trustee Davis. See Exhibit MTV-3.

On January 15, 2008 Debtor obtained information from the Bankruptcy Court computers located in the basement of the court house that the U.S. Trustee had cancelled the 341 meeting of creditors set for 1/16/08, had appointed James L. Kennedy as the new Chapter 7 Trustee, and had set another 341 meeting of creditors for 2/11/08. See Exhibit MTV-4.

<u>ARGUMENT</u>

As the actions of the U.S. Trustee clearly showed during the Debtor's previous Chapter 7 case (07-00324) and which are properly described in Exhibits MTV-3, the U.S. Trustee has acted improperly, has violated the mandate of the United States Congress and the laws of the United States, has utilized the offices of the Trustees to aid Joseph Gaeta in obtaining a profit from Debtor by fraudulent means, and has shown a personal bias and antagonism against Debtor in violation of Debtor's civil rights guarantee by the United States Constitution and the laws of the United States, therefore, the U.S. Trustee is disqualified from administrating the Debtor's case.

Due to the personal bias and antagonism of the U.S. Trustee against Debtor, the U.S. Trustee removed Gregory Akers as the Trustee of the Debtor's case (Exhibit MTV-1); maliciously re-appointed Gerald Davis as the Trustee (Exhibit MTV-2); cancelled the original meeting of creditors, which had been set for 12/10/07 (Exhibit MTV-2); set a new meeting of creditors for 1/16/08 (Exhibit MTV-2), which is more that 40 days from the order for relief (order for relief was issued by the Bankruptcy court on 11/6/07. Exhibit MTV-1)), thus violating Rule 2003 of the Federal Rules of Bankruptcy Procedure and rendering the meeting null and void.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva prays for this court to issue an order voiding the 341 meeting of creditors set for 2/11/08 and any other subsequent 341 meeting of creditors set passed 40 days from the order for relief of November 6, 2007.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

# EXHIBIT MTV-1

CSD 1129 (11/31/03)
Name, Address, Telephone No. & I.D. No. $\frac{34}{7}$= 12-10-07

Anibal Silva                     10:00A
P.O. Box 20732
EL Cajon, CA 92021              G. 'Kors

Case # : 07-03740-JM137
Debtor : ANIBAL MESALA SILVA
Judge. : JAMES MEYERS
Trustee: DAVID SKELTON
Chapter: 13?

Filed : November 06, 2007   15:38:09
Deputy : T SCHMIDT
Receipt: 196304
Amount : $25.00

RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
Southern District Of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Anibal Mesala Silva

Debtor.

BANKRUPTCY NO. 07 - 03740

# ORDER FOR RELIEF

## NOTICE OF CONVERSION OF CASE UNDER CHAPTER 13
## TO A CASE UNDER CHAPTER 7 BY DEBTOR

Pursuant to 11 U.S.C. §1307(a) and Federal Rule of Bankruptcy Procedure 1017(d), the above-named Debtor(s) converts this Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code (title 11 of the United States Code); and further states that

1. The Debtor(s) has filed concurrently with this notice the schedules and statements listed in Federal Rule of Bankruptcy Procedure 1007(b)(1) and a separate schedule listing the names and addresses of any creditors who are entitled to assert claims against the Debtor(s) or the estate under Federal Rule of Bankruptcy Procedure 1019(5) and 11 U.S.C. §348(d) as required by Bankruptcy Local Rule 1017-2(b)(3)(B). The undersigned Debtor(s) further declare under penalty of perjury that the information provided in the schedules, statements, and creditor diskette, if any, is true and correct.

2. The Debtor(s) will file within 30 days of the date of filing of this notice if the case is converted after the confirmation of a plan:
   a. a schedule of all property not listed in the final report and account of the Chapter 13 Trustee which was acquired after the commencement of the Chapter 13 case but before the entry of this conversion order;
   b. a schedule of executory contracts entered into or assumed after the commencement of the Chapter 13 case but before the date of filing of this notice; and
   c. a statement of intention with respect to retention or surrender of property securing consumer debt, as required by 11 U.S.C.§521(2)(A), and Federal Rule of Bankruptcy Procedure 1019(1)(B), and conforming to Official Form 8.

DATED: 11/6/07

_____
Attorney for Debtor(s)

_____
Debtor

_____
Joint Debtor

REQUIRED FEES:
1. Conversion fee         $ 15.00
2. Division of case fee*  $155.00

*Due only in those instances when one debtor elects to continue under the provisions of a Chapter 13 while the other debtor converts to a Chapter 7.

CSD 1129

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/05)                    Case Number 07-03740-JM7

# UNITED STATES BANKRUPTCY COURT
## Southern District of California

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 13 on 7/16/07 and was converted to a case under chapter 7 on 11/6/07.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA 92021

| Case Number:<br>07-03740-JM7 | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>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 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Anibal Mesala Silva<br>P.O. Box 20732<br>El Cajon, CA 92021<br>Telephone number: | Bankruptcy Trustee (name and address):<br>Gregory A. Akers<br>10731 Treena St., Suite 209<br>San Diego, CA 92131<br>Telephone number:  (858) 635-9350 |

## Meeting of Creditors

Date:  **December 10, 2007**                    Time:  **10:00 AM**
Location:  **Office of the U.S. Trustee, 402 W. Broadway (use C St. entrance), Suite 630, San Diego, CA 92101**

## Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 2/8/08**

## Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101-6991<br>Telephone number:  619-557-5620<br>Website:  www.casb.uscourts.gov | For the Court:<br>Clerk of the Bankruptcy Court:<br>Barry K. Lander |
|---|---|
| Hours Open:  Monday – Friday 9:00 AM – 4:00 PM | Date:  11/7/07 |

# EXHIBIT MTV-2

**GREGORY A. AKERS**
Attorney at Law -- Bankruptcy Trustee
10731 Treena St., Ste. 209
San Diego, CA 92131
Phone: 858/635-9350
Fax: 858/635-9352
gregakers@gmail.com

## <u>MEMORANDUM</u>

To:         Anibal Silva

From:       Gregory Akers, Chapter 7 Trustee

Re:         Your Chapter 7 Case -- 12/10/07 341(a) Hearing

Date:       7 December 2007

I have been advised by the United States Trustee Office today that Gerald Davis will be re-appointed as your Chapter 7 Trustee and a new 341(a) date will be set and noticed for your case. Accordingly, you do not need to appear at the creditors meeting set for 12/10/2007 at 10:00 a.m.

Please let me know if you have any questions. Thank you.

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)                                    Case Number 07–03740–JM7

# UNITED STATES BANKRUPTCY COURT
## Southern District of California

# AMENDED Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 13 on 7/16/07 and was converted to a case under chapter 7 on 11/6/07.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (names(s) used by the debtors) in the last 8 years, including married, maiden, trade, and address):
Anibal Mesabi Silva
P.O. Box 20732
El Cajon, CA 92021

| Case Number:<br>07–03740–JM7 | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>530–94–2206 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Anibal Mesabi Silva<br>P.O. Box 20732<br>El Cajon, CA 92021<br>Telephone number: | Bankruptcy Trustee (name and address):<br>Gerald H. Davis<br>P.O. Box 2850<br>Palm Springs, CA 92263<br>Telephone number: (619) 400–9997 |

## Meeting of Creditors

Date: **January 16, 2008**                                    Time: **10:00 AM**
Location: **Office of the U.S. Trustee, 402 W. Broadway (use C St. entrance), Suite 630, San Diego, CA 92101**

## Presumption of Abuse under 11 U.S.C. § 707(b)
### See "Presumption of Abuse" on reverse side.
The presumption of abuse does not arise.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 2/8/08**

## Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101–6991<br>Telephone number: 619–557–5620<br>Website: www.casb.uscourts.gov | For the Court:<br>Clerk of the Bankruptcy Court:<br>Barry K. Lander |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: 12/7/07 |

AMENDED TO REFLECT NEW TRUSTEE AND NEW 341(a) MEETING DATE AND TIME

EXHIBIT MTV-3

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re                                    )        Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )        **DEBTOR'S NOTICE AND COMBINED**
                                         )        **MOTIONS FOR AN ORDER TO**
            Debtor                       )        **DISQUALIFY THE CHAPTER 7 AND**
                                         )        **U.S. TRUSTEES; AND FOR AN ORDER**
                                         )        **TO VOID THE 341 MEETING OF**
                                         )        **CREDITORS SET FOR 1/16/08**
                                         )
                                         )        DATE: 2/28/08
                                         )        TIME: 2:00 pm
                                         )        DEPT: 1

TO:     Steven J. Katzman, U.S. Trustee           Gerald Davis, Chapter 7 Trustee
        Office of the U.S. Trustee                 P.O. Box 2850
        402 West Broadway, Suite 600               Palm Springs, CA 92263
        San Diego, CA 92101-8511

Please take notice that on February 28, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Motions of Anibal Mesala Silva ("Debtor") for an

order to disqualify the Chapter 7 and the U.S. Trustees; and to void the 341 meeting of creditors

set for 1/16/08.

The basis for the Motion is:

1.      That the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis are disqualified

from supervising the administration of the Debtor's case under the due process and equal

protection of laws clause of the Fifth and Fourteenth Amendment of the Constitution of the

United States, which guarantee Debtor with a fair and impartial administrative proceeding and

equal application of laws, rules, and proceedings;

      2.      That the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis are disqualified from supervising the administration of the Debtor's case due to being bias against Debtor and having a personal and financial interest in the Debtor's case in violation of the Constitutional rights of Debtor; and

      3.      That the U.S. Trustee willfully and maliciously cancelled the original meeting of creditors, which had been set for 12/10/07, and set another meeting of creditors for 1/16/08, which is more than 40 days after the order for relief, thus violating Rule 2003 of the Federal Rules of Bankruptcy Procedure and rendering the meeting null and void.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, attached Exhibits, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order to disqualify the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis, as the Debtor's case administrators.

DATED: 1/15/08

Anibal Silva, Debtor pro se

## INTRODUCTION

Debtor moves this court for an order to disqualify the U.S. Trustee and the Chapter 7 Trustee, Gerald Davis, from administrating Debtor's bankruptcy case due to the fact that both individuals have acted improperly during Debtor's prior Chapter 7 case, have used the offices of the Trustees to illegally aid Joseph Gaeta, an attorney of the Department of Justice, in obtaining a profit from Debtor by fraudulent means in violation of the mandate of the United States Congress and the laws of the United States, and have shown a personal bias and antagonism against Debtor under the color of law in violation of the Constitutional rights of Debtor; and for an order to void the 341 meeting of creditors set for 1/16/08 due to having been set over 40 days from the order for relief in violation of Rule 2003 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On January 26, 2007, Debtor filed his original Chapter 7 Bankruptcy petition with the San Diego Bankruptcy Court, Case 07-00324.

On July 5, 2007, Debtor filed with the bankruptcy court his combined notice and motion to set aside ex parte order for examination and subpoenas; to disqualify chapter 7 and U.S. Trustee; and for a protective order. See Exhibit MDT-1.

On July 20, 2007, the presiding judge over Debtor's prior Chapter 7 case (07-00324), judge Adler, improperly dismissed the Debtor's case without prejudice.

On September 7, 2007, Debtor filed with the court his notice and combined motion to set aside order dismissing Debtor's case under the 5th and 14th amendments to the U.S. Constitution, rule 60 of FRCP, FRBP Rule 2002, and 11 U.S.C. 707; motion for sanctions against Haeji Hong (U.S. Trustee's attorney), Gerald Davis, and Patrick Hargadon under FRBP 9003 and 9011; motion to disqualify judge Louise Adler under 28 U.S.C. 455; motion to reinstate hearing on

motion for sanctions for violation of the automatic stay [docket #69] originally set for 9/6/07;

and application for approval of order on non-contested motion for sanctions against Israel

Martinez and the U.S. Army for violation of the automatic stay. See Exhibit MDT-2.

On September 10, 2007, Debtor served the Chapter 7 Trustee, Gerald Davis, and Haeji

Hong, the attorney for the U.S. Trustee, his first set of interrogatories. Neither Mr. Davis nor

Ms. Hong ever provided Debtor with an answer to the interrogatories in violation of the Federal

Rules of Bankruptcy and Civil Procedure. See Exhibit MDT-3.

On November 2, 2007, in order to comply with the order of judge Hargrove made in this

present case (07-03740), Debtor filed with the court the withdrawal without prejudice of the

combined motion to set aside order dismissing Debtor's case under the 5th and 14th amendments

to the U.S. Constitution, rule 60 of FRCP, FRBP Rule 2002, and 11 U.S.C. 707.

On November 6, 2007, Debtor filed a notice of conversion of his case under Chapter 13

to a case under Chapter 7. Gregory A. Akers was appointed Chapter 7 Trustee and the 341

meeting of creditors was set for December 10, 2007 at 10:00 am. See Exhibit MDT-4.

On December 10, 2007, Debtor attended the 341 meeting of creditors and Mr. Akers

informed Debtor that he had mailed him a memorandum indicating that the U.S. Trustee had

removed Mr. Akers as the Trustee, re-appointed Gerald Davis as the Trustee, and a new 341

meeting of creditors would be set. A few days later, Debtor received an amended notice of the

341 meeting of creditors, which had been set for January 16, 2008, at 10:00 am. See Exhibit

MDT-5.

## ARGUMENT

As the actions of both the Chapter 7 Trustee Gerald Davis and the U.S. Trustee clearly

showed during the Debtor's previous Chapter 7 case (07-00324) and which are properly

described in Exhibits MDT-1 through 5, both Gerald Davis and the U.S. Trustee, have acted improperly, have violated the mandate of the United States Congress and the laws of the United States, have utilized the offices of the Trustees to aid Joseph Gaeta in obtaining a profit from Debtor by fraudulent means, and have shown a personal bias and antagonism against Debtor in violation of Debtor's civil rights guarantee by the United States Constitution and the laws of the United States, therefore, both Gerald Davis and the U.S. Trustee are disqualified from administrating the Debtor's case.

Due to the personal bias and antagonism of the U.S. Trustee against Debtor, the U.S. Trustee removed Gregory Akers as the Trustee of the Debtor's case (Exhibit MDT-5); maliciously re-appointed Gerald Davis as the Trustee (Exhibit MDT-5); cancelled the original meeting of creditors, which had been set for 12/10/07 (Exhibit MDT-5); and set a new meeting of creditors for 1/16/08 (Exhibit MDT-5), which is more that 40 days from the order for relief (order for relief was issued by the Bankruptcy court on 11/6/07. Exhibit MDT-4)), thus violating Rule 2003 of the Federal Rules of Bankruptcy Procedure and rendering the meeting null and void.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva prays for this court:

1.    To issue an order disqualifying the U.S. Trustee and Gerald Davis from administrating the Debtor's case; and

2.    To issue an order voiding the 341 meeting of creditors set for 1/16/08

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing DEBTOR'S NOTICE AND COMBINED MOTIONS FOR AN ORDER TO DISQUALIFY THE CHAPTER 7 AND U.S. TRUSTEES; AND FOR AN ORDER TO VOID THE 341 MEETING OF CREDITORS SET FOR 1/16/08 was served without exhibits MDT-1 through 3 (Exhibits MDT-1 through 3 have been served to respondents Davis and the U.S. Trustee previously) on the persons listed below as follows:

Personal Hand Delivered
on 1/15/08

Haeji Hong
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Priority Mail and Facsimile
619-996-2006 on 1/15/08, and
Personal Hand Delivered
on 1/16/08

Gerald Davis
Personal Delivery at the 341 meeting
402 W. Broadway, Suite 630
San Diego, CA 92101-8511

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __1/15/08__

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

EXHIBIT MTV-4

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)                    Case Number **07-03740-JM7**

# UNITED STATES BANKRUPTCY COURT
## Southern District of California

# AMENDED Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 13 on 7/16/07 and was converted to a case under chapter 7 on 11/6/07.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA 92021

| Case Number:<br>07-03740-JM7 | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>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 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Anibal Mesala Silva<br>P.O. Box 20732<br>El Cajon, CA 92021<br>Telephone number: | Bankruptcy Trustee (name and address):<br>James L. Kennedy<br>PO Box 28459<br>San Diego, CA 92198-0459<br>Telephone number: (858) 451-8859 |

## Meeting of Creditors

Date: **February 11, 2008**                    Time: **09:00 AM**
Location: **Office of the U.S. Trustee, 402 W. Broadway (use C St. entrance), Suite 630, San Diego, CA 92101**

## Presumption of Abuse under 11 U.S.C. § 707(b)
### See "Presumption of Abuse" on reverse side.

The presumption of abuse does not arise.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 2/8/08**

## Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101-6991<br>Telephone number: 619-557-5620<br>Website: www.casb.uscourts.gov | For the Court:<br>Clerk of the Bankruptcy Court:<br>Barry K. Lander |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: 1/10/08 |

AMENDED TO REFLECT NEW TRUSTEE APPOINTED IN THE CASE AFTER TRUSTEE REAPPOINTED AND MEETING RESET.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22 AM day of January, 2008, the above and foregoing DEBTOR'S NOTICE AND MOTION FOR AN ORDER TO VOID THE 341 MEETING OF CREDITORS SET FOR 2/11/08 AND ANY OTHER SUBSEQUENT 341 MEETING OF CREDITORS was served by First Class Mail on the persons listed below as follows:

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___1/22/08___

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-6

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED KD
2008 FEB -4 PM 3: 13
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re                              )        Case No: 07-03740-JM7
                                   )
Anibal Mesala Silva               )        **COMBINED DEBTOR'S OPPOSITION**
                                   )        **TO U.S. TRUSTEE'S MOTION FOR**
        Debtor                     )        **EXTENSION OF TIME TO FILE A**
                                   )        **MOTION PURSUANT TO 11 U.S.C.**
                                   )        **707(b)(3) AND OBJECT TO**
                                   )        **DISCHARGE PURSUANT TO 11 U.S.C.**
                                   )        **SECTION 523 AND 11 U.S.C. SECTION**
                                   )        **727; AND REQUEST FOR JUDICIAL**
                                   )        **NOTICE**
                                   )
                                   )        DATE: 2/22/08
                                   )        TIME: 10:30 a.m.
                                   )        DEPT: 1

TO THE HONORABLE JUDGE MYERS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Debtor, Anibal Mesala Silva, and submits this his opposition to the U.S.

Trustee's motion for extension of time to file a motion pursuant to 11 U.S.C. 707(b)(3) and

object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 for the

following reasons:

I.

THE ARGUMENT OF THE U.S. TRUSTEE FOR GRANTING THE MOTION IS

FRIVOLOUS, CONTAINS MISREPRESENTATIONS, IT LACKS ANY MERITS, AND IT

DOES NOT SHOW ANY CAUSE

1.      Sections 523(c) and 727 of the Bankruptcy Code require that any complaint under

such sections be filed 60 days following the first date set for the meeting of creditors (December

10, 2007 in this case) under Section 341 only, and NOWHERE IN THOSE SECTIONS, it is stated that a meeting of creditors under section 341 be actually held in order for a complaint to be filed; and Section 707 of the Bankruptcy Code does not have a time limit, NOR REQUIRES that a meeting of creditors under section 341 be actually held in order for a complaint to be filed either.

2.      Therefore, the argument used by Haeji Hong on behalf of the U.S. Trustee for granting the motion is frivolous, contains misrepresentations, it lacks any merits, and it does not show any cause.

II.

## THE CANCELLATIONS OF THE 341 MEETING OF CREDITORS SET FOR DECEMBER 10, 2007 AND JANUARY 16, 2008 WERE DONE BY THE OWN FAULT OF HAEJI HONG ON BEHALF OF THE U.S. TRUSTEE

3.      Haeji Hong relies solely on the facts that the Chapter 7 Trustee that she had re-appointed, Gerald Davis, rejected the appointment; that she had to cancel again by her fault the January 16, 2008 meeting of creditors; and that she had to appoint by her own fault a new Trustee and set another meeting of creditors for February 11, 2008, as grounds for granting the motion for extension of time.

4.      In her motion, Haeji Hong, failed to disclose to the court the fact that it was she and only she the one who maliciously cancelled the original first 341 meeting of creditors that had been set for December 10, 2008, terminated the services of the first duly appointed Trustee, Gregory A. Akers, and re-appointed the disqualified Trustee, Gerald Davis, as the Debtor's Chapter 7 case Trustee. Had she not maliciously terminated the services of Trustee Akers and cancelled the December 10, 2007, 341 meeting of creditors, the meeting would have been held as

scheduled. Therefore, this court cannot allow her to claim that the motion for extension of time needs to be granted because a meeting of creditors under section 341 has not been held.

5.     As explained in number 1 above, a meeting of creditors under Section 341 is not a requirement to file a complaint under sections 523, 707 and 727, therefore, the argument used by Haeji Hong on behalf of the U.S. Trustee for granting the motion for extension is frivolous, contains misrepresentations, it lacks any merits, and it does not show any cause.

III.

## THE EVIDENCE SHOWING THE MISREPRESENTATIONS AND MISCONDUCT OF HAEJI HONG ON BEHALF OF THE U.S. TRUSTEE HAS BEEN FULLY RECORDED AND WILL BE PRESENTED TO THE JURY IN THE TRIAL OF THE ADVERSARY PROCEEDING 07-90588 FOR A DETERMINATION OF LIABILITY AND DAMAGES

6.     On January 24, 2008 Debtor filed with the court his second amended complaint and was served to Haeji Hong on January 28, 2008. She is required to file a response with the court by February 28, 2008. The complaint fully describes the misconduct and abuses of Haeji Hong done under false pretenses and the color of law. See Exhibit OTE-1.

7.     Through the evidence and testimony, the truth will suffice and Debtor will prove his case to the jury.

8.     On September 10, 2007 Debtor served Haeji Hong his first set of interrogatories. The answer was due on October 10, 2007, but, continuing with her misconduct, she flatly refused to comply with Rule 7033 of the Federal Rules of Bankruptcy Procedure and to provide an answer, as she was required. See Exhibit OTE-2.

IV.

## REQUEST FOR JUDICIAL NOTICE

9.     Debtor respectfully requests that the court take judicial notice pursuant to Federal Rules of Evidence, 201 as made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure, 9017, of the following documents:

Exhibit OTE-1:     Second Amended Complaint to Recover Money of the Estate; For Civil Rights Violation and Damages; For Libel, Slander and Negligence Damages; Conspiracy to Interfere with Civil Rights; Neglect and Fraud; For Declaratory and Further Relief; For Injunctive and Equitable Relief; and Demand for Jury Trial; and

Exhibit OTE-2:     Anibal Silva's First Set of Interrogatories to Respondent Haeji Hong.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva prays for this court to issue an order denying and overruling the United States Trustee's motion for extension of time to file a motion pursuant to 11 U.S.C. Section 707(b)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OTE-1

# EXHIBIT OTE-2

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No: 07-00324-LA |
| ) | |
| Anibal Mesala Silva ) | |
| ) | **DEBTOR'S COMBINED MOTION** |
| ) | **TO SET ASIDE ORDER DISMISSING** |
| Debtor ) | **DEBTOR'S CASE UNDER THE 5th AND** |
| ) | **14TH AMENDMENTS TO THE U.S.** |
| ) | **CONSTITUTION, RULE 60 OF FRCP,** |
| Anibal Silva, ) | **FRBP RULE 2002, AND 11 U.S.C. 707;** |
| ) | **MOTION FOR SANCTIONS AGAINST** |
| Movant ) | **HAEJI HONG, GERALD DAVIS, AND** |
| ) | **PATRICK HARGADON UNDER FRBP** |
| v. ) | **9003 AND 9011; MOTION TO** |
| ) | **DISQUALIFY JUDGE LOUISE ADLER** |
| Haeji Hong, Gerald Davis, ) | **UNDER 28 U.S.C. 455; MOTION TO** |
| U.S. Bank National Association, ) | **REINSTATE HEARING ON MOTION** |
| Ocwen Federal Bank, New World ) | **FOR SANCTIONS FOR VIOLATION** |
| Mortgage, Amegy Bank; Diana Roadinger, ) | **OF THE AUTOMATIC STAY** |
| Guarantee Resid. Lending, Mike Roadinger, ) | **[Docket #69] ORIGINALLY SET** |
| Amegy Mortgage Company, Louise Adler, ) | **FOR 9/6/07; AND APPLICATION FOR** |
| Chase Home Finance, LLC, U.S. Army, ) | **APPROVAL OF ORDER ON** |
| Patrick Hargadon, Israel Martinez, ) | **NON-CONTESTED MOTION FOR** |
| Kelly & Kelly, Inc., ) | **SANCTIONS AGAINST ISRAEL** |
| ) | **MARTINEZ AND THE U.S. ARMY** |
| Respondents ) | **FOR VIOLATION OF THE** |
| ) | **AUTOMATIC STAY** |

## ANIBAL SILVA'S FIRST SET OF INTERROGATORIES TO RESPONDENT HAEJI HONG

Pursuant to Rules 9014 and 7033 of the Federal Rules of Bankruptcy Procedure, and Rule

33 of the Federal Rules of Civil Procedure, Movant Anibal Silva hereby directs this First Set of

Interrogatories to Respondent Haeji Hong. Pursuant to Rules 9014 and 7033, and Rule 33, you

should answer the interrogatories separately and fully, in writing and under oath within thirty

(30) days of service. Debtor asks Respondent to serve responses by mail to Debtor's mailing address: P.O. Box 20732, El Cajon, CA 92021.

## **INSTRUCTIONS**

These interrogatories apply to all information in your possession, custody, or control, regardless of location and regardless of whether such information is held by you, your agents, officers, principals, employees, representatives, attorneys, or any other person acting on your behalf. Unless an interrogatory specifically states otherwise, the interrogatories apply to Respondent Haeji Hong generally and are not limited to Respondent's connection to or with the Debtor's Bankruptcy case.

These interrogatories are continuing in nature. If you become aware of, or acquire possession, custody, or control of additional responsive information, you shall promptly supplement your responses to these interrogatories.

Your responses to the interrogatories are to be inclusive rather than exclusive. If the language of an interrogatory is phrased in the singular, the interrogatory includes the plural, and if the language of an interrogatory is phrased in the plural, it includes the singular.

If you object to an interrogatory based on a claim of privilege, identify all other persons who have seen or otherwise learned all or part of that information, and specify the method by which and reason why each such person obtained access to such information. If you object to part of an interrogatory, furnish the information requested by the interrogatory that is outside the scope of your partial objection. With respect to any conversation for which a privilege is being asserted, identify by stating: when and where the conversation occurred; name, title, and job or position of each person who was present at or during the conversation; whether or not such conversation was in person or by telephone; brief description of the conversation's subject

matter; and name, title, and job or position of all persons on whose behalf the privilege is asserted.

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

"And," "or," and "and/or" shall be interpreted and construed as broadly as possible to make the request inclusive rather than exclusive, so that information otherwise within the scope of the request for production of documents is not excluded.

"Case" refers to the Bankruptcy petitions filed by Movant on January 26, 2007, case #07-00324, and July 16, 2007, case #07-03740, in the San Diego Bankruptcy Court.

"Respondent" means Respondent Gerald Davis, his agents, partners, employees, representatives, and any other person or entity acting or purporting to act on his behalf.

"Document" or "documents" includes records; books, papers; contracts; memoranda; invoices; correspondence; notes; minutes of an meetings, including meetings with agents or employees; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; e-mails; telegrams; facsimiles including cover sheets; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements; and any other "document" as that word is defined in Rule 34 of the Federal Rules of Civil Procedure.

"Identify," "identification," or "state the identity" have the following meanings:

(A)    when used in reference to a natural person, the person's full name, date of birth, social security number, job title, dates of agency or employment and job description (if applicable), last known business and residence addresses, last known telephone numbers (work, home, and mobile) and e-mail addresses;

3

(B)   when used in reference to a business entity, the full name, the structure of the

business (e.g., corporation, partnership (limited or general), sole proprietorship,

association, etc.), a brief description of the nature of the business, the business

address and telephone number, and if licensed or registered, the number and

issuing authority, the registered agent, if any, and the president, chief executive,

or owner(s).

(C)   when used in reference to a document, the type of document (e.g., letter,

memorandum, facsimile, e-mail, chart, etc.), a brief description of the nature of

the information in the document, its date, its author and originator, all addresses

and recipients, and its present location or custodian.  If an such document was, but

is no longer, in defendant's possession or subject to defendant's control, state

additionally the approximate date it was lost, discarded, or destroyed, and the

identity of each person having knowledge of the contents thereof.

(D)   when used in reference to real property, the full address, the legal description of

the property, the type of structure (e.g., apartments, condominiums, etc.), the

number of units, the dates of ownership, and any management company.

"Non-identical copy" means any copy of a document that is not identical to any other

copy thereof, by reason of any alterations, marginal notes, comments, or other material contained

thereon or attached thereto, or otherwise.

"Person," unless otherwise specified, is defined as any natural person, groups of natural

persons, corporation (both for profit and not for profit), partnership, trust, association,

organization or any other legal entity.

"Relate" or "relating to" means showing, reflecting, referring to, constituting, evidencing,

or concerning in any way all or any portion of the subject matter of the facts, contentions, or matters referenced in this request for production of documents.

"You" or "Your" means Respondent Haeji Hong, his agents, partners, employees, representatives, and any other person or entity acting or purporting to act on his behalf.

"Communication" means any and all types of interaction or contact or attempt to interact and contact by any and all types of median including writings, telephone, cellular phone, any type of electronic device and transmission, fax machines, internet based service and postings, websites and "PACER" service; regular, priority, express, and overnight mail delivery service; third-party relay service; and court proceedings.

## **INTERROGATORIES**

1.      State your full name, date of birth, your current home and business addresses, and your current home, cellular, and business telephone numbers.

ANSWER:


2.      Identify each and every place you have been employed since January 1, 2004, including the address of your employer, your job title and responsibilities, the name, address, and telephone numbers of all supervisors.

ANSWER:


3.      Identify each and every bankruptcy petition where you have requested with a court a Rule 2004 Examination and subpoena of documents since January 1, 2004.  Your answer should include the case number, title, parties to the petition and outcome of the request.

5

ANSWER:

4.    Identify each and every case where you have conducted an audit of a Debtor's

Bankruptcy petition since January 1, 2004. Your answer should include the case number,

title, parties to the petition, outcome of the audit, the reasons for conducting the audit,

and whether the audit was conducted at the request of a third person related to the case.

ANSWER:

5.    Identify each and every communication related to the case that you have had with Joseph

Gaeta. Your answer should list the dates and purpose of each communication, any

agreement made, and a full detail of the communication.

ANSWER:

6.    Identify each and every communication related to the case that you have had with Patrick

C. Hargadon. Your answer should list the dates and purpose of each communication, any

agreement made, and a full detail of the communication.

ANSWER:

7.    Identify each and every communication related to the case that you have had with Judge

Louise Adler. Your answer should list the dates and purpose of each communication, any

agreement made, and a full detail of the communication.

ANSWER:

8.    Identify each and every communication related to the case that you have had with Judge

Leif M. Clark. Your answer should list the dates and purpose of each communication,

any agreement made, and a full detail of the communication.

ANSWER:

9.    Identify each and every communication related to the case that you have had with Marion

A. Olson, Chapter 13 Trustee in the San Antonio, Texas Bankruptcy Division. Your

answer should list the dates and purpose of each communication, any agreement made,

and a full detail of the communication.

ANSWER:

10.    Identify each and every communication related to the case that you have had with Gerald

Davis. Your answer should list the dates and purpose of each communication, any

agreement made, and a full detail of the communication.

ANSWER:

11.    Identify each and every communication related to the case that you have had with any

person or employee of the United States Department of Justice. Your answer should list

the dates and purpose of each communication, any agreement made, and a full detail of

the communication.

ANSWER:

12.    Identify each and every communication related to the case that you have had with David

Skelton or any person or employee working for him. Your answer should list the dates and purpose of each communication, any agreement made, and a full detail of the communication.

ANSWER:


13.    Identify and list each and every evidence that you have in your possession that support the claim that you made in the ex parte motion you filed with judge Adler that Movant had filed the motion for sanctions against Joseph Gaeta, Lee Yeakel, etc. for violations of the automatic stay just to delay the Texas court proceedings.

ANSWER:


14.    Identify and list each and every evidence that you have in your possession that support the claim that you made in the ex parte motion you filed with judge Adler that the discharge of Movant's Chapter 7 case should be denied.

ANSWER:


15.    Identify and list your policy requirements for conducting audits of Bankruptcy petitions and for requesting dismissals with the court for Bankruptcy abuse.

ANSWER:


16.    State whether you have ever received any complaint, claim accusation, or grievance – made either orally, in writing, or through any other means – by a Debtor, attorney, court, government prosecutor, State Bar, and any person regarding your conduct or any

communication by your, past or present employee or agent of you, or any person acting

on your behalf, past or present. For each such complaint, claim, accusation or grievance,

please identify the person(s) who made the claim complaint, accusation or grievance, and

provide the following information: the date of the claim, complaint, accusation or

grievance; its substance; to whom it was submitted; and the disposition. Include all

complaints, claims, accusations or grievances that were made directly to you or your

agents or employees. Please identify and documents related to such complaints.

ANSWER:


17.    State your current net worth, listing the following: all assets and liabilities; the sources,

amounts, and types of income received by you for each tax year from 2004 to the present;

and the current balance of all bank or brokerage accounts maintained by you (identified

by institution and account number). Include your tax identification number, if applicable.

ANSWER:


18.    Describe any and all information, training, and/or instructions received by you or

provided for your agents or employees from any individual or entity regarding the United

States Constitution, Federal Rules of Bankruptcy Procedure, Federal Rules of Civil

Procedure, and Bankruptcy Code [Title 11], identifying the dates and content of any

training sessions.

ANSWER:


19.    Identify all insurance policies, which from January 1, 2004, to the present, purported to

provide insurance coverage of any kind to Respondent.

ANSWER:


20.    Identify and describe any Independent Contractor or Compensation Contract for services

rendered or to be rendered between you and Chapter 7 Trustees since January 1, 2004.

ANSWER:


21.    To the extent not otherwise provided, all communication that relate in any way to the

case.

ANSWER:

_(signature)_
_____
Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

DATE:  September 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007 I served by U.S. first-class mail or Hand Delivery, a true and correct copy of the above ANIBAL SILVA'S FIRST SET OF INTERROGATORIES TO RESPONDENT HAEJI HONG to:

Haeji Hong **(Hand Delivered)**
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Patrick Hargadon
400 West 15th St., Ste. 710
Austin, TX 78701

U.S. Bank National Association
800 Nicollet Mall, 21st Floor
Minneapolis, MN 55402

Ocwen Federal Bank
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Phil McCall, New World Mortgage
41655 Date Street, Suite 200
Murrieta, CA 92562

Jeremy Allen, Guarantee Resid. Lending
8333 Douglas Avenue
Dallas, TX 75225

Sue, Amegy Bank
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047

Amegy Mortgage Company
4576 Research Forest Drive
The Woodlands, TX 77381

Diana Shearer, Chase Home Finance, LLC
1500 N. 19th Street
Monroe, LA 71201

Sergeant Israel Martinez, U.S. Army
1166 E. Main Street, Ste. 102
El Cajon, CA 92021

Mike Roadinger **(Hand Delivered)**
8529 Kreiner Way
Santee, CA 92071

Diana Roadinger **(Hand Delivered)**
8529 Kreiner Way
Santee, CA 92071

Michael L. Kelly, Kelly & Kelly, Inc.
1265 Avocado Blvd., Ste. 104-414
El Cajon, CA 92020-7783

Kevin Robitaille, U.S. Army
Litigation Division
901 North Stuart Street
Arlington, VA 22203-1837

Gerald Davis
P.O. Box 285
Palm Springs, CA 92263

Louise Adler **(Hand Delivered)**
325 West "F" Street
San Diego, CA 92101

Executed on _9/10/07_

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4 day of February, 2008, the above and foregoing COMBINED DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION PURSUANT TO 11 U.S.C. 707(b)(3) AND OBJECT TO DISCHARGE PURSUANT TO 11 U.S.C. SECTION 523 AND 11 U.S.C. SECTION 727; AND REQUEST FOR JUDICIAL NOTICE was served by First Class Mail on the persons listed below as follows:

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 2/4/08

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-7

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED SD
2008 FEB 11 AM 9: 06
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No: 07-03740-JM7 |
| ) | |
| Anibal Mesala Silva ) | NOTICE OF APPEARANCE TO |
| ) | INVALID SECTION 341 MEETING |
| Debtor ) | OF CREDITORS |

TO:   HAEJI HONG, JAMES KENNEDY, AND ALL INTERESTED PERSONS.

NOTICE OF HEREBY GIVEN that in order to avoid the improper dismissal of the

Debtor's case as stated in the "Dismissal of Case" notice included in the Amended Notice of

Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines and the unnecessary litigation

associated with it, Debtor will appear to the invalid Section 341 meeting of creditors set for

February 11, 2008, at 9:00 a.m. by the U.S. Trustee's attorney, Haeji Hong, but, will not submit

to examination until the pending "Debtor's Motion for an Order to Void the 341 Meeting of

Creditors Set For 2/11/08 and Any Other Subsequent 341 Meeting of Creditors" filed on 1/23/08,

and the Adversary Complaint 07-90588, titled "Second Amended Complaint to Recover Money

of the Estate; For Civil Rights Violation and Damages; For Libel, Slander and Negligence

Damages; Conspiracy to Interfere with Civil Rights, Neglect and Fraud; For Declaratory and

Further Relief; For Injunctive and Equitable Relief; and Demand For Jury Trial" filed on

1/24/08, have been decided on by the court and the jury respectively.

Dated: February 10, 2008

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing NOTICE OF APPEARANCE TO INVALID SECTION 341 MEETING OF CREDITORS was delivered to the persons listed below as follows:

Faxed on 2/10/08 to
Fax # 619-557-5339 and
Personal Hand Delivery
on 2/11/08
Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Faxed on 2/10/08 to
Fax # 858-451-1009 and
Personal Hand Delivery at
Invalid 341 Meeting of 2/11/08
James Kennedy, Chapter 7 Trustee
402 W. Broadway, Suite 630
San Diego, CA 92101

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __2/10/08__

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-8

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED AC

2008 FEB 27 PM 3: 14

BANKRUPTCY CT
DIST OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re                                    )   Case No: 07-03740-JM7
                                         )
Anibal Mesala Silva                      )
                                         )   **DEBTOR'S NOTICE AND COMBINED**
          Debtor                         )   **AMENDED MOTION UNDER RULE**
                                         )   **2003(a) OF FRBP AND THE 5TH**
                                         )   **AMENDMENT TO THE U.S.**
                                         )   **CONSTITUTION FOR AN ORDER TO**
                                         )   **VOID THE SECTION 341 MEETING**
                                         )   **OF CREDITORS; AND MOTION TO**
                                         )   **STAY SECTION 341 MEETING OF**
                                         )   **CREDITORS PROCEEDINGS**
                                         )
                                         )   DATE: 3/27/08
                                         )   TIME: 2:00 pm
                                         )   DEPT: 1

TO:   Steven J. Katzman, U.S. Trustee           James Kennedy, Chapter 7 Trustee
      Office of the U.S. Trustee                 P.O. Box 28459
      402 West Broadway, Suite 600               San Diego, CA 92198
      San Diego, CA 92101-8511

Please take notice that on March 27, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding Anibal Mesala Silva's ("Debtor") Combined Amended

Motion under Rule 2003(a) of FRBP and the 5th Amendment to the U.S. Constitution for an

order to void the Section 341 meeting of creditors and motion to stay Section 341 meeting of

creditors proceedings.

The basis for the Motion is:

1.      That all Section 341 meeting of creditors set up by the U.S. Trustee after

December 6, 2007 violate the provisions of Rule 2003 of the Federal Rules of Bankruptcy

Procedure that states that the U.S. Trustee shall call a meeting of creditors no more than 40 days after the order for relief;

2.    That any attempt of the U.S. Trustee, or anyone for that matter, to make the Debtor waive his right to redress for the deprivation and conspiracy to deprive Debtor's federal and constitutionally protected rights and to the equal rights under the law with the adversary proceeding, 07-90588, is a violation of Debtor's due process guaranteed by the 5th Amendment to the U.S. Constitution; and

3.    That any Section 341 meeting of creditors should be stay until the second, third, fourth, fifth, sixth, seventh, and eighth claims for relief of the adversary complaint 07-90588 have been decided by the jury or judge.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, attached Exhibits, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order to void the Section 341 meeting of creditors set after 12/16/07, and for an order to stay the Section 341 meeting of creditors until the 2nd through 8th claims for relief of the adversary complaint, 07-90588, have been decided by the jury of judge.

DATED: 2/27/08

C. Ull

_____
Anibal Silva, Debtor pro se

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED AC

2008 FEB 27 PM 3: 14

CLERK
US BANKRUPTCY CT.
SO DIST OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re )<br><br>Anibal Mesala Silva )<br><br>Debtor ) | Case No: 07-03740-JM7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S NOTICE AND COMBINED AMENDED MOTION UNDER RULE 2003(a) OF FRBP AND THE 5TH AMENDMENT TO THE U.S. CONSTITUTION FOR AN ORDER TO VOID THE SECTION 341 MEETING OF CREDITORS; AND MOTION TO STAY SECTION 341 MEETING OF CREDITORS PROCEEDINGS**<br><br>DATE: 3/27/08<br>TIME: 2:00 pm<br>DEPT: 1 |

TO THE HONORABLE JUDGE MYERS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Debtor, Anibal Mesala Silva, and submits this memorandum of points and authorities in support of his Combined Amended Motion under Rule 2003(a) of Federal Rules of Bankruptcy Procedure and the 5th Amendment to the U.S. Constitution for an order to void the Section 341 meeting of creditors; and motion to stay section 341 meeting of creditors proceedings.

Debtor asserts that the motion to void the Section 341 meeting of creditors and the motion to stay the Section 341 meeting of creditors proceedings should be granted for the following reasons:

I.

## THE ORIGINAL HEARING FOR THE FIRST MOTION WAS ERRONEOUSLY TAKEN
## OFF THE CALENDAR

This amended motion is submitted to the court due to the fact that the Bankruptcy court clerk, Barry K. Lander, erroneously cancelled the scheduled hearing for the motion to void the Section 341 meeting of creditor, which had been scheduled for February 28, 2008.

Debtor received on February 26, 2008 the letter from the Bankruptcy court stating that all matters noticed for February 28, 2008 had been vacated and taken off the calendar.

Debtor filed with the court a withdrawal of his motion for disqualification of the U.S. Trustee only, but did not withdrew his motion to void the meeting of creditors. The bankruptcy clerk already notified all interested parties that the hearings set for February 28 have been vacated, therefore Debtor has to refile the motion and notice all interested parties of a new hearing.

II.

## THE SECTION 341 MEETING OF CREDITORS VIOLATE THE RULES OF BANKRUPTCY
## PROCEDURE AND THE DUE PROCESS RIGHTS OF DEBTOR UNDER THE 5TH
## AMENDMENT TO THE U.S. CONSTITUTION

On December 10, 2007, Debtor appeared at the 341 meeting of creditors and Gregory Akers informed Debtor that he had mailed him a memorandum indicating that the U.S. Trustee had removed Mr. Akers as the Trustee, re-appointed Gerald Davis as the Trustee, and a new 341 meeting of creditors would be set. The meeting of creditors was never held or started.

A few days later, Debtor received an amended notice of the 341 meeting of creditors, which had been set for January 16, 2008, at 10:00 am.

On January 15, 2008 Debtor obtained information from the Bankruptcy Court computers

located in the basement of the court house that the U.S. Trustee had cancelled the 341 meeting of creditors set for 1/16/08, had appointed James L. Kennedy as the new Chapter 7 Trustee, and had set another 341 meeting of creditors for 2/11/08, which would make it official that the first Section 341 meeting of creditors would be starting 95 days after the order for relief.

**Bankruptcy rule 2003 clearly indicates that the U.S. Trustee shall call a meeting of creditors no more than 40 days after the order for relief** and in this case, the U.S. Trustee has called the first Section 341 meeting of creditors 95 days after the order for relief in clear violation of Bankruptcy Rule 2003.

Furthermore, on January 24, 2008 Debtor commenced an adversary proceeding, 07-90588, to redress for the deprivation and conspiracy to deprive Debtor's federal and constitutionally protected rights and to the equal rights under the law, which incorporates seven causes of action and relief against the attorney of the U.S. Trustee, Haeji Hong, including the improper use of the office of the U.S. Trustee to obtain a profit from Debtor by fraudulent means.

Any attempt of the U.S. Trustee, and anyone for that matter, to cause Debtor to waive his right to redress the wrongs of the U.S. Trustee, is a violation of Debtor's due process rights to a fair and impartial hearing guaranteed by the 5th Amendment to the U.S. Constitution.

## STAY OF SECTION 341 MEETING OF CREDITORS

In addition to the fact that the Section 341 meeting of creditors has been set in violation of Bankruptcy Rule 2003, Debtor moves the court to stay all Section 341 meeting of creditors until the second, third, fourth, fifth, sixth, seventh, and eighth claims for relief of the adversary complaint 07-90588 has been decided by the jury or judge.

WHEREFORE, PREMISES CONSIDERED, Debtor Anibal Silva moves this court to

issue an order voiding the 341 meeting of creditors set after December 16, 2007, and to issue an order staying all Section 341 meeting of creditors proceedings until the second, third, fourth, fifth, sixth, seventh, and eighth claims for relief of the adversary complaint 07-90588 have been decided by the jury or judge.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **27** day of ~~January~~ *February*, 2008, the above and foregoing DEBTOR'S NOTICE AND COMBINED AMENDED MOTION UNDER RULE 2003(a) OF FRBP AND THE 5TH AMENDMENT TO THE U.S. CONSTITUTION FOR AN ORDER TO VOID THE SECTION 341 MEETING OF CREDITORS; AND MOTION TO STAY SECTION 341 MEETING OF CREDITORS PROCEEDINGS was served by First Class Mail on the persons listed below as follows:

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___2/27/08___

_____
Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

EXHIBIT OJMO-9

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED KD
2008 FEB 28 PM 3: 14
U.S. CLERK
SO. DIST. OF CALIF. CT

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re

Anibal Mesala Silva

      Debtor

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: 07-03740-JM7

**DEBTOR'S NOTICE AND MOTION
FOR RECONSIDERATION UNDER
RULE 60 OF FRCP OF THE
INTERLOCUTORY AND MINUTE
ORDERS GRANTING THE MOTION
OF THE U.S. TRUSTEE TO EXTEND
TIME TO FILE A MOTION
PURSUANT TO 11 U.S.C. SECTION
707(B)(3) AND OBJECT TO
DISCHARGE PURSUANT TO 11 U.S.C.
SECTION 523 AND 11 U.S.C.
SECTION 727**

DATE: 3/27/08
TIME: 2:00 pm
DEPT: 1

TO:    Steven J. Katzman, U.S. Trustee
      Office of the U.S. Trustee
      402 West Broadway, Suite 600
      San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

Please take notice that on March 27, 2008 at 2:00 p.m. in Department 1 of the Jacob

Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California

92101, there will be a hearing regarding the Motion of Anibal Mesala Silva ("Debtor") for

reconsideration under Rule 60 of FRCP of the interlocutory and minute orders granting the

motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section

707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727.

The basis for the Motion is that the court should set aside the interlocutory and minute

orders granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 due to the interlocutory order having been made by mistake and the minute order issued in violation of the Debtor's rights to redress for the deprivation and conspiracy to deprive Debtor's federal and constitutionally protected rights and the equal rights under the law through the adversary proceeding, 07-90588; and for having been issued in violation of Bankruptcy Rule 2003.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE. Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this notice and motion, memorandum of points and authorities, and all pleadings on file in this case together with all oral and documentary evidence submitted at time of hearing.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order pursuant to Rule 60 of the Federal Rules of Civil Procedure to set aside the interlocutory and minute orders granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727.

DATED: 2/28/08

Anibal Silva, Debtor pro se

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED KD

2008 FEB 28 PM 3: 14

CLERK
U.S BANKRUPTCY CT
SO. DIST. OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: 07-03740-JM7 |
| | ) | |
| Anibal Mesala Silva | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| Debtor | ) | **DEBTOR'S NOTICE AND MOTION** |
| | ) | **FOR RECONSIDERATION UNDER** |
| | ) | **RULE 60 OF FRCP OF THE** |
| | ) | **INTERLOCUTORY AND MINUTE** |
| | ) | **ORDERS GRANTING THE MOTION** |
| | ) | **OF THE U.S. TRUSTEE TO EXTEND** |
| | ) | **TIME TO FILE A MOTION** |
| | ) | **PURSUANT TO 11 U.S.C. SECTION** |
| | ) | **707(B)(3) AND OBJECT TO** |
| | ) | **DISCHARGE PURSUANT TO 11 U.S.C.** |
| | ) | **SECTION 523 AND 11 U.S.C.** |
| | ) | **SECTION 727** |
| | ) | |
| | ) | DATE: 3/27/08 |
| | ) | TIME: 2:00 pm |
| | ) | DEPT: 1 |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Debtor, Anibal Mesala Silva, and submits this memorandum of points

and authorities in support of his Motion for reconsideration under Rule 60 of FRCP of the

interlocutory and minute orders granting the motion of the U.S. Trustee to extend time to file a

motion granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11

U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11

U.S.C. Section 727 issued by the court on 2/22/2008.

Debtor asserts that this motion for reconsideration under rule 60 of the interlocutory and

minute orders granting the motion of the U.S. Trustee to extend time to file a motion pursuant to

11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11

U.S.C. Section 727 should be granted and that the interlocutory and minute orders should be set

aside for the following reasons:

I.

## TO COMPLY WITH RULE 60 OF FEDERAL RULES OF CIVIL PROCEDURE

Federal Courts have a duty to set aside their orders or judgments when there is evidence

that the orders or judgments were based on mistakes, excusable neglect, misrepresentations or

misconduct of an adverse party, and when they are void, as it is in the case when they are made

in violation of the U.S. Constitution or the laws of the United States.

Rule 60(b) of FRCP (Relief from Judgment or Order) states: "Mistakes; Inadvertence;

Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as

are just, the court may relieve a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence which by due diligence could not have been discovered

in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or (6) any other reason

justifying relief from the operation of the judgment."

II.

## THE INTERLOCUTORY AND MINUTE ORDERS VIOLATE THE DEBTOR'S RIGHTS TO REDRESS FOR THE DEPRIVATION AND CONSPIRACY TO DEPRIVES DEBTOR'S FEDERAL AND CONSTITUTIONALLY PROTECTED RIGHTS AND HIS EQUAL RIGHTS UNDER THE LAW

The basis for the court for issuing the interlocutory and minute orders granting the motion of the U.S. Trustee was to allow the U.S. Trustee time to examine Debtor in the Section 341 meeting of creditors of March 10, 2008.

The reason under which the order were issued is invalid since it violates the Debtor's rights to a fair and impartial trial and his equal rights under the law guaranteed by the 5th Amendment to the U.S. Constitution.

On January 24, 2008 Debtor commenced an adversary proceeding, 07-90588, to redress for the deprivation and conspiracy to deprive Debtor's federal and constitutionally protected rights and to the equal rights under the law, which incorporates seven causes of action and relief against the attorney of the U.S. Trustee, Haeji Hong, including the improper use of the office of the U.S. Trustee to obtain a profit from Debtor by fraudulent means.

Any attempt of the U.S. Trustee, and anyone for that matter, to cause Debtor to waive his right to redress the wrongs of the U.S. Trustee, is a violation of Debtor's due process rights to a fair and impartial hearing guaranteed by the 5th Amendment to the U.S. Constitution, therefore, the interlocutory and minute orders granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 should be set aside.

III.
### THE EXAMINATION OF DEBTOR BY THE U.S. TRUSTEE IN A SECTION 341 MEETING OF CREDITORS VIOLATE DEBTOR'S RIGHT TO DUE PROCESS GUARANTEED BY THE 5TH AMENDMENT OF THE U.S. CONSTITUTION

Debtor filed on February 27, 2008 a combined amended motion under rule 2003(a) of Federal Rules of Bankruptcy Procedure and the 5th Amendment to the U.S. Constitution for an order to void the Section 341 meeting of creditors, and motion to stay section 341 meeting of creditors proceedings, and a hearing has been set for March 27, 2008.

The evidence presented in the hearing will show that the Section 341 meeting of creditors are void due to having been set in violation of Bankruptcy Rule 2003, and that the U.S. Trustee has been using the offices of the U.S. Trustee and Chapter 7 Trustee to obtain information from Debtor to be used in a frivolous and malicious case against Debtor filed by the Department of Justice in Austin, Texas with the intention to obtaining a profit from Debtor by fraudulent means.

The actions of the U.S. Trustee in using his office and the office of the Chapter 7 Trustee to obtain information from Debtor to be used in a separate and stayed action violates the mandate of the United States Congress and the due process of Debtor guaranteed by the U.S. Constitution, therefore, the interlocutory and minute orders granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727 should be set aside.

WHEREFORE, Anibal Mesala Silva, Debtor, moves for an order pursuant to Rule 60 of the Federal Rules of Civil Procedure to set aside the interlocutory and minute orders issued by the court on February 22, 2008 granting the motion of the U.S. Trustee to extend time to file a motion pursuant to 11 U.S.C. section 707(B)(3) and object to discharge pursuant to 11 U.S.C. Section 523 and 11 U.S.C. Section 727.

Respectfully Submitted,

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA 92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2 8 day of February, 2008, the above and foregoing DEBTOR'S NOTICE AND MOTION FOR RECONSIDERATION UNDER RULE 60 OF FRCP OF THE INTERLOCUTORY AND MINUTE ORDERS GRANTING THE MOTION OF THE U.S. TRUSTEE TO EXTEND   TIME TO FILE A MOTION PURSUANT TO 11 U.S.C. SECTION 707(B)(3) AND OBJECT TO DISCHARGE PURSUANT TO 11 U.S.C. SECTION 523 AND 11 U.S.C. SECTION 727 was served by U.S. First Class Mail on the persons listed below:

David Ortiz, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  2 / 28 / 08

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# EXHIBIT OJMO-10

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

FILED KD

2008 MAR 10  AM 10: 33

CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: 07-03740-JM7 |
| | ) | |
| Anibal Mesala Silva | ) | NOTICE OF APPEARANCE TO |
| | ) | INVALID SECTION 341 MEETING |
| Debtor | ) | OF CREDITORS OF 3/10/08 |

TO:    HAEJI HONG, JAMES KENNEDY, AND ALL INTERESTED PERSONS.

NOTICE OF HEREBY GIVEN that in order to avoid the improper dismissal of the Debtor's case as stated in the "Dismissal of Case" notice included in the Amended Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines as occurred in the previous bankruptcy case of Debtor, 07-00324, and to avoid the unnecessary litigation associated with the improper dismissal, Debtor will appear to the invalid Section 341 meeting of creditors set for March 10, 2008, at 12:00 noon, but, that in order to preserve his Constitutional rights, Debtor will not submit to examination until the following pending actions are adjudicated and concluded by the jury or judge:

1.       Debtor's Combined Amended Motion under Rule 2003(a) of FRBP and the 5th Amendment to the U.S. Constitution for an Order to Void the 341 Meeting of Creditors; and Motion to Stay Section 341 Meeting of Creditors Proceedings scheduled to be heard on March 27, 2008.

2.       Debtor's Motion for an Order pursuant to Rule 60 of FRCP to Set Aside the Amended Minute Order Denying the Motion for Sanctions for Violation of the Automatic Stay and the Motion for Protective Order scheduled to be heard on March 27, 2008.

3.       The Fifth Claim for Relief of the Adversary Complaint 07-90588, which asks the

court to enter as relief a declaration declaring that the actions of Haeji Hong, Gerald Davis and Joseph Gaeta to obtain information and documents in a 11 U.S.C. 341 meeting of creditors with the intention of using them against Plaintiff in an unrelated non-bankruptcy case is an illegal use of the office of the U.S. and chapter 7 Trustees and an action taken outside the scope of the provisions of Section 341 of Title 11, which violates the mandate of the United States Congress, and the Debtor's due process guarantees of the Fifth Amendment to the U.S. Constitution.

4.      The Sixth Claim for Relief of the Adversary Complaint 07-90588, which asks the court for an injunction prohibiting Defendants Haeji Hong, Gerald Davis, Joseph Gaeta, the U.S. Trustee, the Department of Justice, and any other individual or party, from using the 11 U.S.C. Section 341 meeting of creditors to obtain information and documents from Debtor with the intention of using them against Debtor in an unrelated non-bankruptcy legal action or proceeding.

5.      The Eighth Claim for Relief of the Adversary Complaint 07-90588, which asks the court for a judgment in favor of Debtor and against Gaeta, Hong, Davis, the United States Department of Justice and the Department of Housing and Urban Development determining that the Defendants acted outside the scope of the provisions of 11 U.S.C. Section 341 and illegally used the position of the U.S. Trustee and chapter 7 Trustee to obtain information and documents from Debtor with the intention of using them against Debtor in the case of the U.S. v. Anibal and Janet Silva thus causing the Debtor's chapter 7 bankruptcy case to be dismissed and the loss of property by the estate.

Dated: 3/4/03

Anibal Silva, Debtor pro se
P.O. Box 20732
El Cajon, CA  92021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing NOTICE OF APPEARANCE TO INVALID SECTION 341 MEETING OF CREDITORS OF 3/10/08 was delivered to the persons listed below as follows:

Faxed on 3/9/08 to
Fax # 619-557-5339 and
Personal Hand Delivery
on 3/10/08
Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Faxed on 3/9/08 to
Fax # 858-451-1009 and
Personal Hand Delivery at
Invalid 341 Meeting of 3/10/08
James Kennedy, Chapter 7 Trustee
402 W. Broadway, Suite 630
San Diego, CA 92101

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___3/9/08___

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the above and foregoing DEBTOR'S OBJECTION TO JUDGE MEYERS' MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO DISQUALIFY JUDGE MEYERS AND TO RECONSIDER ORDER TO SHOW CAUSE was served by First Class Mail on the persons listed below as follows:

NOTICE:        In order to reduce the cost of Debtor, the persons listed below were served without the Exhibits.  These persons are asked to obtain copies of the Exhibits from the Bankruptcy Court or from PACER.

Haeji Hong, Attorney for U.S. Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

James Kennedy, Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  5/27/08

Anibal Silva
P.O. Box 20732
El Cajon, CA 92021

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

June 13, 2008

Anibal Mesala Silva          Steven Katzman                 James Kennedy
P.O. Box 20732               Office of the U.S. Attorney    P.O. Box 28459
El Cajon, CA 92021           402 West Broadway              San Diego, CA 92198
                             Suite 600
                             San Diego, CA 92101-8511

RE:    Anibal Mesala Silva v. Steven J. Katzman et al
Bankruptcy Case Number:        07-03740-JM7
BAP Case Number:

You are hereby notified that the above entitled case was on 6/12/2008 transferred from the USBC,
San Diego to the U.S. District Court, Southern District of California.  The case will now contain the
case number of the Southern District, and  the initial of the assigned Judge.  The case has been
assigned to the Honorable Janis L. Sanmartino, and on all future filings please show the case number
as 08cv1048 JLS LSP.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: s/ Autumn Wooden
       Deputy Clerk

cc: Bankruptcy Court