# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL MESALA SILVA,<br><br>　　　　　　　　Movant Debtor,<br>vs.<br><br>STEVEN J. KATZMAN, U.S. Trustee, and<br>JAMES KENNEDY, Chapter 7 Trustee,<br><br>　　　　　　　　Respondents. | CASE NO. 08cv1048 JLS (LSP)<br><br>**ORDER: DENYING DEBTOR'S MOTION TO WITHDRAW REFERENCE** |

Presently before the Court is Anibal Silva's ("Debtor") motion to withdraw reference. [Doc. No. 1.] Respondents have not filed any opposition and have indicated to the Court that they do not intend to file one. For the following reasons, the Court **DENIES** the Debtor's motion to withdraw reference.

## DISCUSSION

The Debtor moves to withdraw the reference based upon the provisions of 28 U.S.C. § 157(d). That section provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The Debtor argues that this Court must withdraw the reference under the second sentence of Section 157(d), or alternatively, that it has shown cause allowing this Court to withdraw the

reference under the first sentence of Section 157(d).

### I. Mandatory Withdrawal

The Debtor argues that withdrawal is mandatory because his case requires consideration of Title 11 matter and involves "issues requiring a good interpretation of the due process clause of the 5th Amendment." [Motion at 4.] As set forth above, Section 157(d) requires the district court to withdraw the reference to the bankruptcy court of any matter which requires "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The Debtor must show: (1) that the adversary proceedings require "material consideration of non-bankruptcy federal law," and (2) that the non-bankruptcy federal law to be considered "regulat[es] organizations or activities affecting interstate commerce." Security Farms v. International Brotherhood, 124 F.3d 999, 1008 (9th Cir.1997); In Re Roman Catholic Bishop of San Diego, 2007 WL 2406899, *1-2 (S.D. Cal. August 20, 2007).

Congress intended the mandatory withdrawal provision to be construed narrowly so as not to create an "escape hatch" by which most bankruptcy matters could easily be removed to the district court. In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). "[S]ending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts.'" Id. (quoting In re Adelphi Institute, Inc., 112 B.R. 534, 536 (S.D.N.Y. 1990)); see also In re American Freight System, Inc., 150 B.R. 790, 793 (D. Kan. 1993) ("consideration of the non-Code law must entail more than its routine application to the facts"). As a result, the majority of courts require that "the issues in question require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; 'significant interpretation of the non-Code statute must be required.'" In re Vicars Ins. Agency, Inc., 96 F.3d at 953; see also Lifemark Hospitals v. Liljeberg Enterprises, Inc., 161 B.R. 21, 24 (E.D. La. 1993).

Here, the Debtor does not raise issues that require withdrawal of the reference under the second sentence of Section 157(d). The Court is not persuaded that resolution of the Debtor's Fifth Amendment claims will require "more than the mere application of well-settled or 'hornbook'

non-bankruptcy law." In re Vicars Ins. Agency, 96 F.3d at 953. Furthermore, the Court is not persuaded that his case involves an interpretation of federal laws "regulating organizations or activities affecting interstate commerce." See In Re Roman Catholic Bishop of San Diego, 2007 WL 2406899 at *2. Accordingly, the Court finds it is not required to withdraw reference under the second sentence of Section 157(d).

**II.    Discretionary Withdrawal of Reference**

In the alternative, the debtor argues that the Court should exercise its discretion to withdraw reference due to Judge Meyers' alleged bias. Specifically, debtor argues:

> The ex parte contacts and close personal and professional relationship of [J]udge Meyers with the defendants in the adversary case . . . ha[s] influenced [J]udge Meyers' ability to render fair, unbiased, and impartial decisions in Petitioner's chapter 7 case and there is no possible way and outside observer can know how much information or contact or for how long [J]udge Meyers has had with those defendants.

[Motion at 3.]

The Ninth Circuit has held that "[i]n determining whether cause [for permissive withdrawal] exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms, 124 F.3d at 1008. In this case, Debtor provides no legitimate basis for his allegations of bias. Moreover, the Court finds that judicial efficiency, avoidance of undue delay and costs, uniformity of bankruptcy administration, and the prevention of forum shopping all weigh in favor of leaving the adversary actions in the Bankruptcy Court at this time. Therefore, the Court finds it is not appropriate to withdraw reference under the first sentence of Section 157(d).

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Debtor's motion to withdraw reference. The Court **ORDERS** that the Chapter 7 case and the adversary proceedings remain before the Bankruptcy Court and **DIRECTS** the Clerk of the Court to close this action.[1]

IT IS SO ORDERED.

DATED: June 24, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] In conjunction with this motion, Debtor also filed a motion to proceed in forma pauperis, a motion to stay proceedings in this case pending the ruling of the Court on the motion to withdraw reference, and an objection to Judge Meyers decision denying Debtor's motion to disqualify Judge Meyers and to reconsider the order to show cause.

This case is now closed; therefore, the objection and the additional motions are **DENIED** as moot. See Official Comm. of Unsecured Creditors v. Bryan (In re Legacy Estate Group, LLC), 2007 U.S. Dist. LEXIS 84747, *14 (N.D. Cal. Oct. 26, 2007) (denying motion to withdraw reference, ordering clerk to close the case, and terminating all other pending motions); Stratton v. Vita Bella Group Homes, Inc., 2007 U.S. Dist. LEXIS 40562, *13 (E.D. Cal. May 24, 2007) (denying motion to withdraw reference and ordering clerk to close the case).